## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GOLO, LLC

    Plaintiff,

    v.

AMAZON.COM, INC., and
AMAZON.COM SERVICES LLC

    Defendants.

Civil Action No: _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff GOLO, LLC ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and, in support therefore, alleges as follows:

## INTRODUCTION

1. Amazon, the world's largest e-commerce platform, engages in systematic manipulation of the digital advertising ecosystem in order to maintain its dominant market position. One part of that broad scheme involves deceiving consumers into believing that products and brands not available for sale on Amazon can, in fact, be found on Amazon. Amazon's classic "bait-and-switch" approach uses objectively false digital advertising to drive unsuspecting consumers to Amazon's e-commerce site. Once consumers find themselves on Amazon's platform, instead of finding the products they were searching for, potential purchasers are presented with both competing brands and unauthorized infringements seeking to gain a free ride off goodwill and brand equity established by others.

2. Plaintiff has become one of the nation's most recognizable health and wellness brands and owns the "GOLO" trademark as well as other federally registered and common law trademarks. Plaintiff expends great sums in connection with the advertising and promotion of its

1

GOLO® brand, resulting in a substantial and growing consumer following, and Plaintiff's products and services are expressly not available through Amazon, but only through Plaintiff's own direct channels of trade.

3.      Nevertheless, and despite Amazon's actual and constructive knowledge of that fact, Amazon has promoted its own false advertising (such as "golo release | Amazon Official Site | Shop at Amazon Today" in response to a consumer's search for "golo release" on Bing) designed to exploit the GOLO Trademarks (defined below), to capture traffic intended for GOLO, and to drive that traffic to Amazon's e-commerce site (discussed herein as Amazon's "Deceptive Advertisements").  Similarly, once a consumer has been wrongfully directed by Amazon to its e-commerce site under false pretenses or otherwise searches in Amazon's search box for GOLO products, Amazon further directs such consumers to GOLO's competitors' products and infringing products sold on www.amazon.com (discussed herein as Amazon's "Deceptive Search Box Results"), shown below at paragraph 62.

4.      Indeed, despite Amazon's direct knowledge of the presence of various infringing products on its site, Amazon is producing, advertising, offering for sale, and selling products under various designations that are confusingly similar to Plaintiff's trademarks, such as "GOLO DIET," "GOLO COOKBOOK," "GOLO WEIGHT LOSS," and other GOLO-formative marks. A representative example of this kind of blatant infringement is shown below (discussed herein as Amazon's "Infringing Products"):

| GOLO Trademark Reg. No. 5,231,000 | Amazon's Copycat GOLO Product |
|---|---|
|  |  |

5.     Accordingly, GOLO brings this action seeking redress for Amazon's systematic violations of both Delaware and federal law.  Amazon cannot be permitted to use its market power to punish companies that choose not to sell on its platform, exploit Plaintiff and the GOLO Trademarks to falsely advertise products it does not sell, and deceive consumers about the source or origin of products sold on its site, resulting in harm to Plaintiff and consumers.

6.     Plaintiff seeks injunctive relief, compensatory damages, enhanced and trebled damages, attorneys' fees, and costs against Amazon for deceptive trade practices, trademark infringement, unfair competition, false advertising, and dilution.

## NATURE OF THE ACTION

7.     This is a civil action for violation of the Lanham Act (15 U.S.C. § 1051 et seq.), including for trademark infringement, contributory trademark infringement, unfair competition, and false advertising, violation of the Delaware Deceptive Trade Practices Act (6 Del. C. § 2532), and violation of the Delaware dilution statute (6 Del. C. § 3313). This action arises from, inter alia, Amazon's predatory misuse and misappropriation of Plaintiff's GOLO Trademarks (as defined in paragraphs 20-35 below), Amazon's false promotion and advertising of its e-commerce site and of products advertised, offered for sale and sold by Amazon thereon for GOLO's competitors, and Amazon's creation, production, promotion, advertising, and sale of products that directly infringe Plaintiff's trademark rights.

8.     Plaintiff is a leading health and wellness company that provides innovative and proprietary diet, health and wellness, and weight loss goods and services.  Plaintiff began selling proprietary GOLO-branded diet, weight loss, and wellness solutions at least as early as 2013 using its distinctive and federally registered trademarks. Plaintiff ceased selling GOLO products and services on Amazon by no later than June 2020 in order to maintain better control over its brand and sales.

9.     Notwithstanding Amazon's actual and constructive knowledge that Plaintiff does not sell any GOLO products through Amazon or on Amazon's e-commerce site, as set forth more fully herein, Amazon is systematically perpetrating classic bait-and-switch tactics to steal Plaintiff's potential customers and Internet traffic with its predatory use of the GOLO Trademarks on several levels, thereby causing harm to both Plaintiff and consumers, as follows:

(a) Amazon has advertised and is advertising its online retail services and e-commerce site by misusing and exploiting the GOLO Trademarks in search result links (such as "golo release | Amazon Official Site | Shop at Amazon Today" in response to a consumer's search for "golo release" on the search engine Bing ) to drive customers searching Internet platforms for GOLO products to Amazon's site under the false pretense that the customer can purchase GOLO products there (discussed herein as "Amazon Deceptive Advertisements").  On information and belief, Amazon has paid for search engines to direct traffic to its platform in response to searches related to GOLO.

(b) Amazon has misused and is misusing and exploiting the GOLO Trademarks to drive customers searching for GOLO products in the search box on Amazon's site (such as by searching for "golo") to products that Amazon sells that compete with Plaintiff's products (such as weight loss supplements and cookbooks) (discussed herein as Amazon "Deceptive Search Box Results," e.g., ¶62); and

(c) Amazon has adopted and is offering numerous products produced, advertised and sold by Amazon, under various designations that are confusingly similar to Plaintiff's trademarks, such as "GOLO DIET," "GOLO COOKBOOK," "GOLO WEIGHT LOSS," and other GOLO-formative marks or other prominent usage of "GOLO" as a source-

indicating function (Amazon's "Infringing Designations") including as shown in the representative example of the "Infringing Products" shown below:



**Copycat GOLO Products Produced and Sold by Amazon**

10.    Amazon has misused and is misusing the GOLO Trademarks and/or Infringing Designations in Amazon's Deceptive Advertisements, Deceptive Search Box Results, and Infringing Designations and Infringing Products to "bait" consumers into going to Amazon's website and/or to "switch" them to purchasing products on Amazon's website (which does not offer GOLO's products) rather than purchasing Plaintiff's products on Plaintiff's website. This conduct not only has damaged and is damaging Plaintiff and its business, has caused and is causing damage to the value of Plaintiff's trademark rights, and has caused and is causing consumer confusion in the marketplace, but also has harmed and is harming unsuspecting consumers who are looking to purchase Plaintiff's products, are diverted from such purchases by Amazon's deceptive, unfair, and predatory practices, and therefore miss an opportunity to potentially improve their health.

11.    Plaintiff seeks injunctive relief, compensatory damages, enhanced and trebled damages, attorneys' fees, and costs against Amazon for trademark infringement, unfair competition, false advertising, and dilution.

## THE PARTIES

12.     Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business at The Sabre Building, 4051 Ogletown Stanton Road, Third Floor, Newark, Delaware 19713.

13.     Upon information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Defendant Amazon.com, Inc. may be served with process by serving its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808, or as otherwise authorized under applicable law.

14.     Upon information and belief, Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Defendant Amazon.com Services LLC may be served with process by serving its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808, or as otherwise authorized under applicable law.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367 because this action arises under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125.

16.     This Court has personal jurisdiction over Defendant Amazon.com Inc. because Amazon.com Inc. is incorporated in Delaware and maintains, operates, or uses multiple distribution centers and warehouses in this District, including to distribute the Infringing Products, that constitute a continuous, systematic, and substantial presence within this District, and Defendant Amazon.com Inc. has otherwise availed itself of the rights and benefits of the laws of Delaware and is thus subject to personal jurisdiction in this District by virtue of its

contacts and residence here.  In addition, by committing the unlawful acts as alleged herein in this District, including, but not limited to, using an infringing mark in connection with the sale and offering for sale of goods and services to customers in this District, at least in part, through Amazon.com, which is accessible throughout the United States, including persons within Delaware, Defendant Amazon.com Inc.'s conduct forms a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims.

17.     This Court has personal jurisdiction over Defendant Amazon.com Services LLC because Defendant Amazon.com Services LLC is organized under Delaware law and maintains, operates, or uses multiple distribution centers and warehouses in this District, including to distribute the Infringing Products, that constitute a continuous, systematic, and substantial presence within this District, and Defendant Amazon.com Services LLC has otherwise availed itself of the rights and benefits of the laws of Delaware and is thus subject to personal jurisdiction in this District by virtue of its contacts and residence here.  In addition, by committing the unlawful acts as alleged herein in this District, including, but not limited to, using an infringing mark in connection with the sale and offering for sale of goods and services to customers in this District, at least in part, through Amazon.com, which is accessible throughout the United States, including persons within Delaware, Defendant Amazon.com Services LLC's conduct forms a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims.

18.     Upon information and belief, Defendants Amazon.com, Inc. and Amazon.com Services LLC are acting in concert to produce, advertise, and sell the Infringing Products as alleged herein, and are otherwise acting in concert to promote the Deceptive Advertisements and

the Deceptive Search Box Results in order to unfairly compete with and trade on the goodwill of Plaintiff, and are jointly and severally liable for the acts alleged herein.

19.    Venue as to Amazon is proper in this judicial district under 28 U.S.C. § 1391.

## FACTS

A.    **Plaintiff's Products and Services**

20.    Plaintiff is a leading provider of innovative diet, health and wellness, and weight loss products and services, which Plaintiff has developed, marketed, and sold for well over a decade.

21.    Plaintiff sells its products and services primarily and almost exclusively through the websites golo.com and mygolo.com, which are owned and operated by Plaintiff, directly to the consumer.  Plaintiff has not sold or offered to sell any products or services through Amazon on www.amazon.com or any Amazon platform since at least June 2020.

22.    One of Plaintiff's central service offerings is the "GOLO for Life Plan," a comprehensive and proprietary nutritional strategy that promotes safe weight loss and management by providing counseling and instruction to customers that focuses on eating through a "back to basics" whole-foods approach and assisting with balancing blood sugar levels and managing insulin.

23.    Plaintiff also developed, promotes, and sells various supplements, including: GOLO RELEASE®, a plant-based nutraceutical that is offered in conjunction with the GOLO for Life Plan to support weight loss and improvements in health markers; GOLO GO-DIGEST®, a nutraceutical that supports digestion, gut health, and overall health; and GOLO REST & GO®, a nutraceutical that supports the body's restorative processes that occur during its circadian rhythm (all pictured below):



24.     Plaintiff's customers may also gain access to Plaintiff's GOLO-branded website at myGOLO.com, an online platform that supports the GOLO for Life Plan by providing, inter alia, supplements, meal plans, recipes, and cooking and food preparation instructions, including as set forth below:



25.     Under its GOLO brand and through its websites, Plaintiff also sells prepackaged "complete GOLO balanced meals" and other food products that are specifically aligned with Plaintiff's GOLO for Life Plan.

26.     In addition, Plaintiff sells a GOLO-branded recipe book containing instructions for creating over eighty dishes, which is carefully tailored to support Plaintiff's GOLO For Life Plan, and also periodically uses the cookbook as a key promotional tool to generate additional overall revenue and enhance sales of its other products. Since at least 2020, Plaintiff has sold more than 100,000 of these GOLO-branded cookbooks, generating more than $2 million in direct revenue, in addition to supporting consumers' use of Plaintiff's GOLO For Life Plan and sales of the GOLO RELEASE supplement, among other products. An example of marketing

collateral promoting Plaintiff's sale of its GOLO-branded cookbooks is excerpted below from Plaintiff's website:



27.     Plaintiff's GOLO-branded meal plans, supplements, food products, nutritional strategies, coaching, cookbooks, recipes, and online tools, including as described herein at paragraphs 20-26, together form an integral system of products and services that comprises the core of Plaintiff's business.  Indeed, Plaintiff's GOLO-branded products and services occupy a key market position in the diet, weight loss, and health and wellness sectors and have created a

strong consumer association between Plaintiff, its GOLO brand, and Plaintiff's products and services.

28.     Plaintiff's products and services have attained extremely high customer satisfaction ratings, which goodwill is associated with and accrues to Plaintiff as the exclusive source of Plaintiff's products and services.

**B.     The GOLO Trademarks**

29.     As a leading provider of products and services in the diet, weight loss, and health and wellness market sectors, Plaintiff has established extensive trademark rights related to the GOLO mark and other trademarks.

30.     Plaintiff first used the GOLO mark at least as early as April 22, 2013, first used the GOLO mark in commerce at least as early as May 2, 2013 and has made substantially exclusive and continuous use of the GOLO mark in commerce throughout the United States since at least as early as May 2, 2013.

31.     In particular, Plaintiff is the owner of the entire right, title, and interest in and to the following United States Federal Trademark Registrations (collectively referred to as the "GOLO Registered Marks"):

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| 5,231,000 | GOLO ® | Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition | June 27, 2017 |

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| 4,436,947 | GOLO ® | Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition | November 19, 2013 |
| 6,569,622 | GOLO ® | Downloadable mobile application for Food nutrition consultation featuring information about health, wellness, nutrition, and nutritional information about food; Providing a website featuring information about health, wellness, nutrition, and nutritional information about food; Food nutrition consultation | November 23, 2021 |
| 5,207,875 | Release ® | Dietary and nutritional supplements | May 23, 2017 |
| 5,128,697 | myGOLO ® | Health care services for individuals, namely, weight loss program services, weight loss diet planning, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition | January 24, 2017 |

32.    Attached as Exhibit A are true and correct printouts of Registration Certificates obtained from the United States Patent and Trademark Office ("USPTO") website evidencing the ownership of the GOLO Registered Marks.  The GOLO Registered Marks are all valid, subsisting, unrevoked, uncancelled, and enforceable.

13

33.     Each of the GOLO Registered Marks have been continuously used since the date of first use and have never been abandoned, and three of the GOLO Registered Marks are now incontestable.

34.     In addition to the GOLO Registered Marks, Plaintiff has a broad portfolio of common law trademarks related to the GOLO mark, some examples of which are the subject of pending applications with the USPTO, as set forth in the two tables below (the "GOLO Common Law Marks"):

| Word Mark | Classes of Goods/Services | First Use in Commerce |
|---|---|---|
| GOLO™ | Cookbooks, recipe compilations, diet plans, meal plans, and nutritional strategies | At least as early as 2020 |
| myGOLO™ | Online retail store services featuring dietary and nutritional supplements; education services, namely, providing information about fitness and exercise; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision. | At least as early as 2013 |

| Application Serial Number | Trademark Image | Classes of Goods/Services | Filing Date |
|---|---|---|---|
| 97098990 | GOLO | Printed recipe cards; printed materials in the field of health and wellness, namely, pamphlets and manuals providing information on diet, nutrient, meal preparation, and wellness; plastic food storage bags for household use; silicone food storage bags for household use | October 29, 2021 |

| Application Serial Number | Trademark Image | Classes of Goods/Services | Filing Date |
|---|---|---|---|
| 90850117 | GOLO | Online retail store services featuring dietary and nutritional supplements; online retail store services featuring food; providing professional coaching services in the field of health, fitness, wellness management, diet, nutrition, and exercise; education services, namely, providing information about fitness and exercise; providing information in the fields of recipes and meal planning; providing information about health, wellness, nutrition, diet, weight loss, weight control and maintenance | July 27, 2021 |
| 98229619 | GOLO | Printed cookbooks; printed recipe books; providing a website featuring information in the field of recipes and cooking; providing information in the field of recipes and cooking; providing an online computer database to consumers featuring information about recipes, ingredients and cooking information | October 18, 2023 |

35.    Collectively, the GOLO Registered Marks and the GOLO Common Law Marks form the "GOLO Trademarks."

**C.    Plaintiff's Marketing and Brand Development**

36.    Since at least as early as 2013, Plaintiff has been marketing and selling its products and services under the GOLO Trademarks. Plaintiff prominently displays its GOLO Trademarks on its product packaging, its e-commerce website, its printed materials, and in any internet and television advertisements promoting or marketing Plaintiff's products and services.

15

37.     Plaintiff has invested substantial time, money, and other resources, in excess of tens of millions of dollars per year, in promoting its products and services using the GOLO Trademarks to individuals in all 50 states, including Delaware.

38.     As detailed above, the GOLO Trademarks are featured on Plaintiff's products, such as its GOLO for Life Plan, food products, supplements, cookbooks, and other publications. As a result of Plaintiff's advertising and marketing expenditures, Plaintiff has accrued over 4 million customers to date, and has shipped over 2 million packages of its products to customers in 2022 alone. Each of those packages included several uses of the GOLO Trademarks.

39.     Plaintiff also displays one or more of the GOLO Trademarks on nearly every page of its websites and supporting program materials, additional examples of which are detailed below:



40.     In 2022 alone, as a result of Plaintiff's advertising expenditures and promotion of the GOLO Marks, there were more than 28 million sessions of consumers visiting Plaintiff's websites at golo.com and mygolo.com to access information regarding Plaintiff's products and

services to improve health, lose weight, and buy Plaintiff's products. Plaintiff's websites inform potential customers that Plaintiff's system includes detailed information regarding meal plans and recipes, including as set forth below:

**Creating GOLO Meals**

Set yourself up for successful weight loss by learning how to prep basic foods that follow the GOLO For Life Plan. You can prepare as little or as much in advance with our easy instructions, and we include our one-bowl balanced meal Super Fuel recipe too!



Read through our latest recipes, meal plans and weight loss tips. Reorder supplements at discounted prices and discover new exclusive GOLO products.

41.     Plaintiff has also undertaken an expansive advertising and marketing campaign, which has increased every year since 2018, in order to increase its business revenues and to bolster consumer association between the GOLO Trademarks and Plaintiff's products and services.

42.     In 2022, Plaintiff spent tens of millions of dollars on television advertising that associated the GOLO Trademarks with Plaintiff's products and services in the minds of consumers and prospective consumers. These television commercials generated over 30 billion consumer impressions associated with the GOLO Trademarks. These and prior years' advertising

expenditures generated significant business revenues for Plaintiff as well as substantial brand association between the GOLO Trademarks and Plaintiff's product and service offerings.

43.     Plaintiff's return on its advertising investment and the efficacy of its customer acquisition strategy, all associated with the GOLO Trademarks and including as set forth above, is definite and well documented.

44.     Through Plaintiff's continuous use of the GOLO Trademarks in commerce since 2013 and as a result of Plaintiff's substantial marketing and promotional efforts, and the substantial sales of its products and services, Plaintiff has developed a strong brand and reputation among customers, and its GOLO Trademarks enjoy extensive goodwill and strong legal protection in the United States.

**D.     Amazon's Infringing Activities and Unlawful Conduct**

45.     Amazon, the world's largest e-commerce platform and the largest online retailer in the United States, engages in systematic manipulation of the digital advertising ecosystem in order to maintain its dominant market position.   Amazon sells a broad range of goods and services, including dietary supplements and cookbooks, through the website https://www.amazon.com/ and through dedicated Amazon apps.

46.     Notwithstanding Amazon's constructive and actual knowledge that Plaintiff does not sell any GOLO products through Amazon or on Amazon's e-commerce site, Amazon is systematically perpetrating classic bait-and-switch tactics with its predatory use of the GOLO Trademarks on several levels summarized here and addressed in detail below:

(1) **Deceptive Advertisements**: To divert prospective GOLO customers searching the Internet for GOLO products from Plaintiff's e-commerce site to Amazon's e-commerce site, Amazon falsely advertises its online retail services and e-commerce site

by using the GOLO Trademarks in paid and organic search result links, giving the consumer a false impression that he or she can purchase GOLO products on Amazon;

(2) **Deceptive Search Box Results**: Amazon further exploits the GOLO Trademarks to drive prospective GOLO customers searching, e.g., for "golo release," in Amazon's search box to products that Amazon sells that compete with Plaintiff's products, including weight loss supplements and cookbooks, and by suggesting related search terms using the GOLO Trademarks despite not selling GOLO brand products; and

(3) **Infringing Products**: Amazon has adopted and is producing, offering, and selling numerous products under various designations that are confusingly similar to Plaintiff's trademarks, such as "GOLO DIET," "GOLO COOKBOOK," "GOLO WEIGHT LOSS," and other GOLO-formative marks or other prominent usage of "GOLO" as a source-indicating function.

### 1.     Amazon's Misuse of the GOLO Trademarks in Deceptive Advertisements on Internet Search Engines

47.    Upon information and belief, Amazon is purchasing and placing deceptive advertising for its e-commerce site and services on various Internet search engines that prominently feature the GOLO Trademarks, without Plaintiff's authorization and consent. Upon information and belief, this conduct is willful and intentional, and is designed by Amazon to increase its own sales as a result of the popularity and goodwill (and search traffic) associated with the GOLO Trademarks, and to unfairly profit from Plaintiff's advertising expenditures related to same.

48.    Amazon is exploiting the GOLO Trademarks in paid and organic search result links on common and popular Internet search engines to falsely advertise goods that it purports to offer on its commerce website in order to direct consumer search traffic to Amazon's website.

Amazon's "bait-and-switch" conduct is misleading and deceptive to consumers because Amazon does not actually sell any GOLO- or RELEASE-branded products that Amazon promotes in these deceptive advertisements, and it harms both Plaintiff and consumers.

49.     At all times relevant to this complaint, Amazon was aware of the products listed and available for purchase on its retail portal and actually or constructively knew that authentic GOLO-brand products were not sold by Plaintiff through Amazon

50.     During 2023 and prior to the date of this Complaint, and upon information and belief continuing to present day, Amazon was and is unfairly and without authorization using the GOLO Trademarks in paid and organic false advertisements to promote its e-commerce website on the Microsoft Bing Search website,[1] including but not limited to as shown in the screenshot below, which claims or implies that "Golo Release" is available for sale at Amazon.com via the accompanying link[2], when it is not:



---

[1] *See* https://www.bing.com/search?q=golo+release&cvid=53b23a1f97104d578775f176d24acf50&aqs=edge..69i57j 69i64.3196j0j4&FORM=ANAB01&PC=U531&ntref=1 (last accessed Oct. 19, 2023).

[2] https://www.bing.com/aclk?ld=e8VAuza0ta3b5cBX92fewFfjVUCUwcXcexQsAbMjW-NQXRXFMFLxWeO6nrIapovDZx6xnedKh9hKZtoHzP4CJWYIRaaCx1QxVopRzbGcQEtJwQoGNxNeCll3HNYd h5kdfVHqEZf7dCPQTN6vGZHyVpkwa8vAVg18cXjQPqCI2eaU39Q8s_y8hAu8Tbv9mTrDrUseCoow&u=aHR0c HMlM2ElMmYlMmZ3d3cuYW1hem9uLmNvbSUyZnNhMlmmYlM2ZpZSUzZFVURjglMjZrZXl3b3JkcyUzZGdvb G8lMmJyZWxlYXNllJTI2aW5kZXglM2RhcHMlM2Y0YWclM2RtaDBiLTIwJTI2cmVmJTNkcGRfc2xfMjZkd2l5 ZDNteF9lJTI2YWRncnBBpZCUzZDEzMzgxMDYyMTcxODcwMTUlMjZodmFkaWQlM2Q4MzYzMTg3NzUyM Dk2OSUyNmh2bmV0dyUzZG8lMjZ2dnFmdCUzZGUlMjZodmJtdCUzZGJlJTI2aHZkZXYlM2RjJTI2aHZsb2Npb nQlM2QlMjZodmxvY3BoeSUzZDg0MDc0JTI2aHZ0YXJnaWQlM2Rrd2QtODM2MzE5ODgyMDA1MTklM2Fsb 2MtMTMkwJTI2aHlkYWRjciUzZDIxODQ4XzEzMzIxOTY2&rlid=c2d6a5e42b7412a268ddc0cb6f3d39d7     (last accessed Oct. 19, 2023)

51.     Upon information and belief, during 2023 and prior to the date of this Complaint, and continuing to present day, Amazon is unfairly and without authorization using the GOLO Trademarks in paid and organic false advertisements to promote its e-commerce website on the Google Search website,[3] including but not limited to as shown in the screenshot below, which claims or implies that "Golo Release" is available for sale at Amazon.com via the accompanying link[4], when it is not:





Amazon.com: **Golo Release**
Amazon.com: **golo release**.
30-day returns

52.     During 2023 and prior to the date of this Complaint, and upon information and belief continuing to present day, Amazon is unfairly and without authorization using the GOLO Trademarks in a paid and organic false advertisement to promote its e-commerce website on the DuckDuckGo Search website,[5] including but not limited to as shown in the screenshot below, which claims that consumers and prospective customers can "Save on Golo Release supplement" at Amazon.com via the accompanying link[6], when they cannot:

---

[3] *See* https://www.google.com/search?q=golo+release&sca_esv=566982129&sxsrf=AM9HkKlrv 8edX0G3STLxF-xBFr7fpCmmAw%3A1695234669166&ei=bToLZY3ECfer5NoPm6a-4Aw&ved=0ahUKEwjNrpCi6bmBAxX3FVkFHRuTD8wQ4dUDCBA&uact=5&oq=golo+release&gs_lp=Egxnd3 Mtd2l6LXNlcnAaAhgCIgxnb2xvIHHJlbGVhc2UyBxAjGIoFGCcyChAAGIAEGBQYhwIyCBAAGIAEGLEDMgg QABiABBixAzIIEAAYgAQYsQMyBRAAGIAEMgUQABiABDIFEAAYgAQyBRAAGIAEMgUQABiABEjWD VCnBVjNDHAAeAKQAQCYAZEBoAGdBaoBAzcuMbgBA8gBAPgBAcICBBAAGEfCAgQQQIxgnwgINEAAYg AQYFBiHAhixA8ICChAAGIoFGLEDGEPCAgcQABiKBRhDwgILEAAYgAQYsQMYyCAgoQABiKBRhDG IsDwgIIEAAYgAQYiwPiAwYQYACBBiAYBkAYI&sclient=gws-wiz-serp#ip=1 (last accessed Oct. 19, 2023).

[4] https://www.amazon.com/golo-release/s?k=golo+release (last accessed Oct. 19, 2023).

[5] *See* https://duckduckgo.com/?t=h_&q=golo+release&ia=web (last accessed Oct. 19, 2023).

[6]
https://duckduckgo.com/y.js?ad_domain=amazon.com&ad_provider=bingv7aa&ad_type=txad&eddgt=glOv5velgN



53.     Upon information and belief, during 2023 prior to the date of this Complaint and continuing to present day, Amazon is unfairly and without authorization using the GOLO Trademarks in paid and organic false advertisements to promote its e-commerce website on the Yahoo Search website,[7] including but not limited to as shown in the screenshot below, which

---

AU_LYImtjWmQ%3D%3D&rut=9b08f68bc02afdf48e3ebefd59953b9168e61c4e3a7aec5c38c043d05de97ffe&u3=
https%3A%2F%2Fwww.bing.com%2Faclick%3Fld%3De8rgzhcu_DX8_br6wiOiIdijVUCUxuVmMjTVpmtgmkuN
E1aECb9sWJxSMZNzAVnsjVLF_jY_HOAb2pTsBqHEupY64IGyl8fWCiK%2DysZRpO6HV3W12MinpE667Def
Wy81pJSWmglehj8TOyMq3dgwYzqZbgocxTa8a0M9sW9mDxCrvgut7S3zepMCjkoqh1TIhx03d_cnNwpYa5Lldaj
_3HxHJt6JM5HxGtDBDmnvDmuKnXf9Tf5pOr1N6i73xpCiEWP1fhQsNFCB1E_UhGx0%2DCsWFfRsSxh_qcIcv
cjgvo4I4lCnqr8rS3cKT_jaKr0HaqLAUktxNLAJ1lC8KwoJ08TFQG16FhYYWH6ZJIc2XkRuU_eoPSqhOiA239_L
xh3Ug48wGce%2DWTzQMX5o8LJpAUVeMPC2il2FpBqBgN6qIJnr2842Zjo3_LlOigEPwGxy9kTw3R00FJ%2Dj
gJHa8iG2ZH7wDnNjQBGOSpocRa3ruk_uDMVBC6rEyHIFWmI8xnjgNRvdkoParL5%2DoVcwuzcjDBFyFQCyJ
48sPvMNKGHJRKVcZzX2ADVcg3tMUFoZcs2dMnuEWaVMVv%2DZlkz83xnVH7crbWHEGkyvmYPU6u8wp9
nhnPbCIYNs9p5gcO%2DKmbMmwXxSlg9dvhYgI00xJMqf%2DSBDKK6jDwmXM0cgsjWbgWDX1iklD4I4Wej
JcQg%2DhX1fpS5ui8WR4BbLAEyws4dGVpToN314K3d0xvBecVCoI52BUUtIjhnrIt4ULfP2RtsxOnb334jQ%26u
%3DaHR0cHMlM2ElMmYlMmZ3d3cuYW1hem9uLmNvbSUyZnMlMmYlM2ZpZSUzZFVURjglMjZrZXl3b3Jk
cyUzZGdvbG8lMmJyZWxlYXNlJTJic3VwcGxlbWVudCUyNmluZGV4JTNkYXBzJTI2dGFnJTNkdHh0c3RkYm
dkdC0yMCUyNnJlZiUzZHBkX3NsZxdtenBxeWpkeWpfZSUyNmFkZ3JwaWQlM2QxMjMwMzUzODIyMDg0M
jc3JTI2aHZhZGlkJTNkNzY4OTcyODA1OTE0MDElMjZodm5ldHclM2RzJTI2aHZxbXQlM2RlJTI2aHZibXQlM
2RiZSUyNmh2ZGV2JTNkYyUyNmh2bG9jaW50JTNkJTI2aHZsb2NwaHklM2Q3NjkzMSUyNmh2dGFyZ2lkJTN
ka3dkLTc2ODk3MzQ2NzAyNTMyJTNhbG9jLTE5MCUyNmh5ZGFkY3IlM2QxMDczM18xMzU4OTI1OSUyN
mxhbmd1YWdlJTNkZW5fVVM%26rlid%3D83608c92edb61dde0e1ce9bdae2237e3&vqd=4-
25503117512685533120795073586987156608&iurl=%7B1%7DIG%3D627B322E2D7F4E288C89706C46C3170
D%26CID%3D0F8FB098D1C96E730D0BA336D00E6F02%26ID%3DDevEx%2C5067.1 (last accessed Oct. 19,
2023).

---

[7] See https://search.yahoo.com/search?p=golo+release&fr=yfp-t&fr2=p%3Afp%2Cm%3Asb&ei=UTF-8&fp=1 (last accessed Oct. 19, 2023).

claims that consumers and prospective customers can "Get Deals and Low Prices on Golo Release on Amazon" via the accompanying link[8], when they cannot:



www.amazon.com

## golo release - Amazon® Official Site

We Have Health & Personal Care Items From Hundreds Of Popular Brands In Stock For You. Get Deals and Low Prices On **golo release** On Amazon

54.     By way of illustration and not by way of limitation, information and advertising disclosures embedded in the Microsoft Bing Search website reveals that these advertisements are placed by and paid for by Amazon and their subsidiary entities or business lines, including at least "Amazon.com Services Inc." and "US Amazon Services – Desktop O&O," as shown in the following image under the description "Advertiser Details":

---

[8]

https://r.search.yahoo.com/cbclk2/dWU9MEZBMTFCMTAwRTkxNDgwMSZ1dD0xNjk3NTk2Mzk3MTIyJnVvP
TgzNjMxODc3NTIwOTY5Jmx0PTImcz0xJmVzPXhuWm12TmtHUFM5MFJmZ2pWd3dhVlh1OUpZUExma3VG
Vk03TmJianZZaGp2WEkuVA--
/RV=2/RE=1697625197/RO=10/RU=https%3a%2f%2fwww.bing.com%2faclick%3fld%3de8GCVCWwpRBwLzt
R_pgD675TVUCUxK7llZwBmqN0TkHaWEI8RuBNrSPiQ2_4oPIs49I22Tgj36z7_dBIrMgA4bkaCAhc52x3Q0ura
kVOkOZyRC2vBU25SxK11dBKViTBZydpCG1Ih4yND_J7RA-
IUsXScSkcx0fgK1ytwLnLDInWR4su0Mv4yOgAVguO19DvfPjGTyIA%26u%3daHR0cHMlM2ElMmYlMmZ3d3
cuYW1hem9uLmNvbSUyZnMlMmYlM2ZpZSUzZFVURjglMjZrZXl3b3JkcyUzZGdvbG8lMmJyZWxlYXNlJTI2
aW5kZXglM2RhcHMlMjZ0YWclM2RtaDMxJTI2cmVmJTNkcGRfc2xfMjZkd2l5ZDNteF9lJ1JTI2YWRncnBp
ZCUzZDEzMzgxMDYyMTcxODcwMTUlMjZodmFkaWQlM2Q4MzY2MTg3NzUyMDk2OSUyNmh2bmV0d3yU
zZG8lMjZodnFtdCUzZGUlMjZodmJtdCUzZGJlJTI2aHZkZXYlM2RjJTI2aHZsb2NpbnQlM2QlMjZodmxvY3Boe
SUzZDU2MzA3JTI2aHZ0YXJnaWQlM2Rrd2QtOtODM2MzE5ODgyMDA1MTklM2Fsb2MtMtMTkwJTI2aHlkYWRj
ciUzZDIxODQ4XzEzMzIxOTY2%26rlid%3d8275baf057fb1cf2170ddfdf1416a07c/RK=2/RS=PgFSYhYpFn1rxXT
LfN4j6DIuztI-
;_ylt=AwrijRXtQy9l3ikAYCdXNyoA;_ylu=Y29sbwNiZjEEcG9zAzE4BHZ0aWQDBHNlYwNvdi10b3A-
;_ylc=X3IDMgRydAMw



55.     In connection with the foregoing unfair Deceptive Advertisements, including as described in paragraphs 47 to 54 herein, upon information and belief, Amazon is also purchasing advertising key words containing the GOLO Trademarks from Microsoft, Google, Yahoo, DuckDuckGo, and others in order to promote the search rank and result listing of the Amazon Deceptive Advertisements.

56.     In the Deceptive Advertisements, Amazon is misleading and deceiving consumers and Plaintiff's prospective customers by either claiming or implying that authentic GOLO-branded products, including Plaintiff's RELEASE®-branded supplement product, are available for sale at Amazon's website, when that is not true.

57.     Upon information and belief, Amazon is intentionally and willfully using the GOLO Trademarks in connection with the Amazon Deceptive Advertisements as a bait-and-switch, where Amazon predatorily diverts consumers and prospective customers of Plaintiff to Amazon's website for the purchase of products, including competing nutritional supplements,

cookbooks, and other products sold on Amazon by GOLO's competitors and Amazon, for which Amazon receives a percentage of sales. As a result, both consumers and GOLO are harmed.

> 2. **Amazon's Misuse of the GOLO Trademarks Used as Search Terms to Display Deceptive Search Box Results that Promote Products that Compete with Plaintiff's Products**

58.     In addition to promoting false and misleading advertisements that provide a link to an Amazon platform on third-party search engines in connection with the Amazon Deceptive Advertisements, which prominently feature unauthorized use of the GOLO Trademarks, Amazon is further misusing the GOLO Trademarks on its own website to unfairly compete with Plaintiff.

59.     Upon information and belief, Amazon is misusing and exploiting the GOLO Trademarks as search terms on its own website in a way that unfairly and predatorily misleads and deceives consumers and causes consumer confusion that is damaging to Plaintiff and consumers.

60.     For example, many consumers shop on Amazon.com using Amazon's search box. A customer inputs text into the search box to obtain a results page containing a number of product listings, each with an image, title, price, shipping charge (if any), an average customer rating on a scale from one to five stars, and the number of customer reviews ("Search Box Results").

61.     Certain product listings have additional identifiers, such as: (a) "Sponsored"; (b) "Best Seller"; (c) "Amazon's Choice"; or (d) a bright colored box indicating a sale price. The first identifier, "Sponsored," refers to Sponsored Ads, which means that such product listings are paid display ads as opposed to organic search results.  The other three identifiers serve as inducements and attention-getters for shoppers' special consideration and immediate action.

62.     Amazon's Search Box, which leads consumers to associated Search Box Results, is a principal source of Amazon's online consumer and business sales. A screenshot of a query for "golo" in Amazon's Search Box on October 19, 2023, gave numerous results ("Deceptive Search Box Results"):



63.     Similarly, on or about October 18, 2023, a query for "Golo" in the Amazon Search Box, under all departments, provided numerous results ("Deceptive Search Box Results"). Ex. B.

64.     Notably, many of the Deceptive Search Box Results do not explicilty bear the GOLO Trademarks, indicating that Amazon has associated these products with the GOLO Trademarks in a fashion that consumers cannot observe, thereby rendering that connection unclear and confusing for consumers. Many of these products directly compete with Plaintiff, including various dietary supplements, including as set forth below:

## Results

Check each product page for other buying options.



Sponsored ⓘ

**Goli Apple Cider Vinegar Gummy Vitamins - 60 Count - Vitamin B12, Gelatin-Free, Gluten-Free,...**

Gummy   60 Count (Pack of 1)

★★★★½ ~ 358,082

50K+ bought in past month

$14⁹⁸ ($0.25/Count)

$13.48 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

Or FREE delivery **Overnight 4 AM - 8 AM** on $25 of qualifying items

[Add to Cart]



Sponsored ⓘ

**LES Labs Insulin Health – Metabolic Health, Glucose Support, Lipid & Carbohydrate...**

Capsule   60 Count (Pack of 1)

★★★★½ ~ 3,253

1K+ bought in past month

$32⁹⁹ ($0.55/Count) List: $49.99

$29.69 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

🏢 Small Business ⌄

[Add to Cart]



Sponsored ⓘ

**Golo Diet for Beginners Revolution Cookbook: Ultimate 28-Day Plan for Fast Weight Loss, Comprehensive Weekly Shoppin...**

by Felicia Feast

★★★★★ ~ 115

Paperback

$14⁹⁹

You Earn: 15 pts

✓prime

FREE delivery **Mon, Oct 23**

[Add to Cart]



Sponsored ⓘ

**GOLO Weight Loss Diet Cookbook for Women: A Healthy Collection of 99+1 Low-calories Recipes to Reduce Insulin...**

by Sara Trever

★★★★½ ~ 12

Paperback

$13⁹⁹

You Earn: 14 pts

✓prime Two-Day

FREE delivery **Fri, Oct 20**

[Add to Cart]



**Goli Apple Cider Vinegar Gummy Vitamins - 60 Count - Vitamin B12, Gelatin-Free, Gluten-Free,...**

Gummy   60 Count (Pack of 1)

★★★★½ ~ 358,082

50K+ bought in past month

$14⁹⁸ ($0.25/Count)

$13.48 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

Or FREE delivery **Overnight 4 AM - 8 AM** on $25 of qualifying items

[Add to Cart]

---

Overall Pick ⓘ



**Goli SuperGreen Vitamin Gummy - 180 Count - Essential Vitamins and Minerals - Plant-Based,...**

60 Count (Pack of 3)

★★★★½ ~ 8,843

100+ bought in past month

$44⁹⁸ ($0.25/Count)

$40.48 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**



**Zobmondo!! GOLO Golf Dice Game | for Golfers, Families, and Kids | Portable Fun Game for Home, Travel, Camping, Vacatio...**

★★★★½ ~ 670

100+ bought in past month

$14⁹⁹ List: $29.99

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

🏢 Small Business ⌄

More Buying Choices

$6.00 (22 used & new offers)

Ages: 6 years and up



**Bulletproof Apple Cider Vinegar Max Sugar-Free Gummies, 60 Count, Keto Supplement for...**

Gummy   60 Count (Pack of 1)

★★★★☆ ~ 628

1K+ bought in past month

$24⁹⁵ ($0.42/Count)

$22.46 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

[Add to Cart]



**Bragg Apple Cider Vinegar Capsules - Vitamin D3 & Zinc - 750mg of Acetic Acid – Immune ...**

Capsule   90 Count (Pack of 1)

★★★★½ ~ 14,160

10K+ bought in past month

$16⁹⁹ ($0.19/Count) List: $19.99

$15.29 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

Or FREE delivery **Overnight 4 AM - 8 AM** on $25 of qualifying items

[Add to Cart]



**Lipozene MEGA Bottle - 120 Capsules, Making it Our Largest Size Available - Appetite...**

Capsule   120 Count (Pack of 1)

★★★☆☆ ~ 12,747

1K+ bought in past month

$32⁹⁵ ($0.27/Count) List: $39.95

$31.30 with Subscribe & Save discount

✓prime One-Day

FREE delivery **Tomorrow, Oct 19**

Options: 7 sizes

🏢 Small Business ⌄

[Add to Cart]



65.    Other Search Box Results display the term "Golo" and are Infringing Products (discussed below), some of which bear a "Sponsored" designation, demonstrating that Amazon had actual knowledge of these Deceptive Search Box Results and has elected to actively encourage consumers to purchase these products.



66.     Some Search Box Results display the term "Golo" but involve non-competing

products, e.g.:



Ex. B at 1, 3, 17.

67.     The return of some Search Box Results that are unrelated to Plaintiff's products

but that explicilty use the term "Golo" alongside the results involving directly competing

products that do not use the term "Golo" demonstrates that Amazon has taken active steps to divert customers looking for Plaintiff's products to different products sold by Amazon.

68.     Further, at the bottom of the Search Box Results, Amazon lists "Related Searches" that a consumer may be interested in based on their initial search.  The "Related Searches" from the Deceptive Search Box Results, which are suggested by Amazon, all relate to Plaintiff's goods and services and prominently use the GOLO Trademarks, despite Amazon's actual and constructive knowledge that Plaintiff does not sell such products on Amazon:

**Related searches**

| | | |
|---|---|---|
| golo release diet pills | golo release | golo diet pills |
| golo weight loss 30 day supply | golo diet | go lo |

Ex. B at 5.

69.     Amazon is unfairly competing with Plaintiff and deceiving customers through Amazon's misuse of the GOLO Trademarks in connection with Amazon's Deceptive Search Box Results by advertising and promoting competitor products and the Infringing Products in response to a search for the term "Golo."

70.     Amazon's Deceptive Search Box Results for "Golo" are confusing, misleading, false, and deceptive.

71.     Upon information and belief, Amazon profits from sales of such listed products to deceived consumers, as are contained in the Deceptive Search Box Results, while consumers and Plaintiff are harmed, including but not limited to the loss of profits Plaintiff otherwise could have made.

### 3. Amazon's Infringement of the GOLO Trademarks

72.    Upon information and belief, Amazon operates the Amazon Brand Registry, a system operated by Amazon that purports to help companies "protect [their] intellectual property … regardless of whether [they] sell in [Amazon's] store – for free." https://brandservices.amazon.com/brandregistry.

73.    For a number of years, Plaintiff participated in the Amazon Brand Registry because Amazon required that Plaintiff use such Registry to report trademark violations. During that time, in order to protect the valuable GOLO Trademarks, Plaintiff submitted complaints and "takedown" requests with respect to products listed on Amazon that infringed the GOLO Trademarks. In response, Amazon took action to remove such infringing product listings on the basis of Plaintiff's proprietary rights in and to the GOLO Trademarks.

74.    By way of example only, and on the basis of Amazon's knowledge of Plaintiff's rights in and ownership of the GOLO Trademarks, from January 1, 2023 to March 29, 2023, approximately 30 listings for cookbooks were removed from Amazon as a result of complaints and "takedown" requests submitted by Plaintiff.

75.    On approximately March 29, 2023, Plaintiff received a notice on Amazon's Brand Registry portal revoking Plaintiff's access to report trademark violations. Thereafter, on approximately March 31, 2023, Plaintiff submitted a complaint to Amazon regarding a new listing believed to infringe the GOLO Trademarks. Amazon refused to take action on the basis of Plaintiff's complaint, and suspended Plaintiff's ability to submit trademark complaints on the Amazon Brand Registry. Plaintiff submitted an appeal request to Amazon regarding Plaintiff's Brand Registry account, but Amazon confirmed that Plaintiff's appeal was "declined" and the decision revoking Plaintiff's use of the Amazon Brand Registry for trademark violations was final.

76.     Thereafter, Amazon continued to produce, advertise, and sell a large number of cookbooks and collections of recipes bearing the GOLO Trademarks, including as depicted below (collectively, the "Infringing Products"):





77.     On information and belief, Amazon first began producing, marketing, advertising, and selling as least some of the Infringing Products in mid-March 2023.

78.     Between June and August 2023, and after Plaintiff's ability to resolve infringement matters through the Amazon Brand Registry was revoked, Plaintiff noted that the

breadth and selection of Amazon's Infringing Products appeared to be increasing steadily, with new listings added frequently.

79.     Attached as Exhibit C is a table listing the various Infringing Products, as of September 27, 2023, together with Amazon's unique ASIN, the price, the availability through Kindle Unlimited, and the author. Upon information and belief, all of the Infringing Products are produced, promoted, and sold "by Amazon.com."

80.     Based on Amazon's correspondence suspending recognition of Plaintiff's GOLO Trademarks in the Amazon Brand Registry, Amazon refuses to consider any trademark-related product complaints by Plaintiff arising from Plaintiff's rights in the GOLO Trademarks, and Amazon refuses to remove any Infringing Products from its product listing.

### a.     Consumer Confusion and Negative Customer Associations Arising From Amazon's Trademark Infringement

81.     In the relatively short amount of time that Amazon has been selling the Infringing Products, consumers have expressed negative views about the Infringing Products and, based on Amazon's infringing use of GOLO's Trademarks, falsely believe they are authentic or sponsored GOLO products containing recipes that comply with Plaintiff's plan, when they are not. Moreover, because most people do not submit reviews or complaints, these reviews likely are just the tip of the iceberg of actual instances of confusion and/or dissatisfaction.

82.     The following tables illustrate example reviews associated with a large number of the Infringing Products demonstrating that consumers were confused and purchased a cookbook believing it was sponsored by or originated from Plaintiff and/or at least promoted Plaintiff's plan and were dissatisfied with, for example, the cookbook's general content, diet plan, recipes, and/or quality. While a few purchasers eventually realized, subsequent to their purchase of the Infringing Products, that the cookbook was not sponsored by or associated with Plaintiff and/or

did not comply with Plaintiff's authentic GOLO plan and they were "scammed," other

purchasers remain confused and were left with a negative impression of Plaintiff and/or its plan:

> i.  **Amazon's Copycat Product Titled: "GOLO DIET BOOK FOR SENIORS: Comprehensive weight loss and health improvement plan featuring delicious Golo diet recipes for seniors"** (ASIN: B0C1HVP9L5):

| Reviewer (stars) | Comment |
|---|---|
| BJ Star (1/5) | Don't buy it. Repeats the same thing in almost every chapter. You'd be better off buying pretty much any other GOLO book and get the same information and recipes. |
| Amazon Customer (1/5) | There is not a single "recipe" in this pamphlet. Clearly states there are recipes. Don't waste your money. |

Exhibit D hereto sets out the product information page and review listing for this Infringing

Product available for sale and being sold on Amazon's retail platform.

> ii.  **Amazon's Copycat Product Titled: "Golo Diet Cookbook 2023: Transform Your Health with Every Bite, Help You Control and Lose Weight, Authentic & Flavorful Recipes with Full Color Image" (ASIN B0C1J1PC48)**:

| Reviewer (stars) | Comment |
|---|---|
| Rachel Brown (2/5) | Not at all what I expected. It's basically printed pinterest recipes on basic printer paper with a glossy cover. Also just glancing through it I found a printing error. There's a recipe for breakfast burrito but it's actually a copy and pasted duplicate recipe of the frittata from the page before. I'm probably going to send this back. Not worth $15. |
| Christiano Rhymaun (1/5) | This was nothing more than screenshots from the GOLO website and was not organized. Recipes that were in the Table of Contents were missing.<br>I got a refund and Amazon did not ask for the book to be returned. |
| Melissa W (1/5) | Was very disappointed the quality wasn't impressive at all along with the content . Poor quality and I think Pinterest has more accurate recipes . Will be sending back for sure |
| Amazon Customer (1/5) | This is not a real Golo recipe meal book. The only place to buy a Golo recipe meal plan is from Golo's site. This bookbis cheaply made. |
| Laura V (1/5) | This is not authorized or produced by GOLO! Don't be scammed! |

Exhibit E hereto sets out the product information page and review listing for this Infringing

Product available for sale and being sold on Amazon's retail platform.

iii.   **Amazon's Copycat Product Titled: "Delicious Golo Kitchen Cookbook: Discover Golo's Flavorful and Healthy Cuisine with Simple Recipes" (ASIN: B0C1JD9CXK)**

| Reviewer (stars) | Comment |
|---|---|
| Ky (3/5) | There are not a lot of recipes in the book. Many pages are descriptions of foods without amounts. I did not find it very helpful. |

Exhibit F hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

iv.   **Amazon's Copycat Product Titled: "GOLO DIET: Complete Step By Step Guide On How To Use Golo Diet To Lose Weight" (ASIN: B0C2S5MG9P)**

| Reviewer (stars) | Comment |
|---|---|
| Barbara Kelley (3/5) | I read this book because I saw television commercials about the GOLO Diet. However, it is not a diet for me because I gain weight rather rapidly when eating potatoes and rice of any kind, even wild rice. Some people are allergic to high carb foods. This diet should only be done by individuals who can actually lose weight eating high carb foods. I gave this book 3 stars because it had a lot of grammatically words. For example, not once did the author pluralize verbs: what should have read as "It's a good diet for a healthy lifestyle" read as "It a good diet for healthy lifestyle." This is just a random example, and not the actual words of the author. I read the book with Kindle Unlimited. Therefore, I can return the book and read a different book. No harm, no foul. Only go on this diet if you do not have a problem with carbs. I was kind of surprised that this diet included these carbs, because it was all about getting diabetes and pre diabetes under control, and you can't do that if you eat high sugary carbs. Also, you have to buy some supplement pill that costs a lot of money every month. So, if you have a lot of spare money to spend on pills, then this might be the diet for you. |

Exhibit G hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

> **v.     Amazon's Copycat Product Titled: "The Ultimate Golo Diet Cookbook: Your Comprehensive Guide To Embracing A Healthier Lifestyle Through The Golo Diet" (ASIN: B0C2SBZWVV)**

| Reviewer (stars) | Comment |
|---|---|
| Cel (3/5) | I was so disappointed in this. I had bought the diet and the Release capsules, but trying to find the right things to eat was not part of it. So I ordered the recipe book, and when I began reading the recipes, the spelling is not correct nor is the use of language. Very disappointing. |
| Teri J Johnson (3/5) | Yes I agree with Donna. The pictures are beautiful but aren't accurate with the recipes. Of course we can adjust but if you do a scrambled eggs with salmon and avacado and the picture shows this on a bagel and smoked salmon on top which the recipe doesn't include well that's confusing or deceptive. Please Samantha respond |
| Donna Galland (3/5) | Recipes are very simple, nothing new here. Also, most of the photos do not reflect the recipes...you can either see extra ingredients that are not in the recipe, or not see recipe items in the photo. Lame. |

Exhibit H hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

> **vi.    Amazon's Copycat Product Titled: "GOLO DIET COOKBOOK 2023-2024: Energize Your Body with 200+ Nourishing Golo Diet Recipes for Sustainable Weight Loss, Improved Insulin Sensitivity, and Overall Wellness" (ASIN: B0C2SCMRGT)**

| Reviewer (stars) | Comment |
|---|---|
| S.R. (Rochester, NY) (3/5) | The info is good but… gosh, how many times do you need to repeat the EXACT SAME info & verbiage? This book seriously could have been 1/3-1/2 smaller. There are not 200 different recipes and there is no nutritional info for recipes that the book states is included. Very confusing verbiage regarding GOLO RELEASE Supplement being called GOLO Rescue Supplement in some sections.<br>Someone needs a new editor. |
| Cy (1/5) | The book recommends snacks. The GOLO diet does not. That's when I returned it for a full refund. |

Exhibit I hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

**vii.** **Amazon's Copycat Product Titled: "GOLO Weight Loss Diet Cookbook for Women: A Healthy Collection of 99+1 Low-calories Recipes to Reduce Insulin Resistance, Stubborn Belly Fat, and Stay in Shape." (ASIN: B0C2ST1BHN)**

| Reviewer (stars) | Comment |
|---|---|
| Thomas Zolen (1/5) | Considering this is supposed to be a professional recipe book, there are a number of issues with the recipes. For example, ingredients copied over to the step-by-step portions. Numerous typos, some pages were all the information is just duplicates. Probably one of the worst recipe books I've purchased. |
| Robin S (1/5) | This book is too difficult to read since the format is bad. Print is too small and unclear. I will be deleting it. |
| Kindle Customer (1/5) | Hard to read. Very small print. If this is the GOLO plan, not wasting money on it. Already deleted this "book" from my Kindle Library. |

Exhibit J hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

**viii.** **Amazon's Copycat Product Titled: "Plant-Based Golo Diet Cookbook: Delicious and Nutrient-Dense Plant-Based Recipes for Optimal Health and Weight Management on the Golo Diet" (ASIN: B0C47NSSGR)**

| Reviewer (stars) | Comment |
|---|---|
| J. W. (2/5) | I seldom leave negative reviews but I was really disappointed when I received this cookbook in the mail. It is more of a cliff notes pamphlet than a book topping out at 137 large print pages. The entire book is black and white print with no photos. The general information is not very detailed (see photos). There are five or less recipes under each section (breakfast, appetizers, dinner, desserts) none of which are uncommon. The description in the listing sounds much more interesting than what you actually receive. |

Exhibit K hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

ix.   **Amazon's Copycat Product Titled: "The Complete Golo Diet Cookbook for Beginners: Unlock Your Weight Loss Potential and Discover a Delicious Journey to a Healthier You (With Nutritional Information)" (ASIN: B0C5P5L9MG)**

| Reviewer (stars) | Comment |
|---|---|
| KLT (1/5) | This cookbook has some very nice looking recipes. The problem is there is nothing saying how many servings per recipe or what they equal on the GOLO diet. Thus they are worthless for me to use on the GOLO program. |

Exhibit L hereto sets out the product information page and review listing for this Infringing Product available for sale and being sold on Amazon's retail platform.

83.   As a result of Amazon's creation, advertisement, and/or sale of the Infringing Products and Amazon's unfair competition with Plaintiff, consumers and Plaintiff's prospective customers were confused and purchased cookbooks from Amazon falsely believing them to be authentic GOLO-branded products; or sponsored, authorized, or associated with Plaintiff; or promoting products compatible with the GOLO diet plan and/or related recipes, when this was not the case.

84.   As a result of Amazon's sales of the Infringing Products, consumers are harmed. For example, overweight and obese consumers who unwittingly follow recipes believing them to be authorized by Plaintiff or to comport with the GOLO for Life plan may not lose any weight, may blame themselves and/or Plaintiff, resulting in a missed opportunity to potentially improve their health.

   b.   **Amazon's False Advertising of the Infringing Products and Resulting Consumer Deception**

85.   Amazon also trades off the investment Plaintiff has made in its brand and products by making false and misleading statements about the nature, characteristics, and/or qualities of its products in a manner that deceives, or at least has a tendency to deceive, a

substantial portion of the intended audience (namely, consumers interested in wellness, dieting, nutrition, and weight loss).  Indeed, through the above noted titles of the example Infringing Products profiled in paragraph 82 above, Amazon falsely claims that the Infringing Products provide, by way of example only, a way to "Energize Your Body with 200+ Nourishing Golo Diet Recipes for Sustainable Weight Loss, Improved Insulin Sensitivity, and Overall Wellness," which are all benefits that Plaintiff's actual cookbooks and products promote, but there are not 200+ recipes and it does not comport with GOLO's plan.

86.     On information and belief, Amazon's Infringing Products do not promote Plaintiff's diet plan or a diet that comports with Plaintiff's plan.  Amazon's claims regarding the recipes and diet plans contained in its Infringing Products are literally false or have at least the tendency to deceive a substantial portion of the intended audience, because not all of those recipes and diet plans possess the attributes of Plaintiff's actual recipes and diet plans.

87.     Amazon's false and/or misleading claims, relating to the very diet plan for which Amazon's Infringing Products are marketed and sold, upon information and belief, were (and are) material to consumers' purchasing decisions.

88.     Consumers who are actual and potential customers of cookbooks that provide the health and wellness benefits that Plaintiff's products and services offer have been and are being misled by Amazon's false and/or misleading claims as set forth in the titles and listings of the Infringing Products sold by Amazon, including but not limited to the prominent use of the phrase "GOLO Diet" and other Infringing Designations, and have been and are being harmed.  Upon information and belief, Amazon's claims are material to a consumer's decision to purchase an Infringing Product, and consumers likely would not have purchased Amazon's Infringing

Products had they known the truth, and would have opted for another alternative, such as Plaintiff's authentic cookbook.

89. Amazon's false and/or misleading statements regarding the nature, characteristics, and/or properties of its Infringing Products as described herein have been made with Amazon's knowledge that the statements were false and/or misleading and that they would be disseminated to consumers. The false and/or misleading statements made by Amazon and related to the nature, characteristics, and/or properties of its Infringing Products as described herein pose a risk of harm to the consumers relying thereon.

90. Amazon's unauthorized and unlawful use of the GOLO Trademarks, directly or indirectly, in connection with the Infringing Products has caused, is causing and is likely to cause confusion and to deceive the consuming public as to the source, origin, and/or sponsorship of the Infringing Products.

91. Amazon's actions have misled and are further likely to mislead the consuming public into believing that the Infringing Products originated from Plaintiff, or that there is some authorized connection between Plaintiff and Amazon when Amazon is aware that Plaintiff does not sell GOLO-branded products on Amazon, thereby causing Plaintiff irreparable harm.

92. Amazon falsely represented that its cookbooks, as identified herein, contained recipes and meal plans compatible with Plaintiff's diet plan and/or recipes of Plaintiff when all of the recipes or meal plans do not conform to Plaintiff's diet plan. As a result of Amazon's deception, purchasers were dissatisfied with the cookbooks. While some purchasers subsequently realized that their purchased cookbook was not sponsored by Plaintiff or did not comport with Plaintiff's diet plan, many others remained confused as to whether the purchased cookbook was

sponsored by Plaintiff and/or comported with Plaintiff's diet plan, and thus had a negative view of Plaintiff and its plan.

### 4.   Plaintiff Has Been Harmed by Amazon's Unfair, Deceptive, and Infringing Conduct

93.     Amazon has unfairly competed with Plaintiff through Amazon's intentionally deceptive use of the GOLO Trademarks in classic bait-and-switch advertising, including through Amazon's Deceptive Advertisements and Search Box Results, to unfairly redirect consumers and prospective customers of Plaintiff to Amazon's retail platform under the pretense that consumers can purchase products produced by, sponsored by, or affiliated with Plaintiff on that platform when Amazon knows otherwise.  Moreover, Amazon did so in order to sell competing products and Infringing Products. Further, Amazon's unauthorized use of the GOLO Trademarks in connection with the Infringing Products has caused, is causing, and is likely to cause confusion and to deceive the consuming public as to the source, origin, and/or sponsorship of the Infringing Products offered by Amazon.  Specifically, Amazon's actions have misled and are further likely to mislead the consuming public into believing that Amazon's Infringing Products originated from or are sponsored or endorsed by Plaintiff.

94.     Amazon not only has damaged and is damaging Plaintiff and its business, has caused and is causing damage to the value of Plaintiff's trademark rights, and has caused and is causing consumer confusion in the marketplace, but also is harming unsuspecting consumers who are searching for e.g., "golo release," to purchase Plaintiff's products and are diverted from such purchases by Amazon's deceptive, unfair, and predatory schemes.

95.     Plaintiff has suffered actual monetary damages as a result of Amazon's conduct and actions as described herein, including lost sales and damage to Plaintiff's commercial reputation.

96.     Amazon has been wrongfully and unjustly enriched through its deceptive trade practices, trademark infringement, unfair competition, false advertising, and dilution as alleged herein.

97.     Amazon's intentional conduct and unfair business practices have also caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief.

98.     Plaintiff further faces immediate and irreparable harm through: (1) Amazon's exploitation of the GOLO Trademarks in its Deceptive Advertisements and in connection with its Deceptive Search Box Results, leading consumers to purchase competing goods on its e-commerce retail platform, and (2) the competing promotion on Amazon of a wide array of diet plans, meal plans, and cookbooks, all infringing the GOLO Trademarks, because Amazon has eliminated Plaintiff's ability to submit takedown requests through the Amazon Brand Registry.

99.     In order to protect its rights in the GOLO Trademarks and prevent consumer confusion and deception, Plaintiff therefore brings this lawsuit seeking, *inter alia*, removal of the Infringing Products and Infringing Designations from Amazon, prohibition of the use of the GOLO Trademarks in Amazon's Deceptive Advertisements, prohibition of Amazon's use of the Deceptive Search Box Results based on search terms that include the GOLO Trademarks, prohibition of Amazon's use of the GOLO Trademarks to suggest or recommend new search terms, when Plaintiff's products are not available for purchase on Amazon's retail platform.

### COUNT I
### Trademark Infringement – 15 U.S.C. § 1114

100.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 99, as if stated fully herein.

101.    Plaintiff is the owner of the GOLO Registered Marks, which are valid and subsisting and duly registered with the USPTO.

102.    The Registration Certificates attached in Exhibit A constitute prima facie evidence of (i) the validity of each of the GOLO Registered Marks and (ii) Plaintiff's exclusive right to use each of those marks in connection with the services identified therein. Further, Registration Nos. 5,231,000, 5,207,875, and 4,436,947 of the GOLO Registered Marks are now incontestable.

103.    The registration of each of the GOLO Registered Marks provides legal and sufficient notice to Amazon of Plaintiff's ownership of and exclusive rights in those marks.

104.    Each of the GOLO Registered Marks is inherently distinctive.

105.    Each of the GOLO Registered Marks has further acquired distinctiveness and commercial association with Plaintiff as set forth above.

106.    Plaintiff has the exclusive right to use the GOLO Registered Marks in commerce in connection with the goods and services recited in its trademark registrations and applications, including without limitation, dietary and nutritional supplements, health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition.

107.    Amazon's use of the GOLO Registered Marks in connection with the Deceptive Advertisements, the Deceptive Search Box Results, and the Infringing Products identified above, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations of Amazon with Plaintiff, in violation of 15 U.S.C. § 1114.

108.    Amazon's use of the GOLO Registered Marks in connection with cookbooks, including the Infringing Products identified above, is identical or confusingly similar to the GOLO Registered Marks.  Amazon's sale, offering for sale, distribution, and/or advertising of those products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations of Amazon with Plaintiff, or as to the origin, sponsorship, or approval of Amazon's products by Plaintiff, in violation of 15 U.S.C. § 1114.

109.    Amazon has committed the infringing acts alleged herein without authorization, license, or consent from Plaintiff.

110.    Upon information and belief, Amazon has knowingly and willfully infringed Plaintiff's rights in the GOLO Registered Marks. Alternatively, Amazon acted with reckless disregard for and willful blindness to Plaintiff's valuable intellectual property rights, with the express purpose of trading on and profiting from the goodwill and reputation embodied in the GOLO Registered Marks.

111.    Upon information and belief, Amazon's misuse of the GOLO Registered Marks in the Deceptive Advertisements, the Deceptive Search Box Results, and the Infringing Products are intentional efforts to freeride on Plaintiff's goodwill, thereby further demonstrating a likelihood of confusion between Plaintiff and Amazon's goods and services.

112.    As a result of Amazon's infringement, Plaintiff has suffered and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. §§ 1117(a) and (b).

113.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Amazon's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover

additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

114.    Amazon's unauthorized use of designations identical or highly similar to the GOLO Registered Marks has also caused irreparable injury to Plaintiff, including its business, reputation, and goodwill.  On information and belief, unless restrained and enjoined, Amazon will continue to infringe Plaintiff's GOLO Registered Marks.  Plaintiff's remedy at law is not adequate to redress the harm Amazon has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT II
### Unfair Competition – 15 U.S.C. § 1125(a)(1)(A)

115.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 114, as if stated fully herein.

116.    Plaintiff is the owner of the GOLO Trademarks.

117.    Each of the GOLO Trademarks is inherently distinctive.

118.    Each of the GOLO Trademarks has further acquired distinctiveness as set forth above.

119.    Amazon's use of the GOLO Trademarks in connection with the Deceptive Advertisements and the Deceptive Search Box Results, and the Infringing Products identified above, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations of Amazon with Plaintiff, in violation of 15 U.S.C. § 1125.

120.    Amazon's use of designations that are identical to or confusingly similar to the GOLO Trademarks, in connection with diet cookbooks and including on the Infringing Products identified above, in connection with Amazon's production, sale, offering for sale, distribution,

and/or advertising of those products, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations with Plaintiff, or as to the origin, sponsorship, or approval of the Infringing Products by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

121.    Amazon has furthermore competed unfairly with Plaintiff through its use of the GOLO Trademarks and Infringing Designations in connection with the Deceptive Advertisements, the Deceptive Search Box Results, and the Infringing Products.

122.    Amazon has committed the infringing acts and unfair competition alleged herein without authorization, license, or consent from Plaintiff.

123.    Upon information and belief, Amazon has knowingly and willfully infringed Plaintiff's rights in the GOLO Trademarks and competed unfairly. Alternatively, Amazon acted with reckless disregard for and willful blindness to Plaintiff's valuable intellectual property rights, with the express purpose of trading on and profiting from the goodwill and reputation embodied in the GOLO Trademarks.

124.    Upon information and belief, the Infringing Designations incorporated in, and the use of the GOLO Trademarks in, Amazon's Deceptive Advertisements, Amazon Search Box Results, and the Infringing Products are intentional efforts to freeride on Plaintiff's goodwill, thereby further demonstrating a likelihood of confusion between Plaintiff's genuine products and the Infringing Products.

125.    As a result of Amazon's infringement and unfair competition, Plaintiff has suffered and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. §§ 1117(a) and (b).

126.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

127.    Amazon's unauthorized use of designations identical or highly similar to the GOLO Trademarks has also caused irreparable injury to Plaintiff, including its business, reputation and goodwill.  On information and belief, unless restrained and enjoined, Amazon will continue to infringe Plaintiff's GOLO Trademarks.  Plaintiff's remedy at law is not adequate to redress the harm Amazon has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT III
### Contributory Trademark Infringement (Pled in the Alternative)

128.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 127, as if stated fully herein.

129.    In the alternative, the sale by Amazon of diet cookbooks using the Infringing Designations, including the Infringing Products identified above, is confusingly similar to the GOLO Trademarks.  In the event that Amazon reveals that an unrelated third party is the source of all of the Infringing Products, Amazon is nonetheless knowingly facilitating the sale, offering for sale, distribution, and/or advertising of the Infringing Products through Amazon's platforms by the authors of those products, the publishers of those products, and/or other third-parties, in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations with Plaintiff, or as to the origin, sponsorship, or approval of the

Infringing Products by Plaintiff, in violation of 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a)(1)(A).

130.    Amazon has known or has had reason to know of this infringement of Plaintiff's trademark rights, or has been willfully blind to all reasonable indications of such infringement.

131.    Amazon has materially supported and exercised control over this infringement of Plaintiff's trademark rights, and has facilitated, supported, and enabled the advertising and sale of the Infringing Products through Amazon's own conduct.

132.    Amazon has engaged in and continues to engage in contributory trademark infringement regarding the GOLO Trademarks.

133.    Amazon has knowingly contributed to the infringing acts alleged herein without authorization, license, or consent from Plaintiff.

134.    As a result of Amazon's contributory infringement, Plaintiff has suffered damages and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. §§ 1117(a) and (b).

135.    Amazon's contributory infringement has also caused irreparable injury to Plaintiff, including its business, reputation, and goodwill, and on information and belief, unless restrained and enjoined, Amazon will continue to contribute to the infringement of Plaintiff's GOLO Trademarks.  Plaintiff's remedy at law is not adequate to redress the harm Amazon has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT IV
## False Advertising – 15 U.S.C. § 1125(a)(1)(B)

136.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 135, as if stated fully herein.

137.   The acts of Amazon as set forth above and below, including the advertising and dissemination of Amazon's false and/or misleading claims associated with the Amazon Deceptive Advertisements and Amazon's Deceptive Search Box Results constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).  As a result of Amazon's actions, Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial.  Further, Amazon has caused and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to Plaintiff's business, reputation and goodwill, for which there is no adequate remedy at law.  Plaintiff is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Amazon from engaging in future acts of false advertising and ordering removal of all of Amazon's false advertisements.

138.   The acts of Amazon as set forth above and below constitute false and/or misleading representations of fact in commercial advertising or promotion, in interstate commerce in connection with goods or services, where Amazon's representations misrepresent the nature and/or qualities and/or benefits of products sold on the Amazon retail platform, including through the Amazon Deceptive Advertisements, the Deceptive Search Box Results, and the false assertion that some of the Infringing Products provide recipes, meal plans, or diet regimes that are compliant with Plaintiff's diet plan, and Plaintiff has been damaged and is likely to be damaged in the future be Amazon's acts.

139.   The acts of Amazon as set forth above and below, particularly Amazon's false and/or misleading claims in the commercial advertising and promotion of the Amazon Deceptive Advertisements, are the proximate cause of Plaintiff's injury.  Amazon's false and/or misleading claims are material and likely to influence the purchasing decisions of actual and prospective

purchasers of Amazon and Plaintiff products. Amazon's false and/or misleading claims deceived consumers, which caused those consumers to withhold trade from Plaintiff.

140.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Amazon damages sustained by Plaintiff because of Amazon's acts in violation of 15 U.S.C § 1125(a)(1)(B).   As a result of the acts described herein, Plaintiff has suffered damages in excess of this Court's minimum jurisdiction, the precise amount of which will be proven at trial.

141.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Amazon the gains, profits, market value, and advantages that Amazon has obtained because of Amazon's acts in violation of 15 U.S.C. § 1125(a)(1)(B), the precise amount of which will be proven at trial.

142.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action.  Moreover, Amazon's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

143.    Amazon's false and/or misleading claims will continue to divert sales to Amazon at the expense of Plaintiff, and have lessened, are lessening, and will continue to lessen the goodwill enjoyed by Plaintiff products if not enjoined.  The legal remedies available to Plaintiff are alone inadequate to remedy and compensate Plaintiff for the injuries it has sustained, and if not enjoined will continue to sustain, due to Amazon's unlawful conduct.

## COUNT V
### Unfair Competition – 6 Del. C. § 2532(a)

144.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 143, as if stated fully herein.

145.   Amazon's activities regarding the Deceptive Advertisements, the Deceptive Search Box Results, and the Infringing Products, as described above, constitute unfair competition and deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532(a), at least because such activities: (a) constitute passing off of Amazon's goods as those of Plaintiff; (b) create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Amazon's goods; (c) create a likelihood of confusion or misunderstanding as to Amazon or Amazon's goods' affiliation, connection or association with, or certification by, Plaintiff; (d) represents that Amazon's goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; (e) represents that Amazon's goods are of Plaintiff's particular standard, quality, or grade, when they are not; (f) advertises goods or services with the intent not to sell them as advertised; and (g) advertises Plaintiff's goods when Amazon knows it does not sell Plaintiff's products and thus has no intent to satisfy any reasonably expectable public demand.

146.   Amazon's Deceptive Advertisements for its retail platform, Deceptive Search Box Results on its applications and browser interfaces, and promotion of the Infringing Products on its retail platform using Plaintiff's GOLO Trademarks, are false and misleading and deceive or are likely to deceive consumers and Plaintiff's prospective customers by representing that Plaintiff's authentic GOLO-branded products are sold on Amazon's retail platform, when they are not.

147.   Amazon's promotion of the Deceptive Advertisements and the Deceptive Search Box Results, and/or Amazon's promotion and sale of the Infringing Products, all prominently using the GOLO Trademarks, is likely to confuse consumers and Plaintiff's prospective customers as to the source, sponsorship, or approval by, or the affiliation, connection, or

association with Plaintiff, as a result of the substantial consumer association of Plaintiff as the exclusive source of GOLO-branded products and services.

148.    Amazon's promotion and sale of the Infringing Products, prominently using the GOLO Trademarks, is likely to mislead and to confuse consumers and Plaintiff's prospective customers that the characteristics, ingredients, uses, or benefits of the Infringing Products are those of GOLO-branded products and services, and Amazon's promotion of the Deceptive Advertisements and Deceptive Search Box Results, prominently using the GOLO Trademarks, is likely to mislead and to confuse consumers and Plaintiff's prospective customers that Amazon's advertised products have the characteristics, ingredients, uses, benefits or quantities of the GOLO-branded products.

149.    Amazon's Deceptive Advertisements deceived, deceives, or is likely to mislead and to deceive Plaintiff's actual and potential customers, and the public, in a material way because the Deceptive Advertisements are likely to influence customers' and potential customers' purchasing decisions. Amazon's Deceptive Advertisements, presented as fact, communicate that GOLO-branded products are available at the Amazon.com website, which is literally false or deceptively misleading.

150.    On information and belief, Amazon has made and will continue to make profits and gains from its deceptive and unfair practices, to which it is not in law or equity entitled.

151.    On information and belief, Amazon intends to continue its infringing acts, unless restrained by this Court.

152.    As a result of Amazon's acts as alleged herein, Plaintiff has suffered and will continue to suffer substantial injury, lost income, lost sales, lost profits, and damage to its goodwill associated with its GOLO brand and Plaintiff's GOLO-branded products and services.

By diverting Plaintiff's business and misappropriating prospective customers of Plaintiff through Amazon's activities as alleged herein, Amazon continues to unfairly derive income, profits, and business opportunities from its unfair acts. Amazon's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

153.    Amazon's conduct alleged herein constitutes unfair methods of competition, and unfair or deceptive acts or practices under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. §§ 2532(a), including at least 6 Del. C. § 2532(a)(1), (2), (3), (5), (7), (10) and (12).

154.    Upon information and belief, Amazon's actions, as alleged herein, shows that Amazon willfully violated the Delaware Uniform Deceptive Trade Practices Act and that Plaintiff is therefore entitled to an award of attorneys' fees and costs pursuant to 6 Del. C. § 2533.

### COUNT VI
### Dilution – 6 Del. C. § 3313

155.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs 1 through 154, as if stated fully herein.

156.    Amazon's activities as described above constitute dilution under 6 Del. C. § 3313, wherein Amazon's unauthorized use of the GOLO Trademarks has injured and is likely to continue to injure Plaintiff's business reputation and has diluted, or is likely to dilute, the distinctive quality of the GOLO Trademarks.

157.    Amazon intended to trade on Plaintiff's reputation and to dilute the GOLO Trademarks, or acted with reason to know or was willfully blind as to the consequences of its actions.

158.    For instance, by using the GOLO Trademarks in connection with low quality products, Amazon has tarnished the GOLO Trademarks.

159.    By using the GOLO Trademarks in connection with recipes that are not compatible with Plaintiff's proprietary diet and wellness program, Amazon has also falsely suggested that Plaintiff's proprietary diet and wellness program is ineffective, thereby tarnishing the GOLO Trademarks.

160.    In the alternative, if Amazon has used the GOLO Trademarks in connection with recipes that are compatible with Plaintiff's proprietary diet and wellness program, Amazon has diminished the extent to which the GOLO Trademarks are associated exclusively with Plaintiff's products and services, and thus engaged in dilution by tarnishment and blurring.

161.    Amazon has also used the GOLO Trademarks in connection with its Deceptive Advertisements and Deceptive Search Box Results, and has diminished the extent to which the GOLO Trademarks are associated exclusively with Plaintiff's products and services, and thus engaged in dilution by blurring.

162.    On information and belief, Amazon intends to continue its infringing acts, unless restrained by this Court.

163.    Amazon's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

### ATTORNEYS' FEES

164.    Pursuant to 15 U.S.C. § 1117 and 6 Del. C. § 2533, Plaintiff seeks reasonable attorneys' fees in this case on the basis that this case constitutes "exceptional" conduct in violation of Plaintiff's rights. Plaintiff further seeks an award of attorneys' fees, costs, and expenses as may be available under state and federal law or the inherent power of the court.

### JURY DEMAND

165.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and D. Del. LR 38.1, Plaintiff respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

1.     That Amazon, its agents, servants, affiliates, representatives, successors, and assigns, and all those persons or entities in active concert or participation with Amazon who receive actual notice of the injunctive order, be enjoined preliminarily and permanently, pursuant to, without limitation, 15 U.S.C. § 1116(a) and 6 Del. C. §§ 2533(a), 3313, from:

(a)     Using the Infringing Designations or any of the GOLO Trademarks in commerce to sell, offer to sell, distribute, promote, advertise, market, or export from the United States dietary or nutritional supplements or cookbooks or any other health and wellness plans or programs that are confusingly similar to Plaintiff's products and services.  This shall include use of the Infringing Designations or the GOLO Trademarks in any form or presentation, meaning, without limitation, orally, in upper case and/or lower case, in any particular font or stylized treatment (e.g., italics), with or without a logo, and in any particular color or combination of colors;

(b)     Using the Infringing Designations or any of the GOLO Trademarks in advertisements for Amazon's e-commerce website or any other Amazon platform, including in advertisements on Internet search engines;

(c)     Using the Infringing Designations or any of the GOLO Trademarks in connection with Amazon's Search Box in order to display search result lists of products or services that compete with Plaintiff's products or services or to recommend additional searches and results based on the GOLO Trademarks;

(d)     Using the Infringing Designations or any of the GOLO Trademarks as part

of a trade or commercial name, meaning any name used to identify its business (15 U.S.C. § 1127);

(e)   Using the Infringing Designations or any of the GOLO Trademarks as part of a website domain name, where Amazon sells, offers to sell, distributes, promotes, advertises, or markets dietary or nutritional books, products, plans, or programs;

(f)   Using the Infringing Designations or any of the GOLO Trademarks as part of a competing product name or competing product listing via any online retailer including Amazon;

(g)   Using the Infringing Designations or any of the GOLO Trademarks as a handle, username, or name on social media accounts, including (for example) Facebook, Twitter (also known as "X"), Pinterest, LinkedIn, TikTok, and Instagram;

(h)   Using the GOLO Trademarks or any other mark, symbol, or device that is similar to the GOLO Trademarks, in any manner that is likely to cause consumer confusion;

(i)   Committing any other act calculated or likely to cause the public to believe that Amazon goods or services, or goods offered for sale or sold by Amazon on its platforms, are in any manner connected, affiliated, or associated with Plaintiff or from otherwise competing unfairly with Plaintiff;

(j)   Contributing to the infringement of the GOLO Trademarks by permitting any Infringing Products to be sold or offered for sale;

(k)   Engaging in any future dilution of the GOLO Trademarks in violation of 6 Del. C. § 3313;

(l)   Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibition of subsections (a)-(k).

2.   Pursuant to 15 U.S.C. § 1118, that Amazon deliver to Plaintiff for destruction all material (including, without limitation, all copies of the Infringing Products, as well as any advertisements, promotional materials, and brochures) within its possession, custody, or control, either directly or indirectly, that bear the Infringing Designations or any other designation, symbol, or device that is confusingly similar to the GOLO Trademarks.

3.   That Amazon be ordered to restrict the use of keywords and make commercially reasonably efforts to ensure that consumer-originated searches on the Internet (e.g., Google, Bing, Yahoo, DuckDuckGo, and any other Internet search engines) for "golo," "release' and any confusingly similar search terms do not generate search results for Amazon that deceptively lead potential GOLO customers to Amazon's e-commerce site through the use of the GOLO Trademarks in Amazon's advertisements.

4.   That Amazon be found liable for unjust enrichment and be ordered to disgorge all such unjust enrichment accruing as a result of the allegations herein to Plaintiff as additional damages.

5.   Pursuant to 15 U.S.C. § 1116(a), that Amazon be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs 1 and 2 above.

6.   Pursuant to 15 U.S.C. § 1117(a), that the Court issue an award of: (1) Amazon's profits, increased by an amount the Court finds just under the circumstances proven at trial; (2) Plaintiff's damages, increased up to three times the amount thereof; and (3) the costs of the action.

7.   For an injunction, profits, damages, and fees to the extent available under Section 2533 of the Delaware Uniform Deceptive Trade Practices Act.

8.   Pursuant to 15 U.S.C. § 1117(a) and 6 Del. C. § 2533(b), that the Court determine that the case is exceptional, and that Plaintiff recovers from Amazon its attorneys' fees and costs.

9.   For an award of pre- and post-judgment interest on any and all monetary awards.

10.   That Plaintiff be awarded such other and further relief as the Court deems equitable, just, and proper.


Dated: October 23, 2023                    **WOMBLE BOND DICKINSON (US) LLP**

/s/ *Dana K. Severance*
Dana K. Severance (#4869)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4329
Email: Dana.Severance@wbd-us.com

Barry J. Herman (*pro hac vice* forthcoming)
Maryland Federal Bar No. 26061
Julie C. Giardina (*pro hac vice* forthcoming)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Email: Julie.Giardina@wbd-us.com

Stephen F. Shaw *(pro hac vice* forthcoming)
North Carolina State Bar No. 41582
WOMBLE BOND DICKINSON (US) LLP
300 North Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: 336-574-8052
E-Mail: Stephen.Shaw@wbd-us.com

*Attorneys for Plaintiff GOLO, LLC*