**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GOLO, LLC,

         Plaintiff,

v.

AMAZON.COM, INC., and
AMAZON.COM SERVICES LLC

  Defendants.

Civil Action No. 1:23-cv-01200-MN

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
<u>PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 1

II.     STANDARD OF REVIEW ............................................................................................... 1

III.    SUMMARY ARGUMENT ................................................................................................ 1

IV.     STATEMENT OF FACTS ................................................................................................. 3

V.      ARGUMENT ..................................................................................................................... 5

        A.      GOLO Plausibly Alleged Amazon Used the GOLO Trademarks In
                Commerce. ............................................................................................................. 5

                1.      GOLO has plausibly alleged use based on sale of the Infringing
                        Products ......................................................................................................... 5

                2.      Amazon's use of the GOLO Trademarks in organic third-party
                        search results constitutes actionable use in commerce. ............................. 7

                3.      GOLO has plausibly alleged sufficient use regarding dilution .................. 8

        B.      GOLO Has Plausibly Alleged a Likelihood of Consumer Confusion. .................. 8

                1.      Titles are not immune from trademark infringement .................................. 9

                2.      Amazon's Search Box results can and do give rise to confusion. ........... 11

                3.      Amazon's use of the GOLO Trademarks in sponsored
                        advertisements and in organic search results give rise to confusion. ....... 12

                4.      Amazon offers no basis to dismiss GOLO's Delaware dilution
                        claim ........................................................................................................... 14

        C.      GOLO Has Plausibly Alleged False Advertising. ............................................... 14

                1.      The Communications Decency Act does not bar GOLO's claim ............. 15

                2.      Amazon's First Amendment argument is inapplicable .............................. 16

                3.      Amazon has engaged in commercial speech on its platform. ................... 16

                4.      GOLO has plausibly alleged that organic searches include
                        Amazon's commercial speech and are relevant to Amazon's false
                        advertisement. ............................................................................................. 18

                5.      GOLO's false advertising claims are not duplicative of GOLO's
                        trademark claims ......................................................................................... 18

D.    GOLO Has Plausibly Alleged the Requisite Knowledge for Contributory Trademark Infringement. ....................................................................................... 19

VI.    CONCLUSION.......................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Animal Sci. Prod., Inc. v. China Minmetals Corp.*,
   654 F.3d 462 (3d Cir. 2011)............................................................................ 1

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   515 F. Supp. 3d 1089 (N.D. Cal. 2021) ......................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................ 1

*Chanel, Inc. v. WGACA, LLC*,
   2022 WL 902931 (S.D.N.Y. Mar. 28, 2022) .................................................. 6

*CHNJ Invs., LLC v. Koger*,
   2013 WL 1192400 (D.N.J. Mar. 21, 2013)...................................... 1, 7, 16, 17

*Cohen v. Hot House Beauty Ltd.*,
   2023 WL 4408919 (W.D. Pa. June 14, 2023)................................................ 12

*Cohn v. Kind, LLC*,
   2015 WL 9703527 (S.D.N.Y. Jan. 14, 2015) ................................................ 17

*El Greco Leather Prod. Co. v. Shoe World, Inc.*,
   806 F.2d 392 (2d Cir. 1986).......................................................................... 6

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
   946 F.3d 1040 (9th Cir. 2019) ..................................................................... 15

*F.T.C. v. Accusearch Inc.*,
   570 F.3d 1187 (10th Cir. 2009) ................................................................... 15

*Facenda v. N.F.L. Films, Inc.*,
   542 F.3d 1007 (3d Cir. 2008)......................................................................... 9

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) ..................................................................... 15

*Gordon v. Drape Creative, Inc.*,
   909 F.3d 257 (9th Cir. 2018) ....................................................................... 11

*Guardian Pool Fence Sys., Inc. v. Sunwest Indus.*,
   2017 WL 2931413 (C.D. Cal. June 1, 2017) ................................................ 13

*HomeVestors of Am., Inc. v. Warner Bros. Discovery*,
   2023 WL 6880341 (D. Del. Oct. 18, 2023) ............................................. 10, 14

*Interpace Corp. v. Lapp, Inc.*,
    721 F.2d 460 (3d Cir. 1983) .................................................................................................. 9

*Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*,
    456 U.S. 844 (1982) ............................................................................................................... 19

*J.G. Wentworth, S.S.C. Ltd. P'Ship v. Settlement Funding LLC*,
    2007 WL 30115 (E.D. Pa. Jan. 4, 2007) ............................................................................. 13

*Jack Daniel's Props., Inc. v. VIP Prod. LLC*,
    599 U.S. 140 (2023) ............................................................................................................... 9

*Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*,
    2020 WL 5099596 (N.D. Tex. Aug. 7, 2020) ..................................................................... 13

*Lassoff v. Amazon.com*,
    2017 WL 372948 (W.D. Wa. Jan. 26, 2017) ....................................................................... 17

*Lexmark, Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ............................................................................................................... 18

*Merck & Co. v. Mediplan Health Consulting, Inc.*,
    425 F. Supp. 2d 402 (S.D.N.Y. 2006) ................................................................................. 9

*Mil. Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*,
    251 F. Supp. 3d 750 (D. Del. 2017) ..................................................................................... 14

*Moretti v. Hertz Corp.*,
    2017 WL 1032783 (D. Del. Mar. 17, 2017) ....................................................................... 15

*Multi Time Machine, Inc. v. Amazon.com, Inc.*,
    804 F.3d 930 (9th Cir. 2015) ............................................................................................... 12

*New Balance Ath., Inc. v. USA New Bunren Int'l Co. Ltd. LLC*,
    424 F. Supp. 3d 334 (D. Del. 2019) ..................................................................................... 6

*New Jersey Bankers Ass'n v. Att'y Gen. New Jersey*,
    49 F.4th 849 (3d Cir. 2022) ................................................................................................. 11

*Obado v. Magedson*,
    2014 WL 3778261 (D.N.J. July 31, 2014) ......................................................................... 18

*Ohio State Univ. v. Redbubble, Inc.*,
    989 F.3d 435 (6th Cir. 2021) ............................................................................................... 7

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
    496 F.3d 1231 (11th Cir. 2007) ........................................................................................... 6

*Optimum Techs., Inc. v. Home Depot USA, Inc.*,
  2005 WL 3307508 (N.D. Ga. Dec. 5, 2005)...................................................... 17

*Parks, LLC v. Tyson Foods, Inc.*,
  863 F.3d 220 (3d Cir. 2017)............................................................................... 19

*Penn Eng'g Mfg. Corp. v. Peninsula Components, Inc.*,
  2022 WL 3647817 (E.D. Pa. Aug. 24, 2022) ................................................... 13

*Planet Green Cartridges, Inc. v. Amazon.com, Inc.*,
  2023 WL 8943219 (C.D. Cal. Dec. 5, 2023) .................................................... 16

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989).................................................................... 9, 10, 11

*S&P Global Inc. v. S&P Data LLC*,
  619 F. Supp. 3d 445 (D. Del. 2022)................................................................... 14

*Sapieyevski v. Live Nation Worldwide, Inc.*,
  2019 WL 1284302 (D.D.C. Mar. 20, 2019)...................................................... 10

*Seguros R. Vasquez, Inc. v. Aguirre*,
  2020 WL 3447754 (D. Md. June 24, 2020)......................................... 8, 13, 18

*Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*,
  2022 WL 605724 (D. Del. Jan. 25, 2022).......................................................... 14

*Tiffany (NJ) Inc. v. eBay Inc.*,
  600 F.3d 93 (2d Cir. 2010)............................................................................ 19, 20

*Toyota Motor Sales, U.S.A. Inc. v. Tabari*,
  610 F.3d 1171 (9th Cir. 2010) ........................................................................... 13

*TSI Prods., Inc. v. Armor All/STP Prods.*, Co.,
  2019 WL 4600310 (D. Conn. Sept. 23, 2019).................................................. 13

*Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*,
  996 F.2d 1366 (2d Cir. 1993)............................................................................. 11

U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.,
  898 F.2d 914 (3d Cir. 1990)............................................................................... 17

*Warren Gen. Hosp. v. Amgen Inc.*,
  643 F.3d 77 (3d Cir. 2011).................................................................... 1, 7, 16

**Statutes**

15 U.S.C. § 1114(1) ................................................................................................. 1

15 U.S.C. § 1114(1)(a) ................................................................................................ 5

15 U.S.C. § 1114(1)(b) ................................................................................................ 5

15 U.S.C. § 1125(a)(1)(A) ........................................................................................... 1

47 U.S.C. § 230(e)(2) ................................................................................................ 15

6 Del. C. § 3313 ........................................................................................................ 14

**Other Authorities**

J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION,
    §23:11.50 (5th ed.) ............................................................................................... 6

**Rules**

FED. R. CIV. P. 15(a) ................................................................................................ 20

Rule 12(b)(6) ................................................................................................... 1, 10, 17

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On October 23, 2023, Plaintiff GOLO, LLC ("GOLO") filed suit against Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") in a detailed Complaint presenting six causes of action: (1) federal trademark infringement under 15 U.S.C. § 1114(1), (2) federal common-law trademark infringement under 15 U.S.C. § 1125(a)(1)(A), (3) contributory trademark infringement, (4) false advertising, (5) Delaware unfair competition, and (6) Delaware dilution. D.I. 1. On December 15, 2023, Amazon filed a partial motion to dismiss under Rule 12(b)(6). D.I. 14. For the reasons discussed below, Amazon's motion should be denied.

## II.    STANDARD OF REVIEW

In evaluating Amazon's motion, the Court must accept as true all factual allegations in GOLO's Complaint and view them in the light most favorable to GOLO. *Warren Gen. Hosp. v. Amgen Inc*., 643 F.3d 77, 84 (3d Cir. 2011). Accordingly, the Complaint may not be dismissed merely because Amazon alleges contrary facts. *CHNJ Invs., LLC v. Koger*, 2013 WL 1192400, at *5 (D.N.J. Mar. 21, 2013). Next, the Court must evaluate, based on the facts as alleged and with all inferences made in GOLO's favor, whether GOLO's claims "lack facial plausibility." *Warren Gen. Hosp*., 643 F.3d at 84 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A complaint "does not need detailed factual allegations," but only must avoid "a formulaic recitation of the elements" of the claims. *Twombly*, 550 U.S. at 555. Notably, Amazon "carries the burden in a Rule 12(b)(6) motion." *Animal Sci. Prod., Inc. v. China Minmetals Corp*., 654 F.3d 462, 470 n.9 (3d Cir. 2011).

## III.    SUMMARY ARGUMENT

Amazon asserts it has done nothing to infringe GOLO's trademarks and is instead merely a passive participant in connection with third-party sales of infringing products on its platform. But that is not the truth. Nor does it reflect the well-pled allegations in GOLO's Complaint. Far

1

from a "formulaic recitation" of the elements of legal claims, GOLO's Complaint, which spans sixty pages and includes twelve exhibits, provides a detailed description of the products and advertisements at issue and the numerous infringing acts taken *by Amazon*. D.I. 1; D.I. 1-1 to 1-12. ***First***, Amazon makes, promotes, offers, and sells unauthorized GOLO-branded cookbooks—all of which Amazon expressly states are "Sold by Amazon"—that have caused significant actual consumer confusion. ***Second***, Amazon promotes its knockoff cookbooks using deceptive advertisements, making the materially false claim that these cookbooks conform to GOLO's proprietary programming. ***Third***, Amazon exploits the GOLO trademarks through Amazon's internal search system to promote its infringing GOLO-branded cookbooks—and when customers search for "golo" on Amazon, they find cheap knockoffs that steal GOLO's intellectual property instead of authentic GOLO products. ***Fourth***, Amazon misuses the GOLO trademarks in sponsored search-engine advertisements to promote the products of GOLO's *competitors*, improperly leveraging the substantial goodwill in the GOLO mark to drive potential GOLO customers to other products. ***Fifth***, Amazon further misuses the GOLO trademark to attract consumers to Amazon through organic search results.

Amazon's response to these well-pled allegations is merely to say that they are not true, asserting that unidentified third parties, and not Amazon, are responsible for the alleged conduct and the ensuing harm to GOLO. All the while, Amazon misstates the law and advances a contrary fact narrative, which is inappropriate at this stage where all of GOLO's well-pled allegations are taken as true and in the light most favorable to GOLO. Stripped of its misstatements of law, improper retelling of facts, and mischaracterizations of GOLO's positions, Amazon's motion fails to identify any substantive shortcomings in GOLO's Complaint and should be denied in its entirety.

## IV.     STATEMENT OF FACTS

GOLO provides innovative and proprietary diet, health and wellness, and weight loss goods and services, including a "back to basics" diet system involving whole foods, balancing blood sugar levels, and managing insulin. D.I. 1 ¶¶ 8, 20, 22. As part of this programming, GOLO provides supplements, meal plans, cookbooks, recipes, food preparation instructions, and even "complete GOLO balanced meals." *Id*. ¶¶ 24-28. GOLO's cookbooks and recipes "follow the GOLO for Life Plan," and since 2020, GOLO has generated more than $2 million in additional revenue from the sale of GOLO cookbooks. *Id*. ¶ 26. GOLO sells its products and services primarily online and has established extensive trademark rights (registered and common law) in GOLO and various GOLO-formative marks (the "GOLO Trademarks"). *Id*. ¶¶ 8, 29-44.

Like GOLO, Amazon sells products online, operating the world's largest e-commerce platform. *Id*. ¶¶ 1, 45. Although GOLO has not sold any of its products on Amazon since 2020, *id*. ¶ 8, Amazon now promotes, offers, and sells a large number of unauthorized "GOLO"-branded cookbooks that directly infringe the GOLO Trademarks (the "Infringing Products"). *Id*. ¶¶ 8-9; D.I. 1-3 at 2-8. In addition to selling these Infringing Products, Amazon uses the GOLO Trademarks on the products themselves *and* in detailed point-of-sale advertisements for them—indicating the products are "Sold By Amazon." D.I. 1-3; *see also e.g.* D.I. 1-5 at 1; D.I. 1-8, at 1. From this representation and admission comes GOLO's allegation that *Amazon* itself—not any unrelated third-party—makes and sells these Infringing Products. D.I. 1 ¶¶ 81-83; *see also* D.I. 1-3, col. 7. Unsurprisingly, Amazon's copycat GOLO cookbooks have already confused multiple purchasers, who naturally assumed they were made or authorized by the real GOLO. D.I. 1 ¶¶ 9, 46, 65, 91, 93. GOLO chronicles this substantial actual confusion, which is reflected in Amazon's own reviews, in the Complaint and its accompanying exhibits. *Id*. ¶¶ 81-82; D.I. 1-4 to D.I. 1-12.

Amazon knows that trademark infringement—like that occurring here—is a pervasive

problem on its platform, so Amazon operates a "Brand Registry" that purportedly assists companies in reporting infringements. D.I. 1 ¶ 72. While Amazon previously allowed GOLO to use this system, and GOLO reported a number of the Infringing Products this way, Amazon has refused since at least March 2023 to allow GOLO to use the system. *Id*. ¶¶ 73-75. Instead, Amazon now brazenly sells the Infringing Products in direct competition with GOLO. *Id*. ¶¶ 76-77.

Amazon also advertises the Infringing Products on its platform through "titles and listings" that falsely state the Infringing Products comport with GOLO's proprietary health and wellness plan. *Id*. ¶¶ 82, 85-92; D.I. 1-4 to 1-12 (providing examples of Amazon's false descriptions). For example, an Amazon listing for one of the infringing books claims that it provides "recipes that align perfectly with the principles of the Golo Diet." D.I. 1-11. Again, GOLO's Complaint identifies numerous examples of the consumer deception flowing from Amazon's false claims. D.I. 1 ¶¶ 81-82; *see, e.g.*, D.I. 1-5 at 1 (advertising "authentic" recipes for the "Golo Diet"); D.I. 1-9 at 1 (advertising "200+ Nourishing Golo Diet Recipes"); D.I. 1-12 at 1 (claiming the "Cookbook is based on the revolutionary GOLO program").

Beyond its fake GOLO cookbooks and false claims, Amazon also misuses the GOLO Trademarks in sponsored, organic, and its own internal search ads and results. D.I. 1 ¶¶ 47-71. For example, even though Amazon knows that GOLO does not sell any products on Amazon's platform, Amazon has designed its internal Search Box so that queries for the GOLO Trademarks return links to the Infringing Products in Amazon's search results. *Id*. ¶¶ 9, 69. Even more, Amazon is also misusing the GOLO Trademarks in sponsored advertisements and organic search results, drawing customers searching for GOLO's products to the Infringing Products and other competing products sold directly by Amazon. *Id*. ¶¶ 9, 49-57. Amazon directly controls the material and content contained in the advertisements that Amazon sponsors, but also in the non-sponsored

search results that use Amazon's own advertising material. *Id*. Regardless of whether third-parties control what organic results are displayed from search engines, it is Amazon's own *Amazon-generated content* contained in those results (such as images, descriptions, and links that include GOLO Trademarks) that causes the harm GOLO alleges. *See id*. ¶¶ 50-56. Moreover, because organic and sponsored search results both re-publish and re-display Amazon's infringing advertisements and false statements related to the Infringing Products—as well as other baseless statements by Amazon, including that GOLO®- and RELEASE®-branded products are for sale at Amazon, *see id.* ¶ 50 ("shop/golo-release . . . at Amazon Today"), ¶ 51 ("Amazon.com: Golo Release"), ¶ 52 ("Save on golo release supplement – Amazon® Official Site")—these search results exacerbate the harm Amazon is causing and further engender confusion and deception.

## V.     ARGUMENT

### A.  GOLO Plausibly Alleged Amazon Used the GOLO Trademarks in Commerce.

#### 1.   GOLO has plausibly alleged use based on sale of the Infringing Products.

Amazon asserts that it can be liable for trademark infringement only if "Amazon is the party that … placed the GOLO Marks on the cookbooks." D.I. 14 at 6. GOLO alleges exactly that in its Complaint: "Amazon has adopted and is offering numerous products produced, advertised, and sold by Amazon, under various designations that are confusingly similar to Plaintiff's trademarks." D.I. 1 ¶ 9; *see also id.* ¶ 46. That alone ends this inquiry.

In any event, Amazon's claim that it can sell infringing goods made by third parties with impunity is legally groundless. Trademark law prohibits a defendant from using a confusingly similar mark in connection with the sale, offering for sale, distribution, or advertising of goods. *See, e.g.*, 15 U.S.C. § 1114(1)(a)-(b). Consequently, even if a retailer "was involved neither in the manufacture nor the affixing" of an infringing mark to a product, the retailer's sale of that product is "sufficient 'use' for it to be liable" for infringement. *El Greco Leather Prod. Co. v. Shoe World,*

*Inc.*, 806 F.2d 392, 396 (2d Cir. 1986) (citations omitted) (a retailer's "claimed lack of knowledge of its supplier's infringement, even if true, provides no defense"); *cf. Chanel, Inc. v. WGACA, LLC*, 2022 WL 902931, at *11 (S.D.N.Y. Mar. 28, 2022). This is consistent with the basic concept that "use" in commerce that gives rise to trademark infringement is broader than that species of "bona fide" use required for registration. *See New Balance Ath., Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, 424 F. Supp. 3d 334, 344-45 (D. Del. 2019); J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, §23:11.50 (5th ed.) (same).

　　None of the cases cited by Amazon support the incredible claim that it has *carte blanche* to sell infringing products with impunity. For example, in *Atari Interactive, Inc. v. Redbubble, Inc.*, the defendant argued that it did not use the plaintiff's trademarks in commerce because third parties designed and printed the accused products and sold them on the defendant's website. 515 F. Supp. 3d 1089 (N.D. Cal. 2021). That court flatly rejected the same position which Amazon now advances, stating, "[a] party is strictly liable for selling infringing goods even if it does not itself affix the mark." *Id.* at 1102. Indeed, the *Atari* court noted that "any member of the distribution chain of allegedly infringing products" can be liable for trademark infringement. *Id.* at 1101. Likewise, in *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, a trademark owner sued a defendant because third-party retailers sold the defendant's competing product under the plaintiff's mark. 496 F.3d 1231 (11th Cir. 2007). The court found that although the defendant was not responsible for the actions of those third-party retailers, the "retail outlets engaged in unauthorized 'uses' of the [trademark]" by selling the defendant's products under the plaintiff's mark. *Id.* at 1242-43. Here, Amazon is a "retail outlet" that has done just that.

　　In fact, the Sixth Circuit recently rejected Amazon's position, unequivocally stating that where marketplaces like Amazon identify themselves as the seller of infringing products using

another's mark, direct liability for trademark infringement arises. *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 445-448 (6th Cir. 2021) (holding the "key distinction between a direct seller who 'uses' a trademark under the Act and a mere facilitator of sales . . . is the degree to which the party represents itself . . . as the seller, or somehow identifies the goods as its own. A retailer who sells products directly to a customer . . . is indisputably a seller to whom the Lanham Act applies."). And, as GOLO clearly alleges, Amazon has admitted (and touted) that it is "serving as the retailer" for the Infringing Products. D.I. 14 at 6.

Even more, GOLO also alleges (several times) that Amazon "produced" the Infringing Products. D.I. 1 ¶ 46 ("Amazon . . . is producing, offering, and selling numerous products under various designations that are confusingly similar to Plaintiff's trademarks . . . [featuring the] prominent usage of 'GOLO' as a source-indicating function."), ¶76 ("Amazon continued to produce, advertise, and sell . . . the 'Infringing Products'"), ¶79 ("Attached as Exhibit C is a table listing . . . all of the Infringing Products [that] are produced, promoted, and sold 'by Amazon.com.'"). Amazon summarily asserts that these allegations are "implausible" D.I. 14 at 6. They are not, and Amazon's self-serving assertion improperly contradicts the well-pled allegations of the Complaint and multiple exhibits thereto, which all clearly state that the Infringing Products are "Sold by Amazon." *See, e.g.*, D.I. 1-4, ("Sold by Amazon.com"); D.I. 1-5, D.I. 1-6, D.I. 1-7, and D.I. 1-8 (same). These factual allegations, including that Amazon *produced* the Infringing Products, D.I. 1, ¶¶ 76-79, are *presumed* true. *Warren Gen. Hosp.*, 643 F.3d at 84. Amazon cannot obtain dismissal simply by alleging contrary facts. *CHNJ Invs., LLC*, 2013 WL 1192400, at *5.

> **2.  Amazon's use of the GOLO Trademarks in organic third-party search results constitutes actionable use in commerce.**

Amazon demands dismissal of any claims by GOLO "related to" organic third-party search results, claiming they are the work of third parties, namely a search engine and a user, and thus do

not involve "use" attributable to Amazon. D.I. 14 at 7-8. Not so. While third parties may determine *which* results are displayed, Amazon provides the *content* of those results, including links containing GOLO Trademarks, as detailed in GOLO's Complaint. *See* D.I. 1 ¶¶ 50-53. And "[t]he use of a trademark in [search results], not just as a keyword search term, plainly can support a Lanham Act trademark infringement claim." *Seguros R. Vasquez, Inc. v. Aguirre*, 2020 WL 3447754, at *3 (D. Md. June 24, 2020). This is sensible, because GOLO alleges that Amazon is misusing GOLO's Trademarks in the organic search results to mislead customers.[1]

### 3.  GOLO has plausibly alleged sufficient use regarding dilution.

Amazon argues for dismissal of GOLO's dilution claim based on the same use-in-commerce arguments addressed above—specifically, GOLO's dilution claim should be dismissed because Amazon does not use the GOLO Trademarks "in commerce." D.I. 14 at 8. For the same reasons as above, GOLO has alleged more than enough to establish Amazon's use of the GOLO Trademarks in commerce, and Amazon's arguments here should be similarly rejected.[2]

### B.  GOLO Has Plausibly Alleged a Likelihood of Consumer Confusion.

Amazon asserts that GOLO has not plausibly alleged a likelihood of consumer confusion for any of Amazon's varied unauthorized uses of the GOLO Trademarks, but Amazon *does not*

---

[1] Amazon's argument also cannot support the sweeping result it seeks. Amazon requests dismissal of any claims "related to" organic search results, but as shown below, organic search results are clearly relevant to all GOLO's claims regarding the Infringing Products sold on Amazon's platform and are thus properly included in the Complaint. *See infra* at § V.B.2. Certainly, Amazon's sale of the Infringing Products does not become immune to GOLO's trademark claims simply because those products can be found through organic searches.

[2] Amazon also states that it previously argued that Amazon's use of the GOLO Trademarks in connection with the Amazon Search Box do not constitute use in commerce. D.I. 14 at 8. But Amazon's "use" arguments *never once* mention the Amazon Search Box, much less provides any argument. Likewise, none of Amazon's "use" arguments address sponsored advertisements. D.I. 1 ¶¶ 46-48, 50-53. By presenting no argument regarding the use of GOLO Trademarks in these activities, Amazon thus does not challenge that they constitute use in commerce.

*even dispute* many of GOLO's core allegations on this central issue. Courts in the Third Circuit evaluate consumer confusion using the factors described in *Interpace Corp. v. Lapp, Inc*., 721 F.2d 460, 463 (3d Cir. 1983). Using the numbering from *Lapp*, GOLO's Complaint alleges without dispute (1) the overwhelming similarity between the GOLO Trademarks and the marks on the Infringing Products and Amazon's advertisements, D.I. 1 ¶¶ 46, 76; (2) the strength of the GOLO Trademarks, *id*. ¶¶ 104, 117; (6) the evidence of actual consumer confusion, *id*. ¶¶ 82-83; and (9) the similarity between GOLO's products (e.g., cookbooks and meals) and the Infringing Products, *id*. ¶¶ 24-28, 76. Importantly, because the Court must weigh all of the *Lapp* factors, each of which is "fact-intensive," the issue of likelihood of confusion "ordinarily does not lend itself to a motion to dismiss." *Merck & Co. v. Mediplan Health Consulting, Inc*., 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006). Consequently, based on these unchallenged allegations alone, Amazon's motion to dismiss regarding likelihood of confusion should be denied. And Amazon's further arguments regarding likelihood of confusion are meritless.

### 1. Titles are not immune from trademark infringement.

Amazon asserts that the Infringing Products cannot cause consumer confusion because the First Amendment provides a total defense under the test from *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989). *Rogers* is not controlling here. To start, the Third Circuit has never explicitly adopted *Rogers*. *See Facenda v. N.F.L. Films, Inc*., 542 F.3d 1007, 1018 (3d Cir. 2008). Moreover, the Supreme Court recently limited *Rogers* in *Jack Daniel's Props., Inc. v. VIP Prod. LLC*, 599 U.S. 140, (2023). There, the Court stated that *Rogers* "has always been a cabined doctrine" that does not apply in many trademark cases. *Id*. at 155. In particular, the Court held that *Rogers* does not apply when a defendant uses a plaintiff's mark "as a designation of source for the infringer's own goods." *Id*. at 153. Under *Jack Daniel's*, the *Rogers* analysis does not apply to the Infringing Products because they use the GOLO Trademarks "as a designation of source." *Id*. at 153. As

alleged in the Complaint, the accused products prominently feature the GOLO Trademarks as a source-indicating function, including by displaying the marks in a much larger font than other text on the book covers. D.I. 1 ¶ 76.

In fact, Amazon itself cites a recent case in this Court that flatly contradicts Amazon's own argument, *HomeVestors of Am., Inc. v. Warner Bros. Discovery*, 2023 WL 6880341, at *1 (D. Del. Oct. 18, 2023). There, a plaintiff sued over the use of a trademark in the *title* of a television series, and the defendant moved to dismiss under *Rogers*, claiming the "use of the mark in a title renders its use non-source identifying." *Id*. at *3-5. This Court found that titles are not immune to trademark scrutiny and that the plaintiff had pled sufficient facts to plausibly allege that the "use of the mark [was] source identifying." *Id*. at *5. Similarly, GOLO has plausibly alleged that Amazon's use of GOLO Trademarks in the titles of the Infringing Products is source identifying.

Despite these clear allegations, Amazon wrongly asserts that the Complaint does not allege that Infringing Products use the GOLO Trademarks "in a source identifying way." D.I. 14 at 9. Amazon further claims the "only reference to the GOLO Marks is to identify the diet for which the books provide recipes." *Id*. This misrepresents GOLO's Complaint, which *explicitly* alleges that Infringing Products use the GOLO Trademarks to serve a "source-indicating function." D.I. 1 ¶ 46; *see also* D.I. 1-4 to 1-12 (showing the prominent use of the GOLO Trademarks by Amazon in the Infringing Products as an indicator of affiliation with GOLO). Further, the Complaint alleges in detail that the Infringing Products prominently feature the GOLO Trademarks and have caused actual consumer confusion. D.I. 1 ¶¶ 72-84. Amazon's contrary assertions regarding consumer interpretations of the GOLO Trademarks cannot be resolved through Rule 12(b)(6). *Sapieyevski v. Live Nation Worldwide, Inc*., 2019 WL 1284302, at *4 (D.D.C. Mar. 20, 2019).

Even applying *Rogers*, GOLO has sufficiently alleged likelihood of confusion. *Rogers* states that the First Amendment does not protect titles that are "explicitly misleading" regarding "authorship, sponsorship, or endorsement." *Rogers*, 875 F.2d. at 1005. A mark in a title may be "explicitly misleading" if the trademark owner demonstrates that the likelihood of consumer confusion is "particularly compelling" and therefore "outweigh[s] the First Amendment interest." *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd*., 996 F.2d 1366, 1379 (2d Cir. 1993). Indeed, "the use of a mark alone may explicitly mislead consumers about a product's source if consumers would ordinarily identify the source by the mark itself." *Gordon v. Drape Creative, Inc*., 909 F.3d 257, 270 (9th Cir. 2018). Here, GOLO's allegations regarding the prominent use of the GOLO Trademarks on directly competing products, which has caused consumer confusion (as shown by numerous examples) are "particularly compelling." D.I. 1 ¶¶ 72-84.

Finally, Amazon lacks standing to present this argument. "Ordinarily, one may not claim standing … to vindicate the constitutional rights of some third party." *New Jersey Bankers Ass'n v. Att'y Gen. New Jersey*, 49 F.4th 849, 859 (3d Cir. 2022). Here, Amazon invokes the First Amendment interests *of the purported authors* of the Infringing Products, thus exposing the fundamental inconsistency of Amazon's own arguments. On one hand, Amazon disclaims responsibility for the Infringing Products, asserting that it does not "use" the GOLO Trademarks "in commerce" or "engage in commercial speech" regarding the Infringing Products. D.I. 14 at 9, 14. Yet on the other hand, Amazon baldly asserts that its connection with the Infringing Products gives rise to a First Amendment right to sell them.

### 2.  Amazon's Search Box results can and do give rise to confusion.

GOLO asserts that consumer confusion arises in part because, when consumers enter the GOLO Trademarks into Amazon's own Search Box, the results include links to the Infringing Products rather than to genuine GOLO products, which are not sold on Amazon. D.I. 1, ¶ 9, 58-

61, 65, 69-71. Amazon claims this cannot give rise to a likelihood of confusion "as a matter of law," D.I. 14 at 9-10, but Amazon cites only to inapposite cases.

Amazon primarily relies on *Multi Time Machine, Inc. v. Amazon.com, Inc*., 804 F.3d 930 (9th Cir. 2015). In that case, the trademark owner (MTM) did not sell products on Amazon, but searches for MTM's trademark using Amazon's Search Box returned *non-infringing* products that competed with MTM. *Id.* at 932-33. The Ninth Circuit found there was no likelihood of confusion because "the marks for the[] competing brands [from the search results] are [not] similar to [MTM's] trademarks," and the search results were "clearly labeled." *Id*. at 933, 936. Similarly, in *Cohen v. Hot House Beauty Ltd*., the trademark owner failed to identify "a single infringing product" and instead claimed infringement solely on the use of Amazon's Search Box. No. 22-1646, 2023 WL 4408919, at *2 (W.D. Pa. June 14, 2023). Here, however, when consumers search for GOLO products using the GOLO Trademarks, Amazon's search results are *not* clearly labeled and do use the GOLO Trademarks. *See, e.g*., D.I. 1-3. Indeed, as noted below, courts have explicitly found such misleading search results actionable under trademark law. *See infra* V.B.3.

### 3. Amazon's use of the GOLO Trademarks in sponsored advertisements and in organic search results gives rise to confusion.

Amazon contends that its use of the GOLO Trademarks in the text of sponsored keyword advertisements and organic search results promoting non-GOLO products cannot give rise to a likelihood of confusion as a matter of law. D.I. 14 at 11-12. In both cases, Amazon is incorrect. Courts, including in this Circuit, have explicitly rejected Amazon's position and have found that search results can give rise to a likelihood of confusion when those results are misleading (as can happen when, as Amazon does here, the plaintiff's mark is *used in the advertisement*).[3] *Penn Eng'g*

---

[3] While Amazon's use of the GOLO Trademarks in both sponsored advertisements and organic search results is misleading, Amazon's use of the GOLO Trademarks in connection with organic

*Mfg. Corp. v. Peninsula Components, Inc.*, 2022 WL 3647817, at \*5 (E.D. Pa. Aug. 24, 2022) ("[A] reasonable jury could conclude there is a likelihood of initial interest confusion from the visible use of 'PEM' in [defendant's] advertisements [appearing in search results] because the advertisements are not clearly labeled."); *Seguros*, 2020 WL 3447754, at \*3 (using "a trademark in a Google advertisement . . . plainly support[s] a Lanham Act trademark infringement claim."); *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, 2020 WL 5099596, at \*5 (N.D. Tex. Aug. 7, 2020) ("[U]se of a plaintiff's marks in keyword search engine ads to direct users to the defendant may be unlawful if it causes consumer confusion."); *TSI Prods., Inc. v. Armor All/STP Prods., Co.*, 2019 WL 4600310, at \*5 (D. Conn. Sept. 23, 2019) (permitting assertion of claims based on infringing trademark usage in Google search results).

None of the cases Amazon cites state otherwise. In *J.G. Wentworth, S.S.C. Ltd. P'Ship v. Settlement Funding LLC*, defendant's use of plaintiff's trademark was very different than Amazon's use here because the defendant purchased the plaintiff's trademark as an AdWord but *never* used plaintiff's mark in the advertisements that appeared to users—unlike Amazon has done here. 2007 WL 30115, \*1-2, 6-8 (E.D. Pa. Jan. 4, 2007). In *Guardian Pool Fence Sys., Inc. v. Sunwest Indus., Inc.*, decided at summary judgment and not on the pleadings, the defendant did not use the plaintiff's trademark in connection with the sale of defendant's products. 2017 WL 2931413, at \*1, \*6 (C.D. Cal. June 1, 2017). And *Toyota Motor Sales, U.S.A. Inc. v. Tabari* did not even involve the issue of infringement based on search engine results, but rather whether the use of a trademark in a domain name constituted fair use. 610 F.3d 1171, 1175-80 (9th Cir. 2010).

---

search results is even more likely to confuse consumers because they are not labeled as advertisements.

### 4.   Amazon offers no basis to dismiss GOLO's Delaware dilution claim.

Amazon makes a conclusory request for dismissal of GOLO's claim for dilution under Delaware state law (Count VI). *See* D.I. 14 at 13. Yet Amazon offers no arguments as to why this separate claim should be dismissed, instead relying solely on the same flawed arguments related to GOLO's trademark infringement and unfair competition claims. *Id.* at 8-13; *see supra* at §V.A.3. This is fatal to Amazon's request, as the statutes and standards for federal trademark infringement and Delaware dilution differ materially. *See S&P Global Inc. v. S&P Data LLC*, 619 F. Supp. 3d 445, 468-69 (D. Del. 2022) (outlining elements and applying Lanham Act *dilution* factors, not Lanham Act *likelihood-of-confusion* factors, to Delaware dilution claim;); *Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, 2022 WL 605724, at *3 (D. Del. Jan. 25, 2022) (same); *see also Mil. Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*, 251 F. Supp. 3d 750, 757 (D. Del. 2017) (denying dismissal of dilution claim under 6 Del. C. § 3313); *HomeVestors*, 2023 WL 6880341, at *6 (denying dismissal of state-law dilution claim).

GOLO has alleged more than enough to sustain its Delaware dilution claims. GOLO alleges that it acquired valuable rights in the GOLO Trademarks, and Amazon's sale of low-quality and misleading goods that prominently feature the GOLO Trademarks tarnishes and harms GOLO's rights and reputation. D.I. 1 ¶¶ 81-84; *id.* ¶¶ 158-159. Even were Amazon to sell higher quality products that feature the GOLO Trademarks, those products would "diminish[] the extent to which the GOLO Trademarks are associated exclusively with [GOLO's] products and services." *Id.* ¶ 160. The Court should accordingly deny Amazon's motion regarding dilution.

### C.  GOLO Has Plausibly Alleged False Advertising.

Amazon has engaged in false advertising by wrongly stating in product listings and other advertisements that the Infringing Products provide recipes that comport with GOLO's health and wellness plan. D.I. 1 ¶¶ 86-92. Also, this false advertising is exacerbated by Amazon using its

Search Box to identify the nonconforming Infringing Products in response to queries using the GOLO Trademarks and working with third-party Search Engines to do the same. *Id.* ¶¶ 136-154.

### 1.  The Communications Decency Act does not bar GOLO's claim.

Amazon asserts that § 230 of the Communications Decency Act bars GOLO's false advertising claims regarding Amazon's conduct on its platform. Amazon ignores two key limitations on § 230 that render it inapplicable. First, § 230 does not apply to claims "pertaining to intellectual property," 47 U.S.C. § 230(e)(2), and hence the protections of § 230 do not apply to false advertising claims involving trademarks. *See Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1053 (9th Cir. 2019). Here, GOLO's false advertising claim pertains to GOLO's Trademarks:  Amazon falsely stated that the Infringing Products comport with GOLO's plan by describing those products *using* the GOLO Trademarks, e.g., stating that one product has "recipes that align perfectly with the principles of the Golo Diet." D.I. 1-11 at 1.

Second, § 230 protects a service provider only for claims that "seek[] to treat the defendant as a publisher or speaker of … third party content." *Moretti v. Hertz Corp.*, 2017 WL 1032783, at *2 (D. Del. Mar. 17, 2017). However, "as to content that [a service provider] creates itself, . . .the [service provider] is also a content provider." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). In such a case, a service provider "is not immune from liability arising from publication of that content." *F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1197 (10th Cir. 2009). Here, GOLO's false-advertising claim targets Amazon's speech, not that of a third party. Importantly, GOLO focuses on the descriptions in the false *listings* of the Infringing Products that Amazon provides in advertising those products. D.I. 1 ¶¶ 82, 85-92; D.I. 1-4 to 1-12. Additionally, GOLO has alleged that Amazon is producing the Infringing Products. D.I. 1 ¶¶ 46, 76, 79. As a result, any language from those products that is reproduced on Amazon's platform is also Amazon's speech. Amazon's contentions that it does

not produce the listings or the Infringing Products are simply contrary factual assertions that cannot be resolved through a motion to dismiss. *See supra*, § II. And Amazon's reliance on cases where a plaintiff *agreed* that content was third-party created is misplaced. *E.g.*, *Planet Green Cartridges, Inc. v. Amazon.com, Inc.*, 2023 WL 8943219, at *1 (C.D. Cal. Dec. 5, 2023).

### 2. Amazon's First Amendment argument is inapplicable.

Amazon asserts that GOLO's false advertising claims regarding the Infringing Products are barred because the First Amendment "protects booksellers from allegations requiring them to police the contents of third-party authors." D.I. 14 at 14. But that's not what's at issue here. GOLO alleges that Amazon produced the Infringing Products, not third parties. And GOLO's false-advertising claims target the false statements Amazon makes in the listings to promote and sell the Infringing Products. D.I. 1 ¶¶ 82, 85-92; D.I. 1-4 to 1-12. Amazon must only police *itself*.

### 3. Amazon has engaged in commercial speech on its platform.

Amazon argues it has not engaged in any commercial speech on its platform because the speech regarding the Infringing Products is from third-party authors. D.I. 14-16. Not so. GOLO has properly alleged that Amazon itself has engaged in commercial speech in three respects.

First, Amazon has engaged in commercial speech because Amazon itself has produced the Infringing Products, including their covers, which falsely reference the GOLO program. D.I. 1 ¶¶ 9, 46, 76-79. In fact, by invoking the First Amendment in its motion (though wrongly), Amazon concedes that content in the Infringing Products is speech. While Amazon asserts that it is "not the party that created the allegedly misleading content," D.I. 14 at 15, GOLO's factual allegations are presumed true at this stage, and Amazon cannot obtain dismissal simply by alleging contrary facts. *Warren Gen. Hosp.*, 643 F.3d at 84; *CHNJ Invs., LLC*, 2013 WL 1192400, at *5.

Second, irrespective of whether Amazon or third parties make the Infringing Products, Amazon engages in commercial speech by providing detailed and robust listings for them. D.I. 1

¶¶ 46, 76, 79. Those listings are advertisements that refer to specific products and are economically motivated. *See U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 933 (3d Cir. 1990). Because the speech belongs to Amazon, Amazon's reliance on *Lassoff v. Amazon.com*, is misplaced, as that case involved only content from third parties. 2017 WL 372948, at *2 (W.D. Wa. Jan. 26, 2017). Amazon cannot obtain dismissal simply by alleging it does not create the listings. *CHNJ Invs., LLC*, 2013 WL 1192400, at *5. Tellingly, *Lassoff* was resolved on summary judgment after discovery, not dismissal under Rule 12(b)(6). 2017 WL 372948, at *1.

As a result, Amazon is not "merely a retailer that displays products for sale," D.I. 14 at 15, and the cases cited by Amazon regarding the passive display of products are irrelevant. For instance, in *Optimum Techs., Inc. v. Home Depot USA, Inc*., a court found that a store does not engage in commercial speech by placing a product next to an incorrect store tag on a physical shelf. 2005 WL 3307508, at *6 (N.D. Ga. Dec. 5, 2005), *aff'd in part* 217 F. App'x 899 (11th Cir. 2007). Notably, the *Optimum* court declined to make a similar ruling regarding a store webpage that potentially provided false information regarding a product. *Id*. In *Cohn v. Kind, LLC*, the court found that a store did not engage in false advertising merely by selling a product with a potentially false label affixed by the third-party manufacturer. 2015 WL 9703527, at *3 (S.D.N.Y. Jan. 14, 2015). In reaching this conclusion, the *Cohn* court distinguished an earlier case where, like here, a plaintiff successfully alleged that false statements were made by a retailer "in its in-store advertisements and on its website" regarding a product. *Id*. Thus, both cases cited by Amazon recognize that a defendant retailer's own false listings online are actionable.

Third, Amazon engages in commercial speech through the search results that Amazon's Search Box provides in response to searches for the GOLO Trademarks. These results are plainly commercial speech because they provide information in the form of links to the Infringing

17

Products for the purposes of selling those products. Amazon asserts that search results can never be commercial speech but identifies no authority to support this sweeping claim. The only case Amazon cites, *Obado v. Magedson*, is clearly distinguishable. 2014 WL 3778261 (D.N.J. July 31, 2014). There, the court rejected a plaintiff's argument that third-party blog posts were the commercial speech of search engines like Google and Yahoo simply because those engines provided links to the posts. *Id*. at *7. Here, Amazon's Search Box provides links to its *own* content and its own products for sale, not the material of a third party. D.I. 1 ¶¶ 46, 60, 76, 79.

### 4. GOLO has plausibly alleged that organic searches include Amazon's commercial speech and are relevant to Amazon's false advertisement.

Amazon provides little critique of GOLO's false advertising claim regarding "Third-Party Search Results" and instead merely references Amazon's mistaken arguments on commercial speech. D.I. 14, at 17-18. Those arguments should be rejected for the same reasons discussed above. Moreover, while third parties determine *which* results are displayed, the *content* of those results (such as links that include GOLO Trademarks) is provided by Amazon. *See* D.I. 1 ¶¶ 50-53. *Seguros,* 2020 WL 3447754, at *4 (denying a motion to dismiss a false-advertising claim based on search results that mentioned a competitor "in the text" of Google search results).

### 5. GOLO's false advertising claims are not duplicative of GOLO's trademark claims.

Amazon asserts that any false advertising claims involving Amazon's Search Box or sponsored third-party search results must be dismissed because they are "duplicative" of GOLO's trademark infringement claims. However, GOLO's false advertising claims are not duplicative of its trademark infringement claims. *See Lexmark, Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 122 (2014); *see, e.g*., *Seguros*, 2020 WL 3447754, at *3-4.  GOLO's false-advertising claims allege that (1) Amazon's Search Box provides in response to searches for GOLO Trademarks links to the Infringing Products, including their content and listings that wrongly

indicate those products comport with GOLO's diet plan, D.I. 1 ¶ 138; *see also id*. ¶¶ 59, 85, 88, and (2) Amazon has paid third-party search engines to provide in response to searches using the GOLO Trademarks links to that same false material on Amazon's platform. *Id*. ¶¶ 48-49, 138. These claims are distinct from GOLO's trademark claims, which address, *inter alia*, the likelihood that consumers will be confused regarding whether GOLO makes, sponsors, endorses, or approves of the Infringing Products.

Additionally, Amazon cites no authority holding that "duplicative" false advertising claims must be dismissed. Amazon's reliance on *Parks, LLC v. Tyson Foods, Inc*., is misplaced. 863 F.3d 220 (3d Cir. 2017); *see* D.I. 14 at 17-18. *Parks* does not hold that any false advertising claims are per se "duplicative" of a trademark claim in the same case, or that a false advertising claim that actually is "duplicative" must be automatically dismissed. Rather, *Parks* simply states that when false advertising and trademark claims are duplicative, they "rise[] and fall[]" together, so that dismissal of one requires dismissal of the other. 863 F.3d at 227. As a result, even if GOLO's claims were duplicative, none of them should be dismissed for the reasons stated above.

### D. GOLO Has Plausibly Alleged the Requisite Knowledge for Contributory Trademark Infringement.

Amazon incorrectly asserts that the Complaint does not adequately allege that Amazon has sufficient knowledge of direct infringement to be liable for contributory trademark infringement. A service provider is liable for contributory trademark infringement if it "'continues to supply its [service] to one whom it knows or has reason to know is engaging in trademark infringement.'" *Tiffany (NJ) Inc. v. eBay Inc*., 600 F.3d 93, 106 (2d Cir. 2010) (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc*., 456 U.S. 844, 854 (1982)). This knowledge requirement may be satisfied by showing a service provider has "intentionally shielded" itself from knowledge of direct infringement to remain willfully blind. *Tiffany*, 600 F.3d at 109.

GOLO properly alleges willful blindness and actual knowledge in its Complaint. D.I. 1 ¶¶ 110, 123, 130. For example, Amazon operates a Brand Registry System, through which trademark owners can provide notice to Amazon regarding trademark infringement on Amazon's platform. *Id.* ¶¶ 72-79. GOLO previously protected its rights in the GOLO Trademarks through the Brand Registry, but around March 2023, Amazon *revoked* GOLO's access to this system. *Id.* ¶¶ 73-75. By refusing to allow Amazon to use this system, Amazon has willfully blinded itself to GOLO's infringement complaints. *Id.* ¶¶ 75-79. Moreover, as the Complaint alleges, GOLO has provided Amazon with actual notice of infringement, but Amazon has refused to take any action in response. *Id.* Plus, the Complaint provides Amazon with knowledge of numerous instances of infringement, D.I. 1-3; D.I. 1 ¶¶76, 79. Amazon's reliance on *Tiffany* is misplaced. There, the defendant immediately removed products from its platform upon receiving notice from the trademark owner. 600 F.3d at 98-100. Here, in contrast, Amazon first revoked GOLO's access to the Brand Registry, D.I. 1 ¶¶72-79, and still refuses to take down the Infringing Products. Consequently, Amazon is wrong to contend this is a case of only "general knowledge" of infringement. D.I. 14 at 19.

## VI.   CONCLUSION

For the foregoing reasons, Amazon's motion to dismiss should be denied in its entirety. GOLO's complaint clearly states the factual basis of its claims, such that no amendment is necessary. Out of an abundance of caution, should the Court determine otherwise and find that clarification is warranted, GOLO seeks leave to amend in order to conform the Complaint to those terms pursuant to FED. R. CIV. P. 15(a).

Dated: January 12, 2024

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Dana K. Severance*
Dana K. Severance (#4869)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4329
Email: Dana.Severance@wbd-us.com

Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Email: Julie.Giardina@wbd-us.com

Stephen F. Shaw *(pro hac vice)*
North Carolina State Bar No. 41582
WOMBLE BOND DICKINSON (US) LLP
300 North Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: 336-574-8052
E-Mail: Stephen.Shaw@wbd-us.com

Douglas A. Rettew *(pro hac vice* pending)
Patrick J. Rodgers *(pro hac vice* pending)
FINNEGAN HENDERSON FARABOW
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4307
E-Mail: doug.rettew@finnegan.com
E-Mail: patrick.rodgers@finnegan.com

*Attorneys for Plaintiff GOLO, LLC*