UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and<br>AMAZON.COM SERVICES LLC,<br><br>               Defendants. | C.A. No. 23-1200-MN |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

**Pages**

I. Argument .................................................................................................................................1

    A. Counts I (Trademark Infringement), II (Unfair Competition), V (Delaware Unfair Competition), and VI (Delaware Dilution) fail to state a claim for relief because GOLO cannot plausibly plead that Amazon used GOLO's Marks. ...................................................................................................................................1

        i. GOLO has not plausibly alleged that Amazon uses the GOLO Marks in commerce by selling the Cookbooks. ......................................................1

        ii. GOLO cannot plausibly allege Amazon uses the GOLO Marks in commerce with regard to Organic Third-Party Search Results. ..................3

        iii. GOLO cannot plausibly allege dilution because Amazon does not use the GOLO Marks in connection with the Cookbooks, Amazon Search Box Results, or Organic Third-Party Search Results..................................3

    B. Counts I (Trademark Infringement), II (Unfair Competition), and V (Delaware Unfair Competition) fail to state a claim for relief because the alleged conduct does not create consumer confusion as a matter of law.................4

        i. The sale of Cookbooks with GOLO in the title is not likely to create consumer confusion as a matter of law. ......................................................4

        ii. Clearly labeled Amazon Search Box Results are not likely to create consumer confusion as a matter of law. ......................................................5

        iii. Organic Third-Party Search Results are not likely to create consumer confusion as a matter of law. ......................................................................6

        iv. GOLO cannot plausibly allege that there is any likelihood of confusion with regard to Sponsored Third-Party Search Results. ...............6

    C. GOLO Failed to Plausibly Allege False Advertising (Count IV) with Regard to Cookbooks, Amazon Search Box Results, Organic Third-Party Search Results, and Sponsored Third-Party Search Results relating to Cookbooks. ..........7

        i. The Communications Decency Act bars GOLO's false advertising claim based on Cookbooks and Amazon Search Box Results.....................7

        ii. The First Amendment bars GOLO's claims related to the Cookbooks.......8

        iii. Amazon does not engage in commercial speech regarding Amazon Search Box Results. ..................................................................................8

        iv. Amazon does not engage in commercial speech with regard to Organic Third-Party Search Results. ........................................................9

        v. GOLO's false advertising claim regarding the Sponsored Third-Party Search Results related to Cookbooks and Amazon Search Box Results should be dismissed as duplicative of GOLO's trademark claim................9

    D. GOLO Failed to Plausibly Allege that Amazon Had the Requisite Knowledge or Intent for Contributory Trademark Infringement (Count III)...........................10

II.	Conclusion ................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   515 F. Supp. 3d 1089 (N.D. Cal. 2021) ..................................................................................2

*Chanel, Inc. v. WGACA, LLC*,
   2022 WL 902931 (S.D.N.Y. Mar. 28, 2022) ..........................................................................2

*Cohen v. Hot House Beauty Ltd.*,
   2023 WL 4408919 (W.D. Pa. June 14, 2023) .........................................................................5

*Dryoff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ................................................................................................8

*El Greco Leather Prods. Co. v. Shoe World, Inc.*,
   806 F.2d 392 (2d Cir. 1986) ...................................................................................................2

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
   946 F.3d 1040 (9th Cir. 2019) ................................................................................................7

*GOLO LLC v. Goli Nutrition Inc.*,
   Case No. 1:20-cv-00667-CFC-SRF, Dkt. 693 (D. Del. Aug. 25, 2023) ..................................5

*H-D U.S.A., LLC v. SunFrog, LLC*,
   311 F. Supp. 1000 (E.D. Wis. 2018) ......................................................................................2

*Interactive Prod. Corp. v. a2z Mobile Off. Sols., Inc.*,
   326 F.3d 687 (6th Cir. 2003) ..................................................................................................3

*Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*,
   2020 WL 5099596 (N.D. Tex. Aug. 7, 2020) .........................................................................6

*Lasoff v. Amazon.com, Inc.*,
   2017 WL 372948 (W.D. Wa. Jan. 26, 2017) ..........................................................................9

*Multi-Time Machine v. Amazon.com, Inc*,
   804 F.3d 930 (9th Cir. 2015) ..................................................................................................5

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
   496 F.3d 1231 (11th Cir. 2007) ..........................................................................................2, 3

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989) ...................................................................................................4

*Smith v. California*,
    361 U.S. 147 (1959)....................................................................................................................8

*Tiffany (NJ) Inc. v. eBay, Inc.*,
    600 F.3d 93 (2d Cir. 2010).......................................................................................................10

*Toyota Motor Sales, U.S.A. Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ...................................................................................................6

*Warren Gen. Hosp. v. Amgen Inc.*,
    643 F.3d 77 (3d Cir. 2011)................................................................................................1, 4, 9

**Statutes**

Lanham Act ,15 U.S.C. § 1125 (a) ................................................................................................7

**Other Authorities**

First Amendment ........................................................................................................................4, 8

GOLO's[1] Answering Brief (the "Opposition" or "Opp.") merely attempts to distract from the plain take-away of Amazon's Motion to Dismiss—all but one of the causes of action in GOLO's Complaint either fail to state a claim as a matter of law or are not plausibly pled. GOLO's Opposition fails to address Amazon's arguments[2] and makes conclusory allegations with no factual or legal support. Amazon is not, as GOLO suggests, urging this Court to dismiss the Complaint simply because the alleged facts are untrue. Rather, Amazon seeks dismissal of the Complaint because, *even if* those facts are assumed to be true, GOLO cannot plausibly allege that the uses of the GOLO Marks that it complains of are attributable to Amazon or that consumer confusion is likely to result. Contrary to GOLO's suggestion, on a motion to dismiss, the plaintiff must plead sufficient factual matter to show that a claim is facially plausible. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "After *Twombly* and *Iqbal*, conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted).

**I.    Argument**

    **A.    Counts I (Trademark Infringement), II (Unfair Competition), V (Delaware Unfair Competition), and VI (Delaware Dilution) fail to state a claim for relief because GOLO cannot plausibly plead that Amazon used GOLO's Marks.**

GOLO failed to state a claim with regard to Counts I, II, V, and VI because GOLO has failed to plausibly plead that Amazon is the party that used GOLO's Marks. *See* Op. Br. at 6-8.

    **i.    GOLO has not plausibly alleged that Amazon uses the GOLO Marks in commerce by selling the Cookbooks.**

---

[1]  Terms used herein have the same meaning as in the Opening Brief in Support of Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Dkt. 14) (the "Opening Brief" or "Op. Br.").
[2]  In part, GOLO fails to address that each Cookbook identifies an independent author and publisher; organic searches are a simple indexing function conducted by search engines and not Amazon; and that the Amazon Search Box Results contain many products that are not Cookbooks, admittedly "do not explicitly bear the GOLO Trademarks," Compl. ¶ 64, and cannot possibly cause confusion with the GOLO Marks (*e.g.*, BULLETPROOF gummies, *id.*). Op. Br. at 6-8, 11-12.

No fact alleged in GOLO's Complaint plausibly supports its claim that Amazon is the party that placed the GOLO Marks on the Cookbooks. Opp. at 5. GOLO relies solely on its conclusory allegation that Amazon "produced, advertised, and sold" the Cookbooks. *See id.*; Compl. ¶¶ 9, 46. Absent from the Complaint are any allegations that Amazon authored the Cookbooks, published the Cookbooks, wrote the copy for the Cookbooks, or affixed the GOLO Marks to the Cookbooks. The exhibits to the Complaint show that each Cookbook was "[i]ndependently published," Compl. Exs. D-L, rendering GOLO's unsupported allegation that Amazon is a "producer" implausible. Thus, unsurprisingly, GOLO does not (and cannot plausibly) even attempt to allege or argue that Amazon placed the GOLO Marks on goods or displays.

The only cases cited by GOLO for the proposition that a retailer can be held liable for direct trademark infringement for selling a product are distinguishable. In both *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392 (2d Cir. 1986), and *Chanel, Inc. v. WGACA, LLC*, 2022 WL 902931 (S.D.N.Y. Mar. 28, 2022), the products involved were either non-genuine or counterfeit goods. As both courts found, the analysis in a case involving counterfeit goods centers on likelihood of confusion as opposed to use of the marks. *See El Greco*, 806 F.2d at 396; *Chanel*, 2022 WL 90231, at *16 (finding "counterfeit marks are inherently confusing"). Such cases are inapplicable to refute the argument that Amazon did not use the GOLO Marks in commerce.

GOLO's attempt to distinguish the cases raised in Amazon's Opening Brief is unpersuasive.³ The court in *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, found that

---

³ GOLO's reading of *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089 (N.D. Cal. 2021), is incorrect. The court held that any member of the distribution chain of allegedly infringing products "can be jointly and severally liable for the alleged misconduct[,]" but that a claim for direct infringement requires that the alleged infringer "directly use the trademarks[.]" *Id.* at 1101. The court also distinguished *H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000 (E.D. Wis. 2018), where the defendant affixed the trademarks and logos onto the products themselves, from Redbubble who did not "put [the] mark on the actual product[.]" *Id.*

2

third-party retail outlets engaged in the unauthorized use of the plaintiff's mark when the mark "continued to appear on retail shelf tags and shelf crates containing the [defendant's] product" and the retailers were directly responsible for placing the mark on the goods or displays. 496 F.3d 1231, 1242 (11th Cir. 2007). The Eleventh Circuit, however, affirmed the district court finding that the distributor defendant did not use the mark in commerce because it was not the party that placed the mark on any goods or displays, the third-party retail outlets were. *Id.* at 1243.

> ii. **GOLO cannot plausibly allege Amazon uses the GOLO Marks in commerce with regard to Organic Third-Party Search Results.**

GOLO's argument regarding use of the GOLO Marks in Organic Third-Party Search Results conflates sponsored and organic search results. GOLO argues that, while third parties determine which results are displayed, Amazon is responsible for providing the content of those results.[4] Opp. at 7-8. In support of this conclusory allegation, GOLO cites to the Complaint Paragraphs 50-53, all of which discuss and display images from *sponsored* third-party search results, which are *not* at issue for this portion of Amazon's Motion. Unsurprisingly, GOLO has no response to the fact that organic searches are simple indexing functions conducted by third-party search engines to return relevant results, which does not involve any use of the GOLO Marks by Amazon. It is therefore impossible for Amazon to be "misusing GOLO's Trademarks in [] organic search results to mislead consumers" because such action does not involve use of the GOLO Marks by Amazon *at all*. Opp. at 8.

> iii. **GOLO cannot plausibly allege dilution because Amazon does not use the GOLO Marks in connection with the Cookbooks, Amazon Search**

---

[4] GOLO also complains that content of organic third-party search results include "links containing GOLO Trademarks[.]" Opp. at 8. Courts have repeatedly recognized that the appearance of a trademarked term in the post-domain path of a website's URL is unlikely to cause consumer confusion and is therefore non-infringing as a matter of law. *See, e.g.*, *Interactive Prods. Corp. v. a2z Mobile Office Sols., Inc.*, 326 F.3d 687, 691 (6th Cir. 2003) ("Because post-domain paths do not typically signify source, it is unlikely that the presence of another's trademark in a post-domain path of a URL would ever violate trademark law.") GOLO cites no contrary authority.

3

**Box Results, or Organic Third-Party Search Results.**

As outlined above and in Amazon's Opening Brief, GOLO failed to plausibly allege that Amazon uses the GOLO Marks on the Cookbooks or in Organic Third-Party Search Results. *See* Op. Br. at 8. GOLO does not deny that a claim for dilution under Delaware law includes a similar "use" requirement. As such, GOLO's dilution claim similarly fails. *See id.*

> **B.    Counts I (Trademark Infringement), II (Unfair Competition), and V (Delaware Unfair Competition) fail to state a claim for relief because the alleged conduct does not create consumer confusion as a matter of law.**
>
> > **i.    The sale of Cookbooks with GOLO in the title is not likely to create consumer confusion as a matter of law.**

Amazon's only argument with respect to the Cookbook titles is that the GOLO Marks are not used in the Cookbook titles in a source-identifying way. *See* Op. Br. at 9; *Rogers v. Grimaldi*, 875 F.2d 994, 1005 (2d Cir. 1989). GOLO suggests that *any* use of the GOLO Marks in the title of a book would serve a "source-indicating function."[5] Opp. at 9-11. Under GOLO's theory, the title "Ginger and Fred" would also be source identifying, a theory the Second Circuit expressly rejected.[6] *See Rogers*, 875 F.2d at 1001. GOLO must plausibly allege that the GOLO Marks were used on the allegedly infringing products in a source-identifying way—suggesting that the Cookbooks were made by GOLO when they are not. To the extent that the GOLO Marks are used in any source-identifying way, that use is made by third parties and not Amazon, *supra* § I(A)(i), which GOLO tacitly admits by arguing that Amazon lacks standing to raise any First Amendment claim as it relates to the titles.[7] Opp. at 11. Here, the covers of the Cookbooks and the listing

---

[5] The only references in GOLO's Complaint to source identification are Paragraphs 9 and 46 which allege that Amazon is producing, offering, and selling products which use the GOLO Marks "as a source-indicating function." These conclusory allegations are insufficient to survive a motion to dismiss. *See Warren*, 643 F.3d at 84.
[6] Tellingly, under GOLO's theory, a hypothetical title such as "The GOLO Release Diet Does Not Work" would also be a source identifying use of GOLO.
[7] GOLO argues that Amazon "invokes the First Amendment interests *of the purported authors* of

pages bear the author's name and state they are independently published. *See* Compl. Exs. D-L. Thus, GOLO failed to plausibly allege a likelihood of confusion regarding the Cookbook titles.[8]

### ii. Clearly labeled Amazon Search Box Results are not likely to create consumer confusion as a matter of law.

GOLO's only argument regarding the Amazon Search Box Results is that when consumers enter the GOLO Marks into the search bar on Amazon's website, the results include links to products which GOLO claims to be infringing. Opp. at 11-12. Nothing supports GOLO's extreme position.[9] GOLO attempts to distinguish the well-reasoned and directly applicable decisions in *Multi-Time Machine v. Amazon.com, Inc*, 804 F.3d 930 (9th Cir. 2015) and *Cohen v. Hot House Beauty Ltd.*, 2023 WL 4408919 (W.D. Pa. June 14, 2023), by arguing that the cases involved only non-infringing yet competing search results. Opp. at 12.[10] GOLO is wrong. The holdings in both cases focus on the fact that Amazon search box results show clearly labeled products with identifying information making the format and content of the search results unlikely to result in any consumer confusion. *See Multi-Time*, 804 F.3d at 937-38; *Cohen*, 2023 WL 4408919, at *5. As here, the Amazon Search Box Results show clearly labeled products with identifying information and non-infringing results, with names and marks completely distinct from the GOLO

---

the Infringing Products," thereby acknowledging it is *the authors* of the Cookbooks that are responsible for any purported source-identifying conduct. Opp. at 11.

[8] GOLO argues that it "has sufficiently alleged likelihood of confusion" without explanation. Opp. at 11. The only citations to the Complaint are to irrelevant paragraphs that do not even discuss confusion or to paragraphs which suggest, at best, confusion over specific contents of the Cookbooks, not their titles or Amazon's display thereof. *Id.* (citing Compl. ¶¶ 72-84).

[9] GOLO's Complaint shows that the Amazon Search Box Results include products which do not, and could not be alleged to, infringe the GOLO Marks. Compl. Ex. B. For example, many of the top Amazon Search Box Results pursuant to a search for "Golo" are Goli products which are clearly not infringing, as a recent jury verdict in this District confirmed. *See GOLO LLC v. Goli Nutrition Inc.,* Case No. 1:20-cv-00667-CFC-SRF, Dkt. 693 (D. Del. Aug. 25, 2023) (Ex. A).

[10] Notably, GOLO's citation to *Cohen* regarding the failure to identify "a single infringing product" was in the court's discussion regarding the sale of infringing products, not the court's discussion of Amazon's liability for search box results. 2023 WL 4408919, at *3.

5

Marks. *See* Compl. Ex. B. Thus, the Amazon Search Box Results are not likely to create consumer confusion as a matter of law. GOLO's conclusory statement that "Amazon's search results are *not* clearly labeled" is clearly insufficient to survive a motion to dismiss. Opp. at 12.

      iii.    **Organic Third-Party Search Results are not likely to create consumer confusion as a matter of law.**

In its Opposition, GOLO again fails to distinguish between Organic and Sponsored Third-Party Search Results. None of the cases on which GOLO relies mention organic search results, and GOLO therefore failed to respond to Amazon's argument that Organic Third-Party Search Results are not likely to create consumer confusion with either factual or legal support. Opp. at 12-13. Instead, GOLO states that "Amazon's use of the GOLO Trademarks in connection with organic search results is even more likely to confuse consumers because they are not labeled as advertisements." Opp. at 12-13, n.3. The cases GOLO cites simply do not support this argument. *See* Op. Br. at 11-12; *Toyota Motor Sales, U.S.A. Inc. v. Tabari*, 610 F.3d 1171, 1179 (9th Cir. 2010) (finding consumers "fully expect to find some sites that aren't what they imagine based on a glance at the . . . search engine summary" and do not form "any firm expectations about the sponsorship of a website until they've seen the landing page—if then").

      iv.    **GOLO cannot plausibly allege that there is any likelihood of confusion with regard to Sponsored Third-Party Search Results.**

Without analysis or support, GOLO suggests that use of a mark alone in sponsored advertisements on third-party search engine sites gives rise to a claim for trademark infringement. Opp. at 12-13. The cases on which GOLO relies hold that the use of a mark in sponsored advertisements *may* be unlawful *if* it results in consumer confusion. *Id.*; *see, e.g.*, *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC,* 2020 WL 5099596, at *5 (N.D. Tex. Aug. 7, 2020) ("[U]se of a plaintiff's marks in keyword search engine ads to direct users to the defendant may be unlawful if it causes consumer confusion."). GOLO failed to plausibly allege that the Sponsored Third-

6

Party Search Results in this case are likely to result in consumer confusion. *See* Op. Br. at 12-13. Ignoring GOLO's bluster, all of the sponsored links it complains of are clearly labeled as sponsored or as an advertisement and include Amazon's non-infringing domain name. *Id.* at 12. GOLO also ignores that consumers who click on such links are not likely to be confused given that consumers accustomed to Internet searching and sponsored advertisements and will know the source of such products is Amazon or its retailers and not GOLO. *Id.* at 12-13. Courts have repeatedly recognized that confusion is unlikely under these circumstances, and GOLO's claims based on Sponsored Third-Party Search Results should therefore be dismissed. *Id.*

> C. **GOLO Failed to Plausibly Allege False Advertising (Count IV) with Regard to Cookbooks, Amazon Search Box Results, Organic Third-Party Search Results, and Sponsored Third-Party Search Results relating to Cookbooks.**
>
> > i. **The Communications Decency Act bars GOLO's false advertising claim based on Cookbooks and Amazon Search Box Results.**

GOLO relies on *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019), to argue that Section 230 does not apply because "GOLO's false advertising claim pertains to GOLO's trademarks." Opp. at 15. Four pages later, GOLO argues the opposite—that its false advertising claims "are distinct from GOLO's trademark claims" in response to Amazon's argument that they are duplicative. *Id.* at 19. GOLO cannot have it both ways. The intellectual property exception to Section 230 is inapplicable here because GOLO's false advertising claim regarding assertions that some of the Cookbooks are compliant with GOLO's diet plan does not itself involve intellectual property. *See Enigma*, 946 F.3d at 1053 (holding the Section 230 intellectual property exception "does not apply to false advertising claims brought under § 1125(a) of the Lanham Act, unless the claim itself involves intellectual property"); Compl. ¶ 138. GOLO further argues that Section 230 of the CDA is inapplicable because its false advertising claim purportedly "targets Amazon's speech, not that of a third party." Opp. at 15. But GOLO hasn't

7

identified ANY speech *by Amazon*. The only paragraphs GOLO points to discuss *third-party purchaser reviews*, Compl. ¶ 82,—not made by Amazon—and the titles and/or contents of the Cookbooks—not written, authored, or published by Amazon, *id.* ¶¶ 85-92. Opp. at 15. GOLO also states without support that *any* language regarding products appearing on Amazon's site constitutes Amazon's speech, regardless of whether it originated from a third party. Opp. at 15-16. Such an argument would render Section 230 of the CDA useless, as it specifically distinguishes between information which originates from a third-party and information which originates from a website operator. *See, e.g.*, *Dryoff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093 (9th Cir. 2019) (stating the CDA provides immunity "for third-party information . . . unless the website operator is responsible, in whole or in part, for the creation or development of [the] information"). Thus, Section 230 immunity bars GOLO's false advertising claim. *See* Op. Br. at 13-14.

### ii. The First Amendment bars GOLO's claims related to the Cookbooks.

GOLO argues that Amazon's First Amendment argument is inapplicable because Amazon produced the Cookbooks. Opp. at 16. But GOLO's Complaint confirms that the allegedly infringing products were all "[i]ndependently published" and that persons other than Amazon are the authors of the books. Compl. Exs. D-L. As the Supreme Court made clear decades ago, the First Amendment protects booksellers from allegations requiring them to police the contents of third-party authors. *See, e.g., Smith v. California,* 361 U.S. 147, 153 (1959); Op. Br. at 14. Therefore, the First Amendment bars GOLO's claims related to the sale of the Cookbooks.

### iii. Amazon does not engage in commercial speech regarding Amazon Search Box Results.

To the extent GOLO argues Amazon has engaged in commercial speech because Amazon produced the allegedly infringing products, GOLO's Complaint clearly shows the products were independently published and GOLO cannot plausibly allege otherwise. Compl. Exs. D-L.

8

To the extent GOLO's false advertising claim is based on statements made in product listings that are returned in response to searches, Amazon is not responsible for the statements made by third-party sellers regarding the products that they offer on Amazon.com. GOLO's attempt to swiftly dismiss *Lasoff v. Amazon.com, Inc.*, 2017 WL 372948, (W.D. Wa. Jan. 26, 2017), is telling. That case distinguishes between service providers, such as Amazon, and vendors, such as the authors/publishers of the Cookbooks at issue. The court held that Amazon cannot be held liable for reproducing material that it did not know was false, and service providers who create a platform for advertising, like Amazon, cannot be held liable for misrepresentations generated by third parties. *Id.* at *8. That is exactly what has occurred here.

GOLO attempts to distinguish *Obado v. Magedson* by claiming that the Amazon Search Box Results provide links to Amazon's own content and own products for sale, not the material of a third party. Opp. at 18. As is clear from GOLO's Complaint and the exhibits thereto, none of the products at issue were authored or published by Amazon. Thus, GOLO completely ignores that Amazon is not the party that created the allegedly misleading content. Opp. at 17.

> iv. **Amazon does not engage in commercial speech with regard to Organic Third-Party Search Results.**

GOLO once again relies on the incorrect notion that Amazon takes any action at all with respect to Organic Third-Party Search Results, which involve only indexing conducted by third-party search engines. Opp. at 18. Such conclusory allegations are not sufficient to survive a motion to dismiss. *See Warren*, 643 F.3d at 84; Op. Br. at 16-17.

> v. **GOLO's false advertising claim regarding the Sponsored Third-Party Search Results related to Cookbooks and Amazon Search Box Results should be dismissed as duplicative of GOLO's trademark claim.**

Ironically, in its argument that its false advertising claim is not duplicative of its infringement claims, GOLO cites three paragraphs of the Complaint which all make clear that its

9

false advertising claim is based on its infringement claim. Opp. at 18-19 (citing Compl. ¶¶ 48 ("Amazon is exploiting the GOLO Trademarks"); 49 ("GOLO-brand products"); 59 ("Amazon is misusing and exploiting the GOLO trademarks"); 88 (referencing the "titles and listings of the Infringing Products" including the use of the phrase "GOLO Diet")). In doing so, GOLO demonstrates Amazon's argument for why they should be dismissed. Opp. at 17-18.

### D. GOLO Failed to Plausibly Allege that Amazon Had the Requisite Knowledge or Intent for Contributory Trademark Infringement (Count III).

In its Complaint, GOLO does not allege that Amazon shielded itself entirely from learning of particular infringing transactions or deliberately failed to investigate allegedly infringing transactions that were brought to its attention. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 109-10 (2d Cir. 2010) (citing *Hard Rock Café Licensing Corp. v. Concession Servs.*, 955 F.3d 1143, 1149 (7th Cir. 1992) ("To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate.")). GOLO alleges no more than general knowledge of potential infringement, which cannot give rise to a claim for contributory trademark infringement liability as a matter of law. *See Tiffany*, 600 F.3d at 107. GOLO argues, without legal citation or authority, that Amazon's revocation of GOLO's access to its Brand Registry System constitutes willful blindness. Opp. at 20. GOLO cites no authority suggesting that Amazon is contributory liable if it fails to provide access to its Brand Registry. The Brand Registry System is not the only method of reporting alleged infringement to Amazon's attention. For example, GOLO can send Amazon letters regarding claimed infringement, which it has done several times since filing the Complaint.

## II. Conclusion

Accordingly, Amazon respectfully requests that Counts I, II, V, VI and Count IV (excluding Sponsored Third-Party Search Results unrelated to Cookbooks) of GOLO's Complaint be dismissed with prejudice and Count III be dismissed without prejudice.

Dated: January 26, 2024                                     Respectfully submitted,

                                                                                                                */s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Stephanie E. O'Byrne (DE Bar No. 4446)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Phone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com
stephanie.obyrne@us.dlapiper.com

Melissa A. Reinckens (*pro hac vice*)
4635 Executive Drive, Suite 1100
San Diego, CA 92121
Phone: (858) 677-1400
melissa.reinckens@us.dlapiper.com

J. Kevin Fee (*pro hac vice*)
Jane W. Wise (*pro hac vice*)
Jenna N. Rowan (*pro hac vice*)
500 Eighth St. N.W.
Washington, DC 20004
Phone: (202) 799-4149
kevin.fee@us.dlapiper.com
jane.wise@us.dlapiper.com
jenna.rowan@us.dlapiper.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*