**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GOLO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 23-1200-MN |
| | ) |
| AMAZON.COM, INC., and | ) |
| AMAZON.COM SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF THIRD PARTY DEPOSITION SUBPOENAS TO DUCK DUCK GO, INC., GOOGLE LLC, AND MICROSOFT CORPORATION

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff GOLO, LLC, by and through its attorneys, will cause the attached Subpoenas to Testify at a Deposition (Exhibits 1-3) to be served on Duck Duck Go, Inc., Google LLC, and Microsoft Corporation.  The Subpoenas to Testify at a Deposition specify that the depositions of Duck Duck Go, Inc., Google LLC, and Microsoft Corporation will take place on October 28, 2024 at 9:00 a.m. ET, on October 29, 2024 at 9:00 a.m. ET, and on October 30, 2024 at 9:00 a.m. ET, respectively, at the offices of McCarter & English, LLP, Renaissance Centre, 405 N. King Street, 8th Floor, Wilmington, Delaware 19801 or at such date, time, and location as is agreed to by the parties or ordered by the Court, before an officer duly authorized to administer oaths, and will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony. This deposition shall continue until concluded in accordance with Rule 30 of the Federal Rules of Civil Procedure.

Dated: September 12, 2024

**MCCARTER & ENGLISH, LLP**

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: 302.984.6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff GOLO, LLC*

2

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | | |
|---|---|---|
| GOLO, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-1200-MN |
| AMAZON.COM, INC., and | ) | |
| AMAZON.COM SERVICES LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
DUCK DUCK GO, INC.
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See attached Schedule A.

| Place: McCarter & English, LLP | Date and Time: |
|---|---|
| 405 N. King Street, 8th Floor, Wilmington, DE 19801 | 10/28/2024 at 9:00 a.m. ET |

The deposition will be recorded by this method:   Videographic and stenographic

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/12/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Daniel M. Silver (#4758) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
GOLO, LLC
, who issues or requests this subpoena, are:

Daniel M. Silver, Esq., McCarter & English, LLP, Renaissance Centre, 405 N. King St., 8th Flr., Wilmington, DE 19801

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   23-1200-MN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff GOLO, LLC, by and through its attorneys, will take the Rule 30(b)(6) deposition upon oral examination of non-party Duck Duck Go, Inc. The deposition will commence at 9:00 a.m. ET on October 28, 2024, at the offices of McCarter & English, LLP, Renaissance Centre, 405 N. King Street, 8th Floor, Wilmington, Delaware 19801 or at such other mutually agreeable time and location, before an officer duly authorized to administer oaths for use as discovery, as evidence at trial, or for any other purposes as allowed by the Federal Rules of Civil Procedure and the Rules of the Court. This deposition will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony and shall continue until concluded in accordance with Rule 30 of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any topic.

1.    "You" or "Your" or "DuckDuckGo" mean DUCK DUCK GO, Inc., and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

2.    "GOLO" means Plaintiff GOLO, LLC and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

3.    "Amazon" means Defendants Amazon.com, Inc. and Amazon.com Services LLC and their affiliates, employees, agents, representatives, attorneys, or other persons acting under their control.

4.      "GOLO Marks" means the GOLO trademarks and service marks, "GOLO," "Release," "myGOLO," "GO-DIGEST," and "AEROTRAINER" as well as any other trademarks used by GOLO, "GOLO For Life®," "Go-Digest®," "REST & GO," "GOLO FOODS," and "Aerotrainer®."

5.      "GOLO Ads" means any and all sponsored and/or other ads pertaining to both: (1) Amazon, and (2) the GOLO Marks.

6.      "GOLO Search Results" means any and all search results (organic and/or otherwise) pertaining to both: (1) Amazon, and (2) the GOLO Marks.

7.      "Amazon Seller" means anyone that DuckDuckGo knows is an Amazon seller.

8.      "DuckDuckGo Platform" means any DuckDuckGo website, app, search engine, and/or platform.

9.       "Litigation" or "Action" mean the lawsuit captioned *GOLO, LLC v. Amazon.com, Inc. and Amazon.com Services LLC,* C.A. No. 23-1200-MN pending in the United States District Court for the District of Delaware.

10.     "Document" or "Documents" have the full meaning ascribed to them by the Federal Rules of Civil Procedure and shall include any means for retaining or reflecting information.

11.     "Communication" or "Communications" mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to any correspondence, electronic communications, and electronic mail.

12.     "Thing" or "Things" mean any tangible item(s) other than a Document.

13.     Use of the singular form of any word also includes the plural and vice versa.

14.     "And" and "or" shall be construed either conjunctively or disjunctively, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

15.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses as necessary to bring within the scope of the topic all information that might otherwise be construed as outside its scope.

16.     "Any," "all," "every," and "each" shall each mean and include the other, and should be interpreted broadly, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

17.     The term "Person" or "Persons" includes any individual, firm, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

## **INSTRUCTIONS**

1.     Each topic shall be construed independently and no topic shall limit the scope of any other topic.

2.     The topics herein seek full disclosure to the full extent allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and shall be interpreted as inclusive rather than exclusive.

3.     To the extent that You consider any deposition topic objectionable, respond as to the remainder of the topic, and separately state with specificity that part of the topic as to which You raise objection and each ground for each such objection. If You object to any topic on the basis of attorney-client privilege or the work product doctrine, identify the factual basis for the claim in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## **TOPICS**

1.      Any bids Amazon and/or any Amazon Seller have placed in connection with the use of the GOLO Marks as a keyword or otherwise on any DuckDuckGo Platform.

2.      Any payments made by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any DuckDuckGo Platform.

3.      To the extent not covered by Topic Nos. 1-2, any actions taken by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any DuckDuckGo Platform.

4.      The GOLO Ads, including:

   a.   The creation, use, and/or display of the GOLO Ads, including their URLs, links, titles, and/or text;

   b.   All Persons involved in the creation, use, and/or display of the GOLO Ads, including their URLS, links, titles, and/or text; and each Person's specific role in connection with the GOLO Ads;

   c.   Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Ads, including who paid for their ads, how much they paid, and/or what they paid for;

   d.   Use of the GOLO Marks in the GOLO Ads, including their URLs, links, titles, and/or text;

   e.   The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Ads;

   f.   All reports for the GOLO Ads;

   g.   Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Ads; and

4

      h.   The pages indexed by DuckDuckGo over time relative to the GOLO Ads.

5.     The GOLO Search Results, including:

      a.   The creation, use, and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text;

      b.   How DuckDuckGo identifies any Amazon URLs displayed and/or identified in the GOLO Search Results;

      c.   All Persons involved in the creation and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text; and each Person's specific role in connection with the GOLO Search Results;

      d.   Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Search Results, including who paid for the results, how much they paid, and/or what they paid for;

      e.   Use of the GOLO Marks in connection with the GOLO Search Results, including in their URLs, links, titles, and/or text;

      f.   The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Search Results;

      g.   All reports for the GOLO Search Results;

      h.   Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Search Results; and

      i.   The pages indexed by DuckDuckGo over time relative to the GOLO Search Results.

6.     To the extent not covered by the above topics, all landing pages or other content that use any of the GOLO Marks in any way and point to Amazon.com or any Amazon website

or URL on DuckDuckGo's ad network or any other DuckDuckGo Platform, all Persons involved with such landing page(s) or content, and each Person's role in connection therewith.

7.      Any communications between DuckDuckGo and Amazon concerning GOLO, the GOLO Marks, or any of the claims in this Litigation.

8.      Any agreements, partnerships, or understandings between DuckDuckGo and Amazon concerning organic search results, search traffic, or directing search traffic to Amazon, whether through paid ads, organic search results, or otherwise.

9.      The documents produced by DuckDuckGo to GOLO pursuant to the subpoena for documents and things served on DuckDuckGo on August 9, 2024.

# EXHIBIT 2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| GOLO, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-1200-MN |
| AMAZON.COM, INC., and | ) | |
| AMAZON.COM SERVICES LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Google LLC
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

    ☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:See attached Schedule A.

| Place:  McCarter & English, LLP<br>    405 N. King Street, 8th Floor, Wilmington, DE 19801 | Date and Time:<br>    10/29/2024 at 9:00 a.m. ET |
|---|---|

    The deposition will be recorded by this method:   Videographic and stenographic

    ❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/12/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Daniel M. Silver (#4758) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
GOLO, LLC
                                       , who issues or requests this subpoena, are:

Daniel M. Silver, Esq., McCarter & English, LLP, Renaissance Centre, 405 N. King St., 8th Flr., Wilmington, DE 19801

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _23-1200-MN_

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff GOLO, LLC, by and through its attorneys, will take the Rule 30(b)(6) deposition upon oral examination of non-party Google LLC. The deposition will commence at 9:00 a.m. ET on October 29, 2024, at the offices of McCarter & English, LLP, Renaissance Centre, 405 N. King Street, 8th Floor, Wilmington, Delaware 19801 or at such other mutually agreeable time and location, before an officer duly authorized to administer oaths for use as discovery, as evidence at trial, or for any other purposes as allowed by the Federal Rules of Civil Procedure and the Rules of the Court. This deposition will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony and shall continue until concluded in accordance with Rule 30 of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any topic.

1.      "You" or "Your" or "Google" mean Google LLC, and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

2.      "GOLO" means Plaintiff GOLO, LLC and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

3.      "Amazon" means Defendants Amazon.com, Inc. and Amazon.com Services LLC and their affiliates, employees, agents, representatives, attorneys, or other persons acting under their control.

4.      "GOLO Marks" means the GOLO trademarks and service marks, "GOLO," "Release," "myGOLO," "GO-DIGEST," and "AEROTRAINER" as well as any other trademarks used by GOLO, "GOLO For Life®," "Go-Digest®," "REST & GO," "GOLO  FOODS," and "Aerotrainer®."

5.      "GOLO Ads" means any and all sponsored and/or other ads pertaining to both: (1) Amazon, and (2) the GOLO Marks.

6.      "GOLO Search Results" means any and all search results (organic and/or otherwise) pertaining to both: (1) Amazon, and (2) the GOLO Marks.

7.      "Amazon Seller" means anyone that Google knows is an Amazon seller.

8.      "Google Platform" means any Google website, app, search engine, and/or platform.

9.       "Litigation" or "Action" mean the lawsuit captioned *GOLO, LLC v. Amazon.com, Inc. and Amazon.com Services LLC,* C.A. No. 23-1200-MN pending in the United States District Court for the District of Delaware.

10.     "Document" or "Documents" have the full meaning ascribed to them by the Federal Rules of Civil Procedure and shall include any means for retaining or reflecting information.

11.     "Communication" or "Communications" mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to any correspondence, electronic communications, and electronic mail.

12.     "Thing" or "Things" mean any tangible item(s) other than a Document.

13.     Use of the singular form of any word also includes the plural and vice versa.

14.     "And" and "or" shall be construed either conjunctively or disjunctively, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

15.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses as necessary to bring within the scope of the topic all information that might otherwise be construed as outside its scope.

16.     "Any," "all," "every," and "each" shall each mean and include the other, and should be interpreted broadly, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

17.     The term "Person" or "Persons" includes any individual, firm, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

### <u>INSTRUCTIONS</u>

1.     Each topic shall be construed independently and no topic shall limit the scope of any other topic.

2.     The topics herein seek full disclosure to the full extent allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and shall be interpreted as inclusive rather than exclusive.

3.     To the extent that You consider any deposition topic objectionable, respond as to the remainder of the topic, and separately state with specificity that part of the topic as to which You raise objection and each ground for each such objection. If You object to any topic on the basis of attorney-client privilege or the work product doctrine, identify the factual basis for the claim in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## TOPICS

1.      Any bids Amazon and/or any Amazon Seller have placed in connection with the use of the GOLO Marks as a keyword or otherwise on any Google Platform.

2.      Any payments made by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any Google Platform.

3.      To the extent not covered by Topic Nos. 1-2, any actions taken by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any Google Platform.

4.      The GOLO Ads, including:

   a.   The creation, use, and/or display of the GOLO Ads, including their URLs, links, titles, and/or text;

   b.   All Persons involved in the creation, use, and/or display of the GOLO Ads, including their URLS, links, titles, and/or text; and each Person's specific role in connection with the GOLO Ads;

   c.   Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Ads, including who paid for their ads, how much they paid, and/or what they paid for;

   d.   Use of the GOLO Marks in the GOLO Ads, including their URLs, links, titles, and/or text;

   e.   The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Ads;

   f.   All reports for the GOLO Ads;

   g.   Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Ads; and

4

h. The pages indexed by Google over time relative to the GOLO Ads.

5.     The GOLO Search Results, including:

a. The creation, use, and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text;

b. How Google identifies any Amazon URLs displayed and/or identified in the GOLO Search Results;

c. All Persons involved in the creation and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text; and each Person's specific role in connection with the GOLO Search Results;

d. Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Search Results, including who paid for the results, how much they paid, and/or what they paid for;

e. Use of the GOLO Marks in connection with the GOLO Search Results, including in their URLs, links, titles, and/or text;

f. The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Search Results;

g. All reports for the GOLO Search Results;

h. Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Search Results; and

i. The pages indexed by Google over time relative to the GOLO Search Results.

6.     To the extent not covered by the above topics, all landing pages or other content that use any of the GOLO Marks in any way and point to Amazon.com or any Amazon website

or URL on Google's ad network or any other Google Platform, all Persons involved with such landing page(s) or content, and each Person's role in connection therewith.

7.      Any communications between Google and Amazon concerning GOLO, the GOLO Marks, or any of the claims in this Litigation.

8.      Any agreements, partnerships, or understandings between Google and Amazon concerning organic search results, search traffic, or directing search traffic to Amazon, whether through paid ads, organic search results, or otherwise.

9.      The documents produced by Google to GOLO pursuant to the subpoena for documents and things served on Google on August 9, 2024.

# EXHIBIT 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | | |
|---|---|---|
| GOLO, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-1200-MN |
| AMAZON.COM, INC., and AMAZON.COM SERVICES LLC | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Microsoft Corporation
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Schedule A.

| Place: McCarter & English, LLP<br>405 N. King Street, 8th Floor, Wilmington, DE 19801 | Date and Time:<br>10/30/2024 at 9:00 a.m. ET |
|---|---|

The deposition will be recorded by this method:  Videographic and stenographic

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/12/2024

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Daniel M. Silver (#4758) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
GOLO, LLC
, who issues or requests this subpoena, are:

Daniel M. Silver, Esq., McCarter & English, LLP, Renaissance Centre, 405 N. King St., 8th Flr., Wilmington, DE 19801

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-1200-MN

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff GOLO, LLC, by and through its attorneys, will take the Rule 30(b)(6) deposition upon oral examination of non-party Microsoft Corporation. The deposition will commence at 9:00 a.m. ET on October 30, 2024, at the offices of McCarter & English, LLP, Renaissance Centre, 405 N. King Street, 8th Floor, Wilmington, Delaware 19801 or at such other mutually agreeable time and location, before an officer duly authorized to administer oaths for use as discovery, as evidence at trial, or for any other purposes as allowed by the Federal Rules of Civil Procedure and the Rules of the Court. This deposition will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony and shall continue until concluded in accordance with Rule 30 of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any topic.

1.      "You" or "Your" or "Microsoft" mean Microsoft Corporation, and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

2.      "GOLO" means Plaintiff GOLO, LLC and its affiliates, employees, agents, representatives, attorneys, or other persons acting under its control.

3.      "Amazon" means Defendants Amazon.com, Inc. and Amazon.com Services LLC and their affiliates, employees, agents, representatives, attorneys, or other persons acting under their control.

4.      "GOLO Marks" means the GOLO trademarks and service marks, "GOLO," "Release," "myGOLO," "GO-DIGEST," and "AEROTRAINER" as well as any other trademarks used by GOLO, "GOLO For Life®," "Go-Digest®," "REST & GO," "GOLO FOODS," and "Aerotrainer®."

5.      "GOLO Ads" means any and all sponsored and/or other ads pertaining to both: (1) Amazon, and (2) the GOLO Marks.

6.      "GOLO Search Results" means any and all search results (organic and/or otherwise) pertaining to both: (1) Amazon, and (2) the GOLO Marks.

7.      "Amazon Seller" means anyone that Microsoft knows is an Amazon seller.

8.      "Microsoft Bing Platform" means any Bing or Microsoft Bing website, app, search engine, and/or platform.

9.       "Litigation" or "Action" mean the lawsuit captioned *GOLO, LLC v. Amazon.com, Inc. and Amazon.com Services LLC*, C.A. No. 23-1200-MN pending in the United States District Court for the District of Delaware.

10.      "Document" or "Documents" have the full meaning ascribed to them by the Federal Rules of Civil Procedure and shall include any means for retaining or reflecting information.

11.      "Communication" or "Communications" mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to any correspondence, electronic communications, and electronic mail.

12.      "Thing" or "Things" mean any tangible item(s) other than a Document.

13.      Use of the singular form of any word also includes the plural and vice versa.

2

14.    "And" and "or" shall be construed either conjunctively or disjunctively, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

15.    The use of a verb in any tense shall be construed as the use of that verb in all other tenses as necessary to bring within the scope of the topic all information that might otherwise be construed as outside its scope.

16.    "Any," "all," "every," and "each" shall each mean and include the other, and should be interpreted broadly, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

17.    The term "Person" or "Persons" includes any individual, firm, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

## **INSTRUCTIONS**

1.    Each topic shall be construed independently and no topic shall limit the scope of any other topic.

2.    The topics herein seek full disclosure to the full extent allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and shall be interpreted as inclusive rather than exclusive.

3.    To the extent that You consider any deposition topic objectionable, respond as to the remainder of the topic, and separately state with specificity that part of the topic as to which You raise objection and each ground for each such objection. If You object to any topic on the basis of attorney-client privilege or the work product doctrine, identify the factual basis for the claim in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## TOPICS

1.      Any bids Amazon and/or any Amazon Seller have placed in connection with the use of the GOLO Marks as a keyword or otherwise on any Microsoft Bing Platform.

2.      Any payments made by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any Microsoft Bing Platform.

3.      To the extent not covered by Topic Nos. 1-2, any actions taken by Amazon and/or any Amazon Seller in connection with the use of the GOLO Marks as a keyword or otherwise on any Microsoft Bing Platform.

4.      The GOLO Ads, including:

   a.   The creation, use, and/or display of the GOLO Ads, including their URLs, links, titles, and/or text;

   b.   All Persons involved in the creation, use, and/or display of the GOLO Ads, including their URLS, links, titles, and/or text; and each Person's specific role in connection with the GOLO Ads;

   c.   Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Ads, including who paid for their ads, how much they paid, and/or what they paid for;

   d.   Use of the GOLO Marks in the GOLO Ads, including their URLs, links, titles, and/or text;

   e.   The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Ads;

   f.   All reports for the GOLO Ads;

   g.   Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Ads; and

4

h.   The pages indexed by Microsoft over time relative to the GOLO Ads.

5.   The GOLO Search Results, including:

a.   The creation, use, and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text;

b.   How Microsoft identifies any Amazon URLs displayed and/or identified in the GOLO Search Results;

c.   All Persons involved in the creation and/or display of the GOLO Search Results, including their URLs, links, titles, and/or text; and each Person's specific role in connection with the GOLO Search Results;

d.   Any payments made by Amazon and/or any Amazon Seller in connection with the GOLO Search Results, including who paid for the results, how much they paid, and/or what they paid for;

e.   Use of the GOLO Marks in connection with the GOLO Search Results, including in their URLs, links, titles, and/or text;

f.   The number of clicks, value of the clicks, costs of the clicks, impressions, conversions, and/or rankings for or on the GOLO Search Results;

g.   All reports for the GOLO Search Results;

h.   Any actions taken by Amazon and/or any Amazon Seller pertaining to the GOLO Search Results; and

i.   The pages indexed by Microsoft over time relative to the GOLO Search Results.

6.   To the extent not covered by the above topics, all landing pages or other content that use any of the GOLO Marks in any way and point to Amazon.com or any Amazon website

5

or URL on Microsoft's ad network or any other Microsoft Bing Platform, all Persons involved with such landing page(s) or content, and each Person's role in connection therewith.

7.      Any communications between Microsoft and Amazon concerning GOLO, the GOLO Marks, or any of the claims in this Litigation.

8.      Any agreements, partnerships, or understandings between Microsoft and Amazon concerning organic search results, search traffic, or directing search traffic to Amazon, whether through paid ads, organic search results, or otherwise.

9.      The documents produced by Microsoft to GOLO pursuant to the subpoena for documents and things served on Microsoft on August 9, 2024.