IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1200-MN |
| | ) |
| AMAZON.COM, INC., and | ) |
| AMAZON.COM SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **24th** day of **March, 2025**, the court having considered the parties' discovery dispute letter submissions (D.I. 194; D.I. 196), IT IS ORDERED that the pending motions at D.I. 163 and D.I. 183 are addressed as follows:

1. **Plaintiff's motion to compel Defendants to produce Item Nos. 1 to 7 on Defendants' privilege log in response to Request for Production Nos. 106, 110, 113-15, and 117-22 is DENIED without prejudice.** Plaintiff moves to compel the production of Defendants' internal policies and procedures regarding "trademarks, monitoring its website for intellectual property infringement, identifying repeat infringers, investigating and resolving intellectual property infringement notices, monitoring the use of trademarks owned by third parties, and the Amazon Brand Registry, including decisions to remove members from the registry." (D.I. 194 at 1) Consistent with their responses to Plaintiff's Requests for Production, Defendants contend that these internal policies are subject to the attorney-client privilege and work product protections, and they are not relevant to the claims and defenses at issue in this action. (D.I. 196 at 1-2; D.I. 194, Ex. A at 261-62, 266, 271-85)

2. As a threshold matter, Plaintiff has not established the relevance of Defendants' internal policies beyond broadly arguing that the policies "are relevant to GOLO's direct and contributory/vicarious infringement and counterfeiting claims, a point Amazon does not contest." (D.I. 194 at 1) But Defendants' responses to the Requests for Production establish that Defendants have consistently contested the relevance of this information. (*Id.*, Ex. A at 261-62, 266, 271-85) Defendants explain that compliance with their own internal policies "has no bearing on whether consumers are likely to be confused by third-party cookbooks that contain GOLO in the title or whether search results on third-party search engines could result in consumer confusion or false advertising." (D.I. 196 at 1) The case authority cited by Defendants supports this position, holding that evidence of a defendant's general knowledge of the sale of counterfeit goods through its website is not enough to establish liability for trademark infringement absent "[s]ome contemporary knowledge of which particular listings are infringing or will infringe in the future[.]" *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107 (2d Cir. 2010).

3. Denial of the requested relief is warranted because Plaintiff fails to meaningfully address the threshold issue of relevance despite being on notice of Defendants' challenge to the relevance of the requested information. *See Mellon v. Beecham Group PLC*, 1991 WL 16494, at *3 (D.N.J. Jan. 3, 1990) ("[T]he information sought must pass the threshold of relevancy by relating to an issue that the party seeking the privilege has raised."); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co., Inc.*, 2014 WL 2865900, at *8-9 (D. Minn. June 24, 2014) (declining to consider issues of attorney-client privilege where the threshold requirement of relevancy was not satisfied). In the unlikely event that Plaintiff wishes to renew its request for relief after further meet and confer efforts with Defendants on this issue, the following procedure shall apply: (A) On or before **April 1, 2025**, Plaintiff shall file a letter brief limited to no more

than two (2) pages setting forth its position on how the seven internal policies identified on the privilege log are relevant to the claims and defenses in this case, with citations to the First Amended Complaint at D.I. 69.  (B) On or before **April 3, 2025**, Defendants shall file a responsive letter brief limited to no more than two (2) pages and shall deliver to the court in a sealed envelope labeled "*In Camera* Documents" two sets of the seven documents identified in the privilege log at D.I. 194, Ex. D.  (C) The court will resolve any further dispute on this issue on the papers without setting a teleconference.

**4. Plaintiff's motion to compel Defendants to produce personal identifying information for the authors and Kindle Direct Publishing account holders associated with allegedly counterfeit GOLO-branded publications in response to Request for Production No. 72 is GRANTED-IN-PART.** Plaintiff's motion is GRANTED to the extent that it seeks to compel the production of the first and last names, addresses, and email addresses for the authors and Kindle Direct Publishing account holders associated with the allegedly counterfeit GOLO-branded publications because Defendants have agreed to produce this information. (D.I. 196 at 3)  To the extent that they have not already done so, Defendants shall complete the production of the foregoing identifying information on or before April 1, 2025.

**5.**  Defendants challenge Plaintiff's motion to compel the production of account holders' taxpayer identification numbers ("TIN") and bank account information, arguing that this information is not necessary to evaluate whether Defendants are the authors of third-party books and cannot establish Defendants' contemporaneous knowledge of infringement.  (D.I. 196 at 3)  Plaintiff cites no case authority compelling the production of TIN and bank account information in similar circumstances.  Decisions compelling the production of identifying information generally specify that highly sensitive information such as TIN and bank account information

3

may be redacted. *See, e.g., EFT Holdings, Inc. v. CTX Virtual Techs., Inc.*, 2016 WL 11519280, at *4 (C.D. Cal. Nov. 3, 2016); *Pena v. Canelson Drilling (US), Inc.*, 2015 WL 12734090, at *2 (W.D. Tex. Sept. 8, 2015). Consequently, Plaintiff's motion to compel the production of TIN and bank account information is DENIED without prejudice.

6. **Plaintiff's motion to compel Defendants to produce all license, royalty and other agreements with third parties in connection with books offered in Defendants'** *Food and Wine* **and** *Nutrition and Dieting* **book categories in response to Request for Production Nos. 194 and 195 is GRANTED-IN-PART.** Plaintiff requests the production of Defendants' licensing or royalty agreements where Defendants "licensed any trademarks or names from" or "any of its trademarks or names to" third parties "for use in connection with books, publications, diet plans or products, health plans or products, and/or nutritional plans or products." (D.I. 194 at 4; Ex. A at 18-20) According to Plaintiff, the requested information is relevant to the calculation of a reasonable royalty based on a hypothetical negotiation analysis "[b]ecause Amazon and GOLO have no 'established royalty.'" (*Id.* at 4-5)

7. There is insufficient information on the present record to assess whether Plaintiff's narrowed request for third party license and royalty agreements relating to Defendants' *Food and Wine* and *Nutrition and Dieting* cookbook categories is proportional to the needs of this case. The requested discovery is of minimal relevance because reasonable royalty damages in the context of trademark infringement claims are "generally limited to situations where the parties have had a trademark licensing relationship that facilitates the computation of the reasonable royalty." *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, 647 F. Supp. 3d 145, 233 (S.D.N.Y. 2022) (quoting *Juicy Couture, Inc. v. L'Oreal USA, Inc.*, 2006 WL 1359955, at *4 (S.D.N.Y. May 18, 2006)); *see also A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166

F.3d 197, 208-09 (3d Cir. 1999) ("Even when the courts have awarded a royalty for past trademark infringement, it was most often for continued use of a product beyond authorization, and damages were measured by the license the parties had or contemplated."). No such licensing agreement between the parties exists in this case.

8. Plaintiff argues that consideration of prior licensing rates paid by the licensee to license third-party marks is an adequate substitute. (D.I. 194 at 5) But the authority Plaintiff cites in support of this argument was subsequently rejected by the Third Circuit, which vacated the royalty award. *See A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 967 F. Supp. 1457, 1479 (E.D. Pa. 1997), *rev'd-in-part and remanded by* 166 F.3d 197, 208-09 (3d Cir. 1999). The comparability of third-party trademarks on other products to establish the value of Defendants' own mark is not clear on this record, and the case authorities indicate that this discovery may be of limited relevance to the reasonable royalty analysis.

9. Having determined that the third-party license agreements may be of limited relevance to a reasonable royalty analysis, the court must next determine whether the production of those agreements is proportional to the needs of the case. Defendants contend that Plaintiff's requests for production are "fatally overbroad," without acknowledging Plaintiff's proposal to narrow the requests to the *Food and Wine* and *Nutrition and Dieting* book categories. (D.I. 194 at 5 n.5; D.I. 196 at 5) Defendants provide no hit counts or other data points to establish the burden of producing third-party agreements responsive to Plaintiff's narrowed request.

10. In accordance with the foregoing analysis, IT IS ORDERED that, on or before April 1, 2025, Defendants shall provide Plaintiff with hit counts on a search for third-party licensing and royalty agreements responsive to Plaintiff's narrowed request limited to the *Food and Wine* and *Nutrition and Dieting* book categories. Once the hit counts have been exchanged, the parties

shall meet and confer to discuss the logistics and burden of producing agreements responsive to Plaintiff's narrowed request. The balance of Plaintiff's request for relief is DENIED without prejudice to renew in the unlikely event that the parties reach an impasse after further meet and confer efforts.

11. **Plaintiff's request for both parties to engage in additional discovery is GRANTED-IN-PART.** Plaintiff's request for thirty-five additional Requests for Admission and ten additional hours of deposition per side is GRANTED in accordance with Defendants' agreement to permit this additional discovery. (D.I. 196 at 5) Any additional written discovery shall be served on or before April 1, 2025 and any responses thereto shall be served by April 18, 2025.

12. Plaintiff's request for five additional interrogatories per side is DENIED without prejudice. Without submitting any proposed interrogatories for the court's review, Plaintiff broadly contends that additional interrogatories are necessary because Defendants' counterclaim significantly expanded the scope of discovery. (D.I. 194 at 5-6) The record before the court shows that Plaintiff served eleven interrogatories after Defendants served the counterclaim on October 23, 2024. (D.I. 196, Ex. 2 at 12-19) Plaintiff does not explain why it was unable to obtain the necessary information on Defendants' counterclaim through these post-counterclaim interrogatories. *See Revzip, LLC v. McDonnell*, 2021 WL 11958034, at *2 (W.D. Pa. May 10, 2021) (citing cases and explaining that "[c]ourts typically require a party to show a 'particularized need' for additional interrogatories.").

13. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

    i.    Plaintiff's motion to compel Defendants to produce Item Nos. 1 to 7 on Defendants' privilege log in response to Request for Production Nos. 106,

6

        110, 113-15, and 117-22 is DENIED without prejudice. In the unlikely event that Plaintiff wishes to renew its request for relief after further meet and confer efforts with Defendants, the following procedure shall apply: (A) On or before **April 1, 2025**, Plaintiff shall file a letter brief limited to no more than two (2) pages setting forth its position on how the seven internal policies identified on the privilege log are relevant to the claims and defenses in this case, with citations to the First Amended Complaint at D.I. 69. (B) On or before **April 3, 2025**, Defendants shall file a responsive letter brief limited to no more than two (2) pages and shall deliver to the court in a sealed envelope labeled "*In Camera* Documents" two sets of the seven documents identified in the privilege log at D.I. 194, Ex. D. (C) The court will resolve any further dispute on this issue on the papers without setting a teleconference.

  ii.  Plaintiff's motion to compel Defendants to produce personal identifying information for the authors and Kindle Direct Publishing account holders associated with allegedly counterfeit GOLO-branded publications in response to Request for Production No. 72 is GRANTED-IN-PART. Plaintiff's motion is GRANTED to the extent that it seeks to compel the production of the first and last names, addresses, and email addresses for the authors and Kindle Direct Publishing account holders associated with the allegedly counterfeit GOLO-branded publications. Plaintiff's motion to compel the production of TIN and bank account information is DENIED without prejudice.

  iii.  Plaintiff's motion to compel Defendants to produce all license, royalty and other agreements with third parties in connection with books offered in

> Defendants' *Food and Wine* and *Nutrition and Dieting* book categories in response to Request for Production Nos. 194 and 195 is GRANTED-IN-PART. On or before **April 1, 2025**, Defendants shall provide Plaintiff with hit counts on a search for third-party licensing and royalty agreements responsive to Plaintiff's narrowed request limited to the *Food and Wine* and *Nutrition and Dieting* book categories. Once the hit counts have been exchanged, the parties shall meet and confer to discuss the logistics and burden of producing agreements responsive to Plaintiff's narrowed request. The balance of Plaintiff's request for relief is DENIED without prejudice to renew in the unlikely event that the parties reach an impasse after further meet and confer efforts.
>
> iv. Plaintiff's request for both parties to engage in additional discovery is GRANTED-IN-PART. Plaintiff's request for thirty-five additional Requests for Admission and ten additional hours of deposition per side is GRANTED, and any additional written discovery shall be served on or before **April 1, 2025**, with responses due on or before **April 18, 2025**. Plaintiff's request for five additional interrogatories per side is DENIED without prejudice.

IT IS FURTHER ORDERED that the discovery dispute teleconference set for March 25, 2025 at 2:00 p.m. is CANCELLED.

**14.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 1,**

**2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

16. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge