IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1200 (MN) |
| | ) |
| AMAZON.COM, INC., and | ) |
| AMAZON.COM SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; Douglas A. Rettew, Patrick J. Rodgers, FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP, Washington, DC; Morgan E. Smith, FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP, Palo Alto, CA; Steven K. Eisenberg, STERN & EISENBERG, Warrington, PA – Attorneys for Plaintiff

Nancy Shane Rappaport, DLA PIPER LLP (US), Wilmington, DE; Melissa A. Reinckens, DLP PIPER LLP (US), San Diego, CA; J. Kevin Fee, Jane W. Wise, Jenna N. Rowan, DLA PIPER LLP (US), Washington, DC; Gabrielle Velkes, DLA PIPER LLP (US), New York, NY – Attorneys for Defendants

June 5, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Before the Court is Plaintiff's motion to dismiss Defendants' Counterclaim and strike certain affirmative defenses under Rules 12(b)(1) and 12(f) of the Federal Rules of Civil Procedure. (D.I. 111). For the reasons set forth below, the Court will GRANT-IN-PART and DENY-IN-PART the motion.

**I.    BACKGROUND**

Plaintiff GOLO, LLC ("Plaintiff" or "GOLO") is a Delaware limited liability company with a principal place of business in Newark, Delaware. (D.I. 69 ¶ 15). GOLO is a health and wellness brand whose products and services include proprietary diet plans, weight loss solutions, and health-focused cookbooks. (*Id.* ¶¶ 2, 12). GOLO holds a portfolio of more than a dozen trademarks relevant here. (*Id.* ¶¶ 33-39). According to the Complaint, GOLO "almost exclusively" executes its direct-to-consumer sales model through its own websites, golo.com and mygolo.com, although it previously offered its products on Amazon.com. (*Id.* ¶ 24).

Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon" or "Defendants") are Delaware entities with principal places of business in Seattle, Washington. (*Id.* ¶¶ 16-17). For the digitally uninitiated, Amazon is the world's largest e-commerce platform. (*Id.* ¶ 1). Although Amazon has not listed GOLO products for sale since 2020, it currently markets and sells products that compete with GOLO's. (*Id.* ¶¶ 5, 13, 55). Those products form the subject of this lawsuit. (*Id.* ¶ 1).

On October 23, 2023, GOLO initiated this action by complaint, alleging that Amazon offers GOLO counterfeits for sale and leverages its marketing tools to divert bona fide GOLO customers to purchase those imitations, in violation of various trademark, false advertising, and unfair competition provisions of the Lanham Act and Delaware state law ("the Claims"). (D.I. 1). On December 15, 2023, Amazon moved to dismiss. (D.I. 12). Before the Court could issue a

decision on that motion, GOLO sought leave to amend. (*See* D.I. 51, 53). The parties proceeded to brief that motion. (D.I. 54, 56). The Court held a hearing on both motions on September 3, 2024, at which it granted-in-part and denied-in-part Amazon's motion to dismiss and granted-in-part and denied-in-part GOLO's motion to amend. (D.I. 75 at 47:3-6).

The next day, GOLO filed its amended complaint ("the Amended Complaint"), asserting claims for trademark infringement, counterfeiting, unfair competition, false advertising, dilution, and violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532(a) ("DTPA"). (D.I. 69). On October 2, 2024, Amazon answered the Amended Complaint and asserted affirmative defenses, including for laches and unclean hands. (D.I. 79). On October 23, 2024, Amazon amended its answer and added a counterclaim for violation of the DTPA, claiming that GOLO falsely advertises the health benefits of its products ("the Counterclaim"). (D.I. 88).

On November 20, 2024, GOLO moved to dismiss the Counterclaim for lack of subject matter jurisdiction, arguing that Amazon's state law cause of action that does not stem from the same nucleus of operative facts at issue in GOLO's affirmative case, and, therefore, is not properly before this Court. (D.I. 111, 112). Amazon filed its answering brief on December 18, 2024, and GOLO replied on January 3, 2025. (D.I. 144, 147). The Court now addresses the motion.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1) – Subject Matter Jurisdiction

A plaintiff in federal court may move to dismiss on the basis that the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §§ 1331, 1367(a). Without either original or supplemental jurisdiction, a case must be dismissed.

A district court's decision to exercise supplemental jurisdiction over state law claims is "discretionary." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). To do so, "(1) the federal claims must have substance sufficient to confer subject matter jurisdiction; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims must be such that he would ordinarily be expected to try them all in one judicial proceeding." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 275 (3d Cir. 2001) (cleaned up). "The district court has discretion to decline to exercise supplemental jurisdiction if the state claims are novel and complex, if the state claims predominate over the federal claims, or if the court has dismissed the federal claims." *Kooker on Behalf of Hecla Mining Co. v. Baker*, 497 F. Supp. 3d 1, 6 (D. Del. 2020); 28 U.S.C. § 1367(c).

**B.      Rule 12(f) – Motion to Strike**

Under Rule 12 of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The object of Rule 12(f) is to "avoid unnecessary forays into immaterial matters." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (citation omitted). "When ruling on a motion to strike, the court must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." *Allergan USA, Inc. v. Sun Pharm. Indus. Ltd.*, 636 F. Supp. 3d 483, 486 (D. Del. 2022) (cleaned up). "A motion to strike a defense should not be granted unless the insufficiency of the defense is clearly apparent." *Id*. (citation and internal quotation marks omitted). "However, a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses." *Equil IP Holdings LLC v. Akamai Techs., Inc.*, 722 F. Supp. 3d 450, 454 (D. Del. 2024) (citation and internal quotation marks omitted).

### III. DISCUSSION

#### A. Motion to Dismiss the Counterclaim

GOLO claims that Amazon uses deceptive advertising and proprietary search algorithms to steer would-be GOLO customers away from GOLO's websites to Amazon's platform, where they are induced to purchase "knockoff and inferior products" that infringe GOLO's trademarks. (D.I. 69 ¶¶ 3-5, 13, 55). For its own part, Amazon claims that GOLO falsely touts the scientific efficacy of its wellness products in order to drive sales, including that they are "clinically proven" to deliver weight loss, nutritional, and disease-preventative benefits. (*See, e.g.*, D.I. 88 ¶¶ 1, 99, 103, 117). The question, then, is whether these two theories share a "common nucleus of operative fact." *Pryzbowski*, 245 F.3d at 275. Or, in common parlance, whether they are "so related" that they should be litigated together. 28 U.S.C. § 1367(a).

Decidedly, they are not. Begin with the allegations themselves. GOLO's Claims center on Amazon's "infringing and counterfeiting [of] GOLO's trademarks," Amazon's marketing statements, Amazon's products, and Amazon's algorithmic search engine practices. (*See, e.g.*, D.I. 69 ¶¶ 8, 13, 55, 113). By contrast, the Counterclaim concerns GOLO's marketing statements, GOLO's products, and whether they live up to their billing. (*See, e.g.*, D.I. 88 ¶¶ 1, 35-38, 58). In other words, GOLO's Claims are about Amazon's conduct with respect to Amazon's sponsored products, and the Counterclaim is about GOLO's conduct with respect to GOLO's products. As such, "the claims do not legally overlap." *Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 189-90 (D.D.C. 2013) ("Here, there is no legal overlap and only some background factual overlap. Thus, there is no common nucleus of operative fact to support supplemental jurisdiction.").

The evidence required to prove each side's claims further illustrates the discrepancy. To prevail on its trademark claims, GOLO must show that, among other things, Amazon wrongfully

4

uses GOLO's marks on its websites, knowingly sells GOLO counterfeits, falsely represents the attributes and origins of the products, and sews consumer confusion. *See S&P Glob. Inc. v. S&P Data LLC*, 619 F. Supp. 3d 445, 454 (D. Del. 2022). Amazon's DTPA claim, on the other hand, relies on evidence about the chemical composition of GOLO's products, the pharmacological impact they have on the human body, and the accuracy (or lack thereof) of the marketing statements GOLO makes on its own websites. *Cf. Philips v. Thales DIS AIS USA LLC*, No. 20-1709 (CFC), 2023 WL 5650621, at *2 (D. Del. Aug. 31, 2023) ("[C]laims arise out of a common nucleus of operative fact when they involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts.") (citation omitted).

The mutual exclusivity of those two sets of evidence has already been borne out by the discovery taken to date. For instance, despite Amazon's insistence that the claims are intertwined, it propounded 82 new discovery requests, nine new interrogatories, and four new subpoenas after introducing the Counterclaim to the action – having previously served 65 requests in defending GOLO's claims. (*See* D.I. 29, 73, 74, 101, 103, 117, 118). Rather than "overlapping," this doubling of discovery volume signals that the issues are "quite distinct." *Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995) ("In these circumstances it is clear that there is so little overlap between the evidence relevant to the [federal] and state claims, that there is no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims.").

Amazon counters that the same witnesses would be deposed for both sets of claims. (D.I. 144 at 7). That may well be true for the four corporate GOLO custodians identified in Amazon's brief. (*Id.*). But it is certainly not for the bevy of other fact witnesses necessary for each of the nine total claims at issue, to say nothing of the extensive and disparate expert discovery required to address complex technical issues ranging from biomedical formulation to consumer

5

psychology to clinical statistics to algorithmic search mechanics. (*See, e.g.*, D.I. 69 ¶¶ 13, 48, 55, 121; D.I. 88 ¶¶ 35, 49, 55, 73). Thus, "there is a substantial quantity of evidence supporting [Amazon's] state claim[] that would not be relevant to the federal claims" brought by GOLO. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). For that same reason, "[e]ven if [the Court] had concluded that a common nucleus of operative fact exists, [it] still would exercise [its] discretion to decline to exercise supplemental jurisdiction." *Philips*, 2023 WL 5650621, at *3; 28 U.S.C. § 1367(c).

Finally, Amazon attempts to shoehorn the Counterclaim into this action on the basis that "GOLO affirmatively placed its advertising at issue," along with its "goodwill." (D.I. 144 at 6-7, 11). But the shoe does not fit. First, advertising *expenditure* – not accuracy – is a relevant metric for "marketplace recognition enjoyed by the mark" at issue. *Acxiom Corp. v. Axiom, Inc.*, 27 F. Supp. 2d 478, 496 (D. Del. 1998) ("The mark's marketplace recognition is determinable, in part, through trademark-related advertising and sales."); *Rockland Mortg. Corp. v. S'holders Funding, Inc.*, 835 F. Supp. 182, 193 (D. Del. 1993). And, second, "[t]he concept of customers' goodwill in the context of trademark law is goodwill *for the mark*, not for the specific [product]." *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 806 (3d Cir. 1998) (emphasis added). Accordingly, the proper inquiry as to GOLO's advertising and goodwill is not whether GOLO's products are scientifically effective – or even how they are described – but rather how strong GOLO's brand equity is in the minds of its clientele. *See S&P Glob.*, 619 F. Supp. 3d at 454.

That is not to say that these claims have nothing to do with one another. There is something of a common thread here. Both sides assert false advertising claims about products in the wellness sector and the veracity of the advertising statements designed to sell them. But they address

different statements, about different products, hosted on different websites, as part of different alleged schemes, pursued under different causes of action, and remedied with different relief. *See Loc. No. 1 (ACA) Broad. Emp. of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 614 F.2d 846, 852 (3d Cir. 1980) ("The lack of a common nucleus of operative fact is underscored by the inconsistent nature of the relief sought.").

As the Third Circuit has said, the "mere tangential overlap of facts is insufficient" to confer supplemental jurisdiction. *Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 105 (3d Cir. 1988). The nexus here is no more than "tangential," "loose," or "peripheral." *Lyon*, 45 F.3d at 763; *Callaway Golf Co. v. Acushnet Co.*, 585 F. Supp. 2d 592, 599 (D. Del. 2008); *Fitzpatrick v. Ctr. for Advanced Urology, LLC*, No. 20-4284 (GAM), 2020 WL 7353375, at *3-4 (E.D. Pa. Dec. 14, 2020). At best, it can be said that the "state law claims [here] only 'relate generally' to [the] federal claims through a broader dispute." *Philips*, 2023 WL 5650621, at *2 (citation omitted). Supplemental jurisdiction does not lie in such cases.

Of course, Amazon is free to pursue the Counterclaim in state court. *See Foote v. Mehrotra*, No. 21-169 (JS), 2023 WL 7214728, at *12 (D. Del. Nov. 2, 2023) ("[N]o particular prejudice, nor much additional expense, would result from [dismissal] because [defendant] can easily file similar claims in state court.") (cleaned up, citation omitted). But it has no place here.

The Counterclaim is dismissed for lack of subject matter jurisdiction.

**B.     Motion to Strike the Affirmative Defenses**

GOLO additionally moves to strike two of Amazon's affirmative defenses: unclean hands and laches. GOLO argues, first, that Amazon's unclean hands defense is not sufficiently related to this litigation, and, second, that its laches defense is inadequately alleged. (D.I. 112 at 17-20). The Court agrees on the first score but disagrees on the second.

7

### 1. Unclean Hands

"Unclean hands is an equitable defense requiring the showing of five elements: (1) the party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to [the] matter in issue (4) that injures [the] other party (5) and affects [the] balance of equities between litigants." *Allergan*, 636 F. Supp. 3d at 488 (citation omitted). "The conduct alleged must have an immediate and necessary relationship to the equity which the plaintiff seeks to obtain." *Equil IP Holdings*, 722 F. Supp. 3d at 457 (cleaned up). Put differently, "[t]he nexus between the misconduct and the claim must be close." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001) (internal quotation marks omitted).

Amazon's ninth affirmative defense states: "Plaintiff's claims are barred . . . in light of its false and misleading claims regarding its GOLO-branded products and services that purportedly compete with products available for sale on Amazon and that form the basis of its claims. As detailed in Amazon's counterclaim, Plaintiff has engaged in false and misleading marketing and advertising conduct designed to deceive consumers about its products." (D.I 88 at 20-21). Amazon specifically takes aim at "the ability of [GOLO's] products to treat, mitigate, cure, or prevent diseases or symptoms associated with diseases, including claims that its products are 'proven' or 'clinically proven' to deliver certain benefits," and further contends that "[t]he public at large has been and continues to be injured by Plaintiff's misconduct." (*Id.* at 21).

Setting aside whether Amazon could establish standing to challenge conduct on behalf of "the public at large," the Court has already ruled that GOLO's alleged false advertising, which "form[s] the basis of [Amazon's] counterclaim," (*id.*), is not sufficiently related to GOLO's claims. (*See also* D.I. 144 at 9) ("To prevail on its unclean hands defense and its Counterclaim, Amazon will prove the same thing."). For the same reasons, Amazon's unclean hands affirmative defense

is not "immediately related" to the conduct at issue here, and the Court will strike it. *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 449 (3d Cir. 2024).

### 2. Laches

Amazon's eighth affirmative defense is that "Plaintiff's claims arising under Delaware state law are barred in part by the statute of limitations and/or laches and Plaintiff's claims arising under the Lanham Act are barred in part by laches." (D.I. 88 at 20). "Laches consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." *Santan Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005); *Univ. of Pittsburgh v. Champion Prods., Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982).

Although tersely stated, the Court finds that Amazon's laches defense is sufficient to put GOLO on notice. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 219 (D.N.J. 1993). At the pleading stage, that is enough, particularly given the Third Circuit's observation that, as a general matter, the application of laches is a "fact-based" inquiry. *Country Floors, Inc. v. P'ship Composed of Gepner & Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991) ("[T]he correct disposition of the equitable defense of laches can only be made by a close scrutiny of the particular facts.") (internal quotation marks omitted).

Accordingly, the Court will deny GOLO's motion to strike Amazon's laches defense.

## IV. CONCLUSION

For the foregoing reason, the Court will GRANT GOLO's motion to dismiss and will GRANT-IN-PART and DENY-IN-PART its motion to strike. (D.I. 111). An appropriate order will follow.