IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    C.A. No. 23-1200 (MN) |
| AMAZON.COM, INC., and<br>AMAZON.COM SERVICES LLC, | ) ) ) ) |
|     Defendants. | ) |

**SPECIALMASTER'S MEMORANDUM ORDER RESOLVING
PLAINTIFF'S MOTION TO COMPEL (D.I. 261)**

Pending before the Special Master is Plaintiff GOLO, LLC's Discovery Motion to Compel Documents Responsive to Request for Production Nos. 69, 71, and 197-200 and Request for Entry No. 2 (D.I. 261). Specifically, GOLO, LLC ("GOLO") requests that Defendants Amazon.com, Inc. and Amazon.com Services LLC (together "Amazon") produce: 1) webpage data analytics for a finite set of Amazon URLs using GOLO's trademarks that GOLO collected and shared with Amazon; and 2) analytics and sales information for user searches conducted directly on Amazon's platform for the specific search terms that GOLO provided to Amazon. In the alternative, GOLO requests that Amazon be compelled to grant GOLO access to inspect its analytical databases to locate the relevant information itself.

**BACKGROUND**

GOLO has sued Amazon for direct, contributory, and vicarious trademark infringement and counterfeiting, unfair competition, false advertising, and dilution. GOLO's claims, in part, relate to Amazon's alleged misappropriation of GOLO's trademarks to divert consumers searching for GOLO's products away from GOLO to Amazon's platform.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that:

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

**ANALYSIS**

**A. Webpage Data Analytics**

GOLO narrowed these requests to a specific set of Amazon URLs that contain GOLO's trademarks. With respect to those URLs, GOLO requests webpage data analytics such as clicks, visits, page views, and any other analytics monitored by Amazon. GOLO explains that it is not seeking analytics on the results on these URL pages, only the metrics related to the links that GOLO provided to Amazon.

Amazon responds that these requests are irrelevant, overbroad, and that Amazon does not maintain this information in the ordinary course of its business.

GOLO has requested information regarding specific Amazon URLs. To the extent that Amazon maintains any analytics regarding these specific URLs, it must produce them. I do not require Amazon to create any documents or information regarding the analytics of the URLs, only information kept in the ordinary course of business. No analytics regarding the results on these URL results pages need to be produced. Therefore, I **GRANT** GOLO's requests for these analytics. To the extent that this information is available, it must be produced within ten (10) days.

### B. Analytics and Sales Information Resulting from Amazon User Searches

GOLO requests analytics and sales information for user searches conducted on Amazon's platform for certain of GOLO's trademarks. GOLO alleges this information is pulled in the ordinary course of Amazon's business based on two documents produced in this case.

Amazon responds that it searched both custodial documents and noncustodial documents and those two documents are the only ones that were found. Amazon states that if there were weekly reports that also mention GOLO, they would have been produced. Amazon argues that for it to try and collect any available analytics for the specific keywords that GOLO has requested is a different beast than looking for a document that already exists and is overly burdensome.

I agree with Amazon. I also find that a customer who goes to Amazon's platform and searches for GOLO has not been diverted to Amazon from another search engine. Therefore, I **DENY with prejudice** GOLO's requests for these analytics. I also **DENY with prejudice** GOLO's request that Amazon be compelled to grant GOLO access to inspect its analytical databases.

### CONCLUSION

As detailed above, GOLO's Motion to Compel (D.I. 261) is **GRANTED in part and DENIED in part**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 252 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 13th day of February 2026.

_/s/ Helena C. Rychlicki_
Helena C. Rychlicki, Special Master

4