**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GOLO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and<br>AMAZON.COM SERVICES LLC<br><br>Defendants. | C.A. No. 23-1200-MN<br><br>**JURY TRIAL DEMANDED** |

**GOLO, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR REARGUMENT AND RECONSIDERATION OF THE COURT'S SEPTEMBER 24, 2026 RULING ON GOLO'S COUNTERFEITING CLAIMS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

RELEVANT BACKGROUND ....................................................................................... 2

LEGAL STANDARD ................................................................................................... 2

ARGUMENT ............................................................................................................. 3

A. Amazon Forfeited The Arguments In The Motion By Failing To Raise Them In The Underlying Summary Judgment Briefing ........................................ 3

B. There Is No New Evidence Warranting Reargument Or Reconsideration ............. 4

C. Amazon's Motion For Reargument Violates The Applicable Page Limit ............. 5

D. Amazon's Motion Also Fails On The Merits ........................................................ 6

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AstraZeneca AB v. Dr. Reddy's Labs., Inc.*,
209 F. Supp. 3d 744 (D. Del. 2016)....................7, 10

*Callaway Golf Co. v. Dunlop Slazenger Grp. Americas, Inc.*,
325 F. Supp. 2d 457 (D. Del. 2004)....................3

*Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export Inc.*,
486 F. Supp. 2d 286 (S.D.N.Y. 2007)....................8

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
42 F. Supp. 2d 385 (D. Del. 1999)....................4

*Globus Med., Inc. v. Life Spine, Inc.*,
2025 WL 2878532 (D. Del. May 14, 2025)....................6

*GMA Accessories, Inc. v. BOP, LLC*,
765 F. Supp. 2d 457 (S.D.N.Y. 2011)....................8

*H-D U.S.A., LLC v. SunFrog, LLC*,
311 F. Supp. 3d 1000 (E.D. Wis. 2018)....................9

*Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*,
602 F.3d 237 (3d Cir. 2010)....................4, 5

*Jackson v. NuVasive*,
2025 WL 823229 (D. Del. Mar. 14, 2025) ....................6

*Jaiyeola v. Chemours Co.*,
2022 WL 17486136 (D. Del. Dec. 7, 2022)....................3

*Lontex Corp. v. Nike, Inc.*,
107 F.4th 139 (3d Cir. 2024) ....................9

*Lontex Corp. v. Nike, Inc.*,
384 F. Supp. 3d 546 (E.D. Pa. 2019) ....................1, 8, 9

*MiiCs & Partners Am., Inc. v. Toshiba Corp.*,
274 F. Supp. 3d 247 (D. Del. 2017)....................4

*Novartis Pharms. Corp. v. MSN Pharms. Inc.*,
2024 WL 4723274 (D. Del. Nov. 8, 2024) ....................3

*Sage Chemical, Inc. et al v. Supernus Pharmaceuticals, Inc. et al.*,
C.A. No. 22-1302-CJB, D.I. 892 (D. Del. July 28, 2026) (Oral Order) ....................................5

*Shure Inc. v. ClearOne, Inc.*,
2021 WL 3772138 (D. Del. Aug. 23, 2021) ....................................................................3

*In re Syngenta Crop Protection AG*,
2022 WL 3153858 (D. Del. Aug. 8, 2022) ..................................................................2, 3

*Tovey v. Nike, Inc.*,
2013 WL 486341 ..........................................................................................................8

*TQ Delta, LLC v. ADTRAN, Inc.*,
C.A. No. 14-954-RGA, D.I. 1249 (D. Del. Dec. 10, 2020) ..........................................4

**Statutes**

Lanham Act.....................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 56(c)(1)(A) ..............................................................................................5

Fed. R. Civ. P. 59(e) ........................................................................................................2

Fed. R. Evid. 401-402 .......................................................................................................5

LR 1.3(b)..........................................................................................................................6

LR 7.1.5(a) .....................................................................................................................3, 5

## INTRODUCTION

Amazon's Motion for Reconsideration and Reargument on the Court's Ruling on GOLO's Counterfeiting Claims (the "Motion") is a brazen disregard of the Court's denial of supplemental briefing on Amazon's motion for summary judgment on counterfeiting:

> MS. REINCKENS: If it would be helpful for Your Honor, we are willing to do any supplemental briefing --
>
> THE COURT: I don't want supplemental briefing.

July 23, 2026 Tr. at 12:15-17. Failing to heed the Court's direction, Amazon has filed a supplemental brief on counterfeiting under the thinly-veiled guise of reconsideration.

Amazon's contention that the Motion is based on "new evidence" is a farce, and if accepted, would give rise to rearguing unsuccessful summary judgment rulings in every case, as the supposed "new evidence" is a draft exhibit list shared as part of the pretrial preparation process. To be clear, there is no new evidence—the very books that Amazon points to in its Motion were available to Amazon when it filed for summary judgment—Amazon simply failed to make these arguments at summary judgment. Moreover, Amazon violates the Court's 10-page limit on motions for reargument by attaching a 28-page "exhibit" containing substantive argument.

Amazon fares no better on the merits. Amazon has not addressed the Court's concerns—it provides no individualized analysis in the Motion as to each book. It simply groups them together in provides a sentence or two regarding the supposed grouping. Amazon is wrong on the law, as well. Amazon's heavy reliance on the *Lontex* case is misplaced, because that case does not support a *per se* rule that the presence of additional descriptive or generic words or phrases with the trademark defeat a counterfeiting claim without further analysis of the *context of the use.* That *context* is an issue of fact as to each book for the jury to decide. The Motion fails for these reasons.

## RELEVANT BACKGROUND

On October 3, 2025, the Court granted Amazon leave to move for summary judgment. Armed with a complete statement of GOLO's claims (D.I. 328), Amazon moved for summary judgment on December 19, 2025. In its 30-page Opening Brief, Amazon spent a mere four pages on the issue of counterfeiting and discussed only six of the hundreds of accused books. *See generally* D.I. 333. Amazon spent only two of the fifteen pages in its Reply Brief discussing counterfeiting. *See generally* D.I. 354.

On September 24, 2026, the Court issued a Memorandum Opinion, D.I. 390. In connection with Amazon's counterfeiting motion, the Court was clear that it was "limiting its analysis to the six allegedly counterfeit books that Amazon included in its briefing." D.I. 390 at 15 n.10. The Court denied the remainder of Amazon's motion for summary judgment. *See* D.I. 390 at 1.

On September 30, 2026, the parties stipulated to, and the Court entered, a schedule for pretrial exchanges (D.I. 393). Pursuant to that agreed-upon schedule, GOLO served its initial draft of its trial exhibit list on September 30, 2026.[1] GOLO's initial exhibit list identified the 54 books on which Amazon's Motion is premised, all of which are listed in D.I. 328, filed nearly a year ago, and well before Amazon filed for summary judgment. Amazon does not contend otherwise.

## LEGAL STANDARD

The standard under Rule 59(e) is "difficult to meet." *In re Syngenta Crop Protection AG*, 2022 WL 3153858, at *1 (D. Del. Aug. 8, 2022). A motion for reconsideration requires "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court made its previous decision; or (3) the need to correct a clear error of law

---

[1] GOLO has reduced its exhibit list by over 90% from over 16,000 exhibits initially to less than 1,200.

or fact or to prevent manifest injustice." *Id.* (alterations omitted). Such motions "shall be sparingly granted." D. Del. LR 7.1.5(a). Reargument shall not "be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Jaiyeola v. Chemours Co.*, 2022 WL 17486136, at *1 (D. Del. Dec. 7, 2022) (quotations omitted). This District has denied reconsideration where the movant had "not submitted any new evidence that was not available to them at the time" of the original motion. *Callaway Golf Co. v. Dunlop Slazenger Grp. Americas, Inc.*, 325 F. Supp. 2d 457, 461 (D. Del. 2004).

## ARGUMENT

### A. Amazon Forfeited The Arguments In The Motion By Failing To Raise Them In The Underlying Summary Judgment Briefing

In its quick-hit summary judgment briefing on the issue of counterfeiting, Amazon presented the Court with substantive argument on only six accused books. The Court and Amazon's counsel discussed the insufficiency of Amazon's briefing at length during the July 23, 2026 hearing. *See, e.g.*, July 23, 2026 Tr. at 5:10-6:10; *id.* at 6:25-7:20. The Court was clear that Amazon failed to do its job: "If you don't show that you are entitled to summary judgment, you go to trial. Right? Its not here, Judge, we think we win, go figure it out…that's not the way it works." *Id.* at 10:15-19. In an effort to fix its shortcomings, Amazon suggested supplemental briefing, which the Court rejected. *Id.* at 12:15-17. Amazon cannot now grant itself a do-over.

The law is clear that arguments not squarely raised in briefing are forfeited. *See, e.g.*, *Shure Inc. v. ClearOne, Inc.*, 2021 WL 3772138, at *7 n.9 (D. Del. Aug. 23, 2021) (refusing to consider argument because it "was not fairly raised in ClearOne's opening brief at least certainly not in the nuanced way that it was described in ClearOne's reply brief.") (parentheses omitted); *Novartis Pharms. Corp. v. MSN Pharms. Inc.*, 2024 WL 4723274, at *4 (D. Del. Nov. 8, 2024) (deeming argument made in footnote forfeited and reiterating "[i]t does not matter that Novartis responded

and Defendants addressed the issue more fully in their reply brief. Arguments first made in reply briefs are forfeited."). Having failed to address any of the 54 books now at issue in its original motion for summary judgment briefing, Amazon has forfeited any argument that it is entitled to summary judgment on these 54 books, and it cannot attack these 54 books for the first time on reconsideration. *See, e.g., TQ Delta, LLC v. ADTRAN, Inc.*, C.A. No. 14-954-RGA, D.I. 1249 (D. Del. Dec. 10, 2020) (stating, "I have looked at the cited opening brief. I do not think it makes this argument. Thus, I decline to reconsider my earlier decision.") (attached as Ex. A)[2]; *MiiCs & Partners Am., Inc. v. Toshiba Corp.*, 274 F. Supp. 3d 247, 252 (D. Del. 2017) (argument raised for the first time in a supplemental brief—rather than its summary judgment brief—was waived).

**B. There Is No New Evidence Warranting Reargument Or Reconsideration**

Amazon fails to identify any actionable new evidence. That Amazon makes no effort to discuss the standard for demonstrating new evidence nor cite a single case to support the contention is telling. The Third Circuit made clear, "new evidence, for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means ***evidence that a party could not earlier submit to the court because that evidence was not previously available.***" *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (emphasis added). In *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 422 (D. Del. 1999), the court held that evidence may only serve as a basis for reargument if it was "truly unobtainable" at the time of the original proceedings.

Here, there is no question that each of the 54 books Amazon now seeks to argue in its

---

[2] In *TQ Delta*, as here, the movant made numerous arguments in its brief, and as Judge Andrews noted, gave the argument it sought to expand upon in reconsideration briefing short shrift. *See TQ Delta*, C.A. No. 14-954-RGA, D.I. 1249 at 1 n.1 ("If Jones is the winning argument that Defendant now says it is, Defendant might have considered spending the full brief (or at least more of the brief) on that argument and developing the argument so that I could see its purported merits.")

Motion were accused counterfeits before Amazon filed its motion for summary judgment. *See* D.I. 328. Indeed, each of these 54 books is included in Exhibit 1 to Amazon's summary judgment motion (D.I. 335). Amazon has no credible argument that the books satisfy the "new evidence" standard articulated in *Howard Hess*—to the contrary, they are unquestionably not new evidence.

Nor is GOLO's initial draft trial exhibit list "new evidence." An exhibit list is not evidence in the context of summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A) (a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials); *see also* Fed. R. Evid. 401-402.

While the list itself is new, the content—*i.e.*, the 54 books upon which Amazon's new arguments are based—is not new. Amazon does not make any arguments premised on GOLO's initial draft trial exhibit list. Instead, Amazon makes new arguments about the books, which Amazon already had in-hand when it drafted and filed its motion for summary judgment.

**C. Amazon's Motion For Reargument Violates The Applicable Page Limit**

Pursuant to the Local Rules, motions for reargument are limited to 10 pages. D. Del. LR 7.1.5.(a). Amazon uses all ten allotted pages, but once again provides very little argument in the Motion itself. Indeed, all the Motion does is group the 54 books into various buckets, include imperceptibly small photos of book covers—in which the most prominent and visible word is GOLO, ironically enough—and include one general sentence about each bucket.

After under-briefing the counterfeiting issue to its detriment, Amazon has now violated the Local Rules by submitting an improper appendix containing additional argument. Exhibit 02 to the Motion is a 28-page appendix containing book-by-book argument. This is, of course, an impermissible end-around of the page limit. *See, e.g., Sage Chemical, Inc. et al v. Supernus*

*Pharmaceuticals, Inc. et al.*, C.A. No. 22-1302-CJB, D.I. 892 (D. Del. July 28, 2026) (Oral Order) (plaintiffs violated page limits by submitting a compilation that "presents a one-sided, curated selection of 'alleged facts' … to make Plaintiffs' legal arguments") (attached as Ex. B); *Jackson v. NuVasive*, 2025 WL 823229, at *3 (D. Del. Mar. 14, 2025) (plaintiff violated Local Rules and page limits by "incorporating hundreds of pages of expert report by reference and providing no argument except 'read our expert's report.'"). Exhibit 02 has ***over twice as many words*** as the 10-page Motion.

The Court can and should deny Amazon's misguided Motion on this basis, in addition to the defects noted above. D. Del. LR 1.3(b) ("failure of counsel to comply with the Rules relating to motions may result in the determination of the motion against the offending party"); *see In re Joy Glob., Inc. f/k/a Harnischfeger Indus., Inc.*, 2011 WL 5865542, at *1 (D. Del. Nov. 22, 2011) (striking and denying motion that grossly exceeded the applicable page limits); *Globus Med., Inc. v. Life Spine, Inc.*, 2025 WL 2878532, at *2 (D. Del. May 14, 2025) (striking summary judgment motions for failure to comply with the local page/word limits).

**D. Amazon's Motion Also Fails On The Merits**

Amazon's Motion fails on the merits, as well. During the hearing on summary judgment, the Court admonished Amazon for not providing a book-by-book-analysis. *See* July 23, 2026 Tr. at 4:22-24 ("I can't do anything – you gave me six things and then you attached like 600. I looked through those 600 and I don't think they all have the same issue."). This was ultimately the basis for the Court denying summary judgment on all but six of the accused counterfeit books. *See* D.I. 390 at 15 (limiting analysis to the six books that Amazon included in its briefing). Amazon has once again failed to provide the Court with any individualized analysis of the accused books. As the Court noted during the hearing, "but truly, you did not give me enough. . . . Because there is lots of these that look very different to me. So I don't know what your argument is for most of the

600." July 23, 2026 Tr. at 6:26-7:8. Amazon did not do that in the original brief, did not do it at the hearing, and still has not done that in its Motion.

Amazon tries to right its past wrongs by providing cursory arguments as to why large swaths of books are "indistinguishable" from the books on which the Court has already ruled, claiming with no meaningful analysis that they "share features" and are "functionally identical."[3] *See* D.I. 395 at 6. A review of the books that Amazon now claims are "materially indistinguishable" from "INTERMITTENT FASTING for WOMEN over 60 + GOLO DIET COOKBOOK FOR SENIORS," however, shows that the only thing these books have in common is the prominent use of the registered GOLO mark, with the addition of almost illegible or irrelevant subtext.

Amazon tries to circumvent the Court's previous decision by lumping the books into arbitrary categories based on the meaning of the text surrounding the counterfeit mark (*i.e.*, "designated audience," "modifier," and "dated-edition")—not on the use of the GOLO mark ***in context.*** Not only was this argument not raised in its summary judgment briefs, this type of categorical grouping fails to answer the legal question at issue, *i.e.* whether, in context, an ordinary consumer would find the use of the word "GOLO" indistinguishable ***from the registered mark***. *See AstraZeneca AB v. Dr. Reddy's Labs., Inc.*, 209 F. Supp. 3d 744, 755 (D. Del. 2016).

Tellingly, Amazon does not explain how these generic descriptors obviate the use of the identical (*i.e.* counterfeit) GOLO mark. Amazon also does not discuss any other factors such as font, color, size, or design that might justify grouping the books together. Thus, Amazon's own analysis supports GOLO's position: the most prominent element in all of these book covers, and

---

[3] If each of the accused counterfeits is sufficiently similar as to be "functionally identical" to each other, it is difficult to see how they are not also using a mark that is "functionally identical" to the GOLO mark. This is also contrary to Amazon's position at oral argument "that [the books] do for the most part look very different." July 23, 2026 Tr. at 7:11-12.

therefore most relevant to consumers, is the GOLO trademark. A consumer could (and would) find the use of "GOLO" on each book cover indistinguishable from the GOLO trademark. At a minimum, Amazon's retroactive categorization only emphasizes that these arbitrary categories do not support a finding of summary judgment on each one of the books because Amazon's groupings are arbitrary and supported only by attorney argument. Indeed, as one example, Amazon has included at least one book, PX 1059 ("Super Easy GOLO Diet Cookbook") in two separate categories, highlighting the flaws in Amazon's afterthought characterization.

Amazon further errs in its reading of *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546 (E.D. Pa. 2019). *Lontex* arose out of a motion to dismiss, and there, the court found that the complaint did not allege sufficient context to state a viable claim for counterfeiting. The court thus dismissed this complaint for a pleading deficiency, and ***not*** because the marks were necessarily distinguishable as a matter of law. The *per se* rule urged by Defendants, that "a mark that differs from a registered mark by a few letters, let alone one or two words is not a counterfeit," does not follow from the cases cited by the lower court in *Lontex*. In each case, and consistent with the Third Circuit's *Lontex* analysis, the marks were so different that consumers viewing them in context would not consider the marks themselves to be substantially indistinguishable. *Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export Inc.*, 486 F. Supp. 2d 286 (S.D.N.Y. 2007) ("Colddate" vs. the registered "Colgate"); *Tovey v. Nike, Inc.*, 2013 WL 486341 (N.D. Ohio (2013) ("Boom" vs. the registered "Boom Yo!"); *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457 (S.D.N.Y. 2011) (the designer's name "Charlotte Solnicki" vs. the registered "Charlotte").

Importantly, the Third Circuit did not hold that simply adding random, generic, or descriptive words precluded a counterfeiting claim, but rather that "each of those product names ***also*** contained a Nike brand identifier such as 'Nike Pro' or 'Air Jordan' immediately before the

trademarked phrase. So consumers saw Nike's use of 'Cool Compression' in the context of Nike's iconic brands." *Lontex Corp. v. Nike, Inc.*, 107 F.4th 139, 159 (3d Cir. 2024) (emphasis in original). Therefore, it was the presence of the famous ***Nike*** brand identifier to the registered mark that justified dismissing the counterfeiting claim. Here, we see the opposite—the registered GOLO mark appears prominently in the titles of each book accompanied only by Amazon's use of generic words such as "diet" or "diet cookbook" and descriptors such as "ultimate" or "for seniors" with effectively irrelevant subtext. None of the books at issue here contain another well-known brand name in the title. Nor do the words "beginners," "ultimate," or "2024" rise to the level of the iconic Nike brand such that they would save these books from being counterfeit. *Lontex* does not support a *per se* rule that additional words defeat a counterfeiting claim without further analysis. Such a rule would eviscerate the anti-counterfeit provisions of the Lanham Act, allowing counterfeiters to sell products bearing descriptive words, *e.g.*, "ultimate Nike shoes for seniors" with impunity.

The true test is whether Amazon's books use an identical or substantially indistinguishable ***registered GOLO mark,*** not the manner in which Amazon adorns the product bearing that mark—the Lanham Act does not require that the counterfeit product look exactly like the trademark owner's authentic product. *See H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1027 (E.D. Wis. 2018) (the question is "whether the marks, not the goods, are substantially identical."). The court in *H-D U.S.A.* rejected defendants' generalizations about product quality, refused to "scour the record for evidence and argument helpful to [defendants]," and found on summary judgment that the goods were counterfeit.

> Because, in nearly every instance, though font sizes, colors, sizes, and shapes are altered, the words 'Harley–Davidson' or another of its word-marks appear, . . . While technically different in some respects, [defendant's]

> uses of the marks are substantially indistinguishable from the registered marks in terms of their appearance in context.

*Id* at 1028. Here, nearly all of the accused books show "GOLO" in an all-capital letter font, much larger than the additional subtext, making "GOLO" or "GOLO DIET" jump off the page and the additional arbitrary generic words inconsequential, as readily shown in the photos included in Amazon's Motion. *See, e.g.,* D.I. 395 at 6. At the very least there is a material issue of fact for the jury as to whether the addition of largely meaningless subscript constitutes "minor differences that would not be apparent to the typical consumer." *AstraZeneca AB*, 209 F. Supp. 3d at 755.

## CONCLUSION

All of the facts on which Amazon now relies were available during their initial motion. Amazon is not seeking reconsideration; it seeks to recoup a lost opportunity. Amazon's Motion must be denied.

Dated: October 22, 2026

**MCCARTER & ENGLISH, LLP**

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: 302-9846300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff GOLO, LLC*

Of Counsel:

James H. Donoian
MCCARTER & ENGLISH, LLP
250 West 55th St., 13th Floor
New York, NY 10019
Jdonoian@Mccarter.com

Alexander T. Hornat
Leah R. McCoy
MCCARTER & ENGLISH, LLP
265 Franklin St.
Boston, MA 02110
ahornat@mccarter.com
lmccoy@mccarter.com

Desiree Grace
MCCARTER & ENGLISH, LLP
Four Gateway Center,
100 Mulberry Street
Newark, NJ 07102
T: 973.849.4196
dgrace@mccarter.com

Steven K. Eisenberg
STERN & EISENBERG
1581 Main St., Suite 200
Warrington, PA 18976
seisenberg@sterneisenberg.com