**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GOLO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and<br>AMAZON.COM SERVICES LLC<br><br>Defendants. | C.A. No. 23-1200-MN |

**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. THE PARTIES AND THEIR CONTENTIONS .......... 2
III. DUTIES OF THE JURY .......... 3
IV. EVIDENCE .......... 4
V. DIRECT AND CIRCUMSTANTIAL EVIDENCE .......... 6
VI. CREDIBILITY OF WITNESSES .......... 7
VII. EXPERT TESTIMONY .......... 8
VIII. BURDEN OF PROOF .......... 9
IX. CONDUCT OF THE JURY .......... 10
X. COURSE OF THE TRIAL .......... 13
XI. SIDEBARS .......... 14
XII. CONFIDENTIAL LABELS AND REDACTIONS .......... 15
XIII. TRIAL SCHEDULE .......... 16

## I. INTRODUCTION

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and on your role as jurors.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. I will additionally give you some preliminary instructions to assist you in discharging your duties as jurors.

## II. THE PARTIES AND THEIR CONTENTIONS

The plaintiff in this case is GOLO, LLC. I will refer to the plaintiff as "GOLO" or "plaintiff."

The defendants in this case are Amazon.com, Inc. and Amazon.com Services LLC. I will refer to the defendants collectively as "Amazon" or "defendants."

GOLO claims that Amazon has violated laws relating to trademark infringement, trademark counterfeiting, false advertising, deceptive trade practices, dilution, and unfair competition in connection with its advertising and sale of products bearing GOLO's trademarks. Amazon denies all of GOLO's claims. The jury will be asked to decide whether Amazon has violated any of these laws and the damages, if any, suffered by GOLO.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## III. DUTIES OF THE JURY[1]

Let me now turn to the general rules that will govern the discharge of your duties as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

[1] Third Circuit Model Jury Inst. 1.1, 3.1 (03/2026).

## IV. EVIDENCE[2]

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is

[2] Third Circuit Model Jury Inst. 1.5 (03/2026).

requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## V. DIRECT AND CIRCUMSTANTIAL EVIDENCE[3]

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

[3] Third Circuit Model Jury Inst. 1.6 (03/2026).

## VI. CREDIBILITY OF WITNESSES[4]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[4] Third Circuit Model Jury Inst. 1.7 (03/2026).

## VII. <u>EXPERT TESTIMONY</u>[5]

You will hear testimony containing opinions from expert witnesses. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of the expert witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of their income from testifying in court.

---

[5] Third Circuit Model Jury Inst. 2.11 (03/2026).

## VIII. BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case such as this, the burden of proof is called "preponderance of the evidence."

GOLO has the burden of proving its claims and the amount of its money damages, if any, by what is called a preponderance of evidence. GOLO also contends that Amazon's actions were willful, which also requires proof by a preponderance of evidence. That means that you have to find that GOLO has been able to show you evidence that, when considered in light of all of the facts, leads you to believe that what GOLO claims is more likely true than not. To put it differently, if you were to put the evidence of GOLO and Amazon on opposite sides of a scale, the evidence supporting GOLO's claims would make the scales tip somewhat on GOLO's side. If the scale should remain equal or tip in favor of Amazon, you should find for Amazon.

On certain issues called affirmative defenses, Amazon has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on an affirmative defense. An affirmative defense is proven if you find, after considering all the evidence in the case, that Amazon has succeeded in proving that the required facts are more likely so than not so.[6]

Some of you may have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard of proof that only applies in criminal cases. It does not apply in civil case such as this. You should therefore not consider it in this case and put it out of your mind.

---

[6] Third Circuit Model Jury Inst. 1.10 (03/2026).

## IX. CONDUCT OF THE JURY[7]

Now a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or posting of any kind, including e-mail, instant messages, text messages, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, YouTube, Instagram, Snapchat, X, and TikTok.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. That is why you are asked to wear your juror tags. It shows that you are someone who is

---

[7] Third Circuit Model Jury Inst. 1.3 (03/2026).

not to be approached in any way. If anyone should try to talk to you about it, bring this to the Court's attention promptly.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television relating to this case, do not read the article or watch or listen to the report. . In addition, do not try to do any independent research or investigation about the case on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any sources outside the confines of this Courtroom.

Again, do not reach any conclusion on the claims and defenses until of all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, you may, but are not required to, take notes regarding testimony; for example, exhibit numbers, impressions of witnesses, or other things related to the proceedings.

A word of caution is in order. There is generally, I think, a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to

review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

In addition, please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations. If you do take notes, you must leave them in the jury deliberation room, which is secured at the end of each day. And remember that they are for your own personal use.

## X. COURSE OF THE TRIAL

The trial will now begin. First, GOLO may make an opening statement outlining its case. Then Amazon may make an opening statement outlining its case. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove and is presented to help you follow the evidence as it is offered.

After the opening statements, GOLO will present its witnesses, and Amazon may cross-examine them. Amazon then will present its witnesses, and GOLO may cross-examine them. GOLO also may present rebuttal witnesses, and if GOLO does so, then Amazon may cross-examine them.

After all the evidence is in, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you and to tie the evidence to their story. I will also give you detailed final instructions on the law and a verdict sheet and will describe for you the matters you must resolve. You will then retire to the jury room to deliberate on your verdict.

## XI. SIDEBARS[8]

During the trial it may be necessary for me to talk with the attorneys out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[8] Third Circuit Model Jury Inst. 1.4 (03/2026).

## XII. CONFIDENTIAL LABELS AND REDACTIONS

In the course of this case, the parties entered into an agreement that would protect each party's confidential business information from disclosure to the public or third parties. Under that agreement, the parties have added confidentiality labels to their documents, and in some cases, have redacted information from documents to protect the confidential nature of the information. You may see documents with confidentiality labels or redactions during the course of the trial. The use of confidentiality labels and redactions has no bearing on the evidence and should not be construed in any way against any party.

## XIII. TRIAL SCHEDULE

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 7 business days to try, between now and next Tuesday, December 15th.

We will normally begin the day at 9:00 a.m. There will be a lunch break and at least one break every morning and at least one break every afternoon. We will conclude each day by 5:00 p.m.

What I have just outlined is the general schedule. It is possible there will be some interruptions as I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Finally, please understand that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by Tuesday, December 15th. Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.