**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GOLO, LLC,

Plaintiff,

v.

AMAZON.COM, INC., and
AMAZON.COM SERVICES LLC

Defendants.

C.A. No. 23-1200-MN

**[AMAZON'S PROPOSED] VERDICT FORM[1]**

PAID ADVERTISEMENTS – TRADEMARK INFRINGEMENT AND FALSE ADVERTISING

**Question 1:**

Has GOLO proved by a preponderance of the evidence that Amazon has committed trademark infringement in connection with any paid advertisements?

| **Allegedly Infringing Paid Advertisements[2]** | **Answer** |
|---|---|
| [Insert exhibit number and title of each allegedly infringing paid advertisement admitted into evidence (separate row for each advertisement).] | Yes _______ No _______<br><br>If you answered "Yes," has Amazon proved by a preponderance of the evidence that its use of GOLO's trademark is fair use?[3] |

[1] Amazon did not include claims for which GOLO is seeking only equitable remedies, as stated in its Summary of Claims (D.I. 328) (i.e., GOLO's book-based theories of false advertising and Delaware state law claims), or Amazon's defenses to such claims, including its CDA defense. Amazon reserves the right to amend its proposed verdict form to reflect the Court's rulings on those issues and any other issues impacting the scope of the jury's verdict.

[2] *See, e.g.*, Amended Verdict Form, *Apple Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-1846-LHK D.I. 1931 (N.D. Cal. Aug. 24, 2012) (requiring product-by-product infringement verdict in trade dress case).

[3] *See Century 21 Real Estate Corp. v. LendingTree, Inc.*, 425 F.3d 211, 222, 225-26, 231-32 (3d Cir. 2005) (adopting a "two-step approach in nominative fair use cases" under which "[t]he plaintiff must first prove that confusion is likely due to the defendant's use of plaintiff's mark," after which "the burden then shifts to defendant to show that its nominative use of plaintiff's mark is nonetheless fair;" explaining that the bifurcated approach "tests for confusion and fairness in separate inquiries in order to distribute the burden of proof appropriately between the parties at each stage of the analysis;" and directing that the confusion inquiry focus on "the manner in which

| | |
|---|---|
| | Yes _______ No _______ |

*If you answered "Yes" to infringement and "No" to fair use for any of the Allegedly Infringing Paid Advertisements listed above, proceed to Question 2. Otherwise, skip Questions 2-3 and proceed to Question 4.*

**Question 2:**

What amount of money should GOLO receive as a result of the harm it suffered from Amazon's trademark infringement related to paid advertisements?

$ ________________________________________

*Proceed to Question 3.*

**Question 3:**

Has GOLO proved by a preponderance of the evidence that Amazon's trademark infringement related to paid advertisements was willful?

Yes _______ No _______

*Proceed to Question 4.*

**Question 4:**

Has GOLO shown by a preponderance of the evidence that Amazon made literally false or misleading statements in its paid advertisements?

Yes _______ No _______

*If you answered "Yes" to Question 4, proceed to Question 5. If you answered "No" to Question 4, skip Questions 5-10 and proceed to Question 11.*

**Question 5:**[4]

Has GOLO shown by a preponderance of the evidence that customers were actually deceived by any literally false or misleading statements in Amazon's paid advertisements?

---

the mark is being nominatively employed"); *see also id.* at 215-16, 230-31 (identifying four distinct challenged uses of the marks and directing the district court to examine "the precise way" in which the defendant's statements may have implied sponsorship or endorsement).

[4] *See, e.g.*, Jury Interrogatories, *Penn Eng'g & Mfg'g Corp. v. Peninsula Components, Inc.*, Case 2:19-cv-00513-GAM, D.I. 462 (filed 11/04/24) (requiring separate questions for each element of false advertising).

Yes _______ No _______

*If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, skip Questions 6-10 and proceed to Question 11.*

**Question 6:**

Has GOLO shown by a preponderance of the evidence that any literally false or misleading statements in Amazon's paid advertisements were material, in that they were likely to influence customers' purchasing decisions?

Yes _______ No _______

*If you answered "Yes" to Question 6, proceed to Question 7. If you answered "No" to Question 6, skip Questions 7-10 and proceed to Question 11.*

**Question 7:**

Has GOLO shown by a preponderance of the evidence that it has been injured in terms of declining sales, loss of goodwill, or similar harm as a result of any literally false or misleading statements in Amazon's paid advertisements?

Yes _______ No _______

*If you answered "Yes" to Question 7, proceed to Question 8. If you answered "No" to Question 7, skip Questions 8-10 and proceed to Question 11.*

**Question 8:**

Has Amazon proved by a preponderance of the evidence that its use of GOLO's trademarks in the paid advertisements you found to be literally false or misleading is fair use?

Yes _______ No _______

*If you answered "Yes" to Question 8, skip Questions 9-10 and proceed to Question 11. If you answered "No" to Question 8, proceed to Question 9.*

**Question 9:**

What amount of money should GOLO receive as a result of the harm it suffered from Amazon's false advertising related to paid advertisements? If you awarded an amount in response to Question 2, you should not award any additional amount here.[5]

---

[5] *See Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1102 (3d Cir.1995) (recognizing that a party is not permitted to recover twice under multiple theories for the same injury).

$ ________________________________________

*Proceed to Question 10.*

**Question 10:**

Has GOLO proved by a preponderance of the evidence that Amazon's false advertising related to paid advertisements was willful?

Yes _______ No _______

*Proceed to Question 11.*

ORGANIC SEARCH-ENGINE RESULTS – TRADEMARK INFRINGEMENT

**Question 11:**

Has GOLO proved by a preponderance of the evidence that Amazon has committed trademark infringement in connection with any organic search results?

| **Allegedly Infringing Organic Search Results** | **Answer** |
|---|---|
| [Insert exhibit number and title for each allegedly infringing organic search result admitted into evidence (separate row for each search result).] | Yes _______ No _______<br><br>If you answered "Yes," has Amazon proved by a preponderance of the evidence that its use of GOLO's trademark is fair use?<br><br>Yes _______ No _______ |

*If you answered "Yes" to infringement and "No" to fair use for any of the Allegedly Infringing Organic Search Results listed above, proceed to Question 12. Otherwise, skip Questions 12-13 and proceed to Question 14.*

**Question 12:**

What amount of money should GOLO receive as a result of the harm it suffered from Amazon's trademark infringement related to organic search results?

$ ________________________________________

*Proceed to Question 13.*

**Question 13:**

Has GOLO proved by a preponderance of the evidence that Amazon's trademark infringement related to organic search results was willful?

Yes _______ No _______

*Proceed to Question 14.*

BOOKS – TRADEMARK INFRINGEMENT AND COUNTERFEITING

**Question 14:**

Has Amazon proved by a preponderance of the evidence that GOLO's book-based claims would require Amazon to pre-screen and verify the titles, content, author information, or descriptions of books Amazon sells but does not author or publish?

Yes _______ No _______

*If you answered "Yes" to Question 14, skip Questions 15-21 and proceed to the last page to sign and date the Jury Verdict. If you answered "No" to Question 14, proceed to Question 15.*

**Question 15:**

Has GOLO proved by a preponderance of the evidence that Amazon has committed trademark infringement by selling or offering for sale any of the following books?

| **Allegedly Infringing Books** | **Answer** |
|---|---|
| [Insert exhibit number and title for each allegedly infringing book admitted into evidence (separate row for each book).] | Yes _______ No _______<br><br>If you answered "Yes," has Amazon proved by a preponderance of the evidence that its use of GOLO's trademark is fair use?<br><br>Yes _______ No _______ |

*If you answered "Yes" to infringement and "No" to fair use for any of the Allegedly Infringing Books, proceed to Question 16. Otherwise, skip Questions 1-21 and proceed to the last page to sign and date the Jury Verdict.*[6]

**Question 16:**

Has Amazon proved by a preponderance of the evidence that the infringing book titles (i.e., the titles for which you answered "Yes" to infringement and "No" to fair use in response to Question 14) use the term "GOLO" in a non-source-identifying way that has artistic relevance and is not explicitly misleading?

Yes _______ No _______

*If you answered "Yes" to Question 16, skip Question 17-21 and proceed to the last page to sign*

[6] *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020) (holding counterfeiting claim requires a showing of likelihood of confusion under 15 U.S.C. § 1114 and citing cases from other Circuits that agree).

*and date the Jury Verdict. If you answered "No" to Question 16, proceed to Question 17.*

**Question 17:**

Has GOLO proved by a preponderance of the evidence that Amazon's trademark infringement related to the sale of books was willful?

Yes _______ No _______

*Proceed to Question 18.*

**Question 18:**

Has GOLO proved by a preponderance of the evidence that Amazon has committed trademark counterfeiting?

| **Allegedly Counterfeit Books** | **Answer** |
|---|---|
| [Insert exhibit number and title for each allegedly counterfeit book admitted into evidence (separate row for each book).] | Yes _______ No _______<br><br>If you answered "Yes," has Amazon proved by a preponderance of the evidence that its use of GOLO's trademark is fair use?<br><br>Yes _______ No _______ |

*If you answered "Yes" to counterfeiting and "No" to fair use for any of the Allegedly Counterfeit Books, proceed to Question 19. Otherwise, skip Questions 19-21 and proceed to the last page to sign and date the Jury Verdict.*

**Question 19:**

Has GOLO proved by a preponderance of the evidence that Amazon's trademark counterfeiting was willful?

Yes _______ No _______

*If you answered "Yes" to Question 19, proceed to Question 20. If you answered "No" to Question 19, skip Question 20 and proceed to Question 21.*

**Question 20:**

If you found that Amazon's trademark counterfeiting was willful, what amount of statutory damages between $1,000 and $2,000,000 is appropriate to award GOLO for Amazon's counterfeiting?

$ ________________________________________

*If you answered Question 20, skip Question 21 and proceed to the last page to sign and date the Jury Verdict.*

**Question 21:**

If you found that Amazon's trademark counterfeiting was not willful, what amount of statutory damages between $1,000 and $200,000 is appropriate to award GOLO for Amazon's counterfeiting?

$ ________________________________________

**Please sign and date the Jury Verdict below.**

| | |
|---|---|
| ______________________ Foreperson | ______________________ Juror |
| ______________________ Juror | ______________________ Juror |
| ______________________ Juror | ______________________ Juror |
| ______________________ Juror | ______________________ Juror |

Date:____________________